UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA ZABAR,

                Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MARISOL ROSALES, SUPERINTENDENT OF HIGH SCHOOLS OF DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; SARI PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN,

                Defendants.

**AMENDED COMPLAINT**

**ECF CASE**

18 Civ. 6657 (PGG)

**JURY TRIAL DEMANDED**

    Plaintiff MAYA ZABAR, by her attorneys, GLASS KRAKOWER LLP, as and for her Amended Complaint against Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for violations of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, based on disability discrimination and retaliation for filing a protected EEOC charge against Defendants.

    2.    Plaintiff also brings this action based upon Defendants' violations of 42 U.S.C. §1983 based on retaliation for her First Amendment protected union speech and associational activities.

1

3. Plaintiff seeks compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal, state, and city law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

5. This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the headquarters of the NYCDOE is located at 52 Chambers Street, New York, NY 10007.

6. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Plaintiff filed a discrimination charge with the U.S. Equal Employment Opportunity Commission (EEOC) on or about March 15, 2018, and received a Right to Sue letter, dated April 26, 2018, which is annexed as Exhibit A.

## PARTIES

8. Plaintiff is a resident of the County of Queens and the State of New York.

9. At all times relevant herein, Plaintiff was and is an English teacher with the New York City Department of Education ("NYCDOE") employed at the High School of Art and Design in Manhattan.

10. At all times relevant herein, Defendant NYCDOE (formerly New York City Board of Education) is a public-school district within the State of New York.

11. At all times relevant herein, Defendant Marisol Rosales was the Superintendent of District 2 within the NYCDOE, who condoned Defendant Ureña's hostile

and retaliatory behaviors towards Plaintiff. She is sued in her official and individual capacities.

12. At all times relevant herein, Defendant Manuel Ureña was the Principal of the High School of Art and Design in Manhattan. He is sued in his official and individual capacities.

13. At all times relevant herein, Defendant Lynn Rosales was the Assistant Principal of English with the High School of Art and Design in Manhattan. She is sued in her official and individual capacities.

14. At all times relevant herein, Defendant Sari Perez was the Assistant Principal of Organization with the High School of Art and Design in Manhattan. She is sued in her official and individual capacities.

## STATEMENT OF FACTS

15. Plaintiff began teaching with Defendant NYCDOE in September 2008 as an English teacher.

16. Plaintiff has been diagnosed with the disabilities of major depression and generalized anxiety disorder since 2011. Defendants were informed of her disabilities as early as the summer of 2016 when she asked Principal Ureña for a room changes based on PTSD (post traumatic stress disorder) symptoms. Principal Ureña agreed to switch her room based on her disability related request.

17. Plaintiff has taught English with the NYCDOE for six years at the High School of Art and Design in Manhattan, NY. Plaintiff has taught approximately ten years with the NYCDOE, including at Stuyvesant High School in Manhattan.

18. Defendant Principal Manuel Ureña became principal of the High School of Art and Design in January 2016.

19. Plaintiff consistently received Satisfactory or Effective ratings from the beginning of her employment through the end of the 2015-16 school year.

20. In June 2016, Plaintiff was rated Effective overall on her final annual performance rating for the 2015-16 school year under Principal Ureña.

21. In June 2016, Plaintiff was selected to represent the English department teachers at the school for her union, the United Federation of Teachers ("UFT"), as part of the school's union executive board, beginning in the 2016-17 school year. In that capacity, she assisted the school's UFT chapter leader with various issues English teachers were having with the school administration, and appeared at monthly consultation committee meetings with the principal and other school administrators, where the union executive board meets with the principal in an attempt to resolve issues at the school.

22. Since joining the union executive board, Plaintiff has been very outspoken against the policies of Defendant Principal Ureña on behalf of teachers at the monthly consultation meetings between the union and administrators at her school.

23. Over the summer of 2016, Plaintiff requested a change of her classroom. When asked by Defendant Ureña for the basis of her request, Plaintiff explained that she was diagnosed with generalized anxiety disorder, and her assigned room was a trigger to her mental health condition.

**2016-17 School Year**

24. In September 2016, Plaintiff informed Defendant Assistant Principal Lynn Rosales that she was diagnosed with generalized anxiety disorder in addition to major

4


depression at a face to face meeting when she requested that Plaintiff change the film history curriculum in three days' time. Plaintiff requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email. In response at that time, Defendant Rosales merely shrugged her shoulders, but did not inform Plaintiff that she needed to submit a formal request for a reasonable medical accommodation for this to occur.

25. Despite Plaintiff's request to Defendant Rosales, Defendants refused to put many school-related requests in writing to Plaintiff. In response, Plaintiff repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications to be placed in writing as part of her disability. Defendants continued and continue to date to ignore Plaintiff's requests.

26. Shortly after joining the union executive board and informing Defendant Lynn Rosales of her medical conditions in September 2016, Plaintiff began experiencing harassment and retaliation from her school administration.

27. The union executive board met, on average, once a month, beginning in September 2016, for monthly consultation meetings. During these meetings, Plaintiff was very outspoken regarding issues pertaining to her administration. In particular, based on requests from teachers at the school, Plaintiff vocalized issues before administration regarding the changed student session schedules, the elimination of a second-year language requirement, and an SAT prep course, and issues regarding the heating, ventilation, and air conditioning at the school.

28. In or around early November 2016, Plaintiff reported to Alice O'Neil, UFT district representative, that Defendant Lynn Rosales was failing to report to and teach her

assigned Advanced Placement (AP) classes. Additionally, Plaintiff reported that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices.

29. Following Plaintiff's outspoken participation at the monthly executive board meetings with the school administration and her report of Defendant Lynn Rosales about not teaching her classes, Plaintiff received her first ever disciplinary letters to file from her school's administration, dated November 5, 2016, and November 17, 2016.

30. Notably, the basis of the November 17, 2016 disciplinary letter centered around Plaintiff's conversation with UFT District Representative O'Neal in November 2016 about AP Rosales not teaching her classes. Indeed, in the disciplinary letter, Defendant Ureña noted that Sari Perez, Assistant Principal of Organization, overheard Plaintiff's conversation with Ms. O'Neal about Rosales not doing her job correctly.

31. Within a month of Plaintiff's report to UFT District Representative O'Neil, Defendant Lynn Rosales was subsequently removed from all of her assigned AP classes.

32. Plaintiff continued to attend monthly union executive board meetings with school administration after school, and vocally expressed displeasure with the administration's treatment of students and staff at the school throughout the 2016-17 school year.

33. On November 22, 2016, Plaintiff received a retaliatory and unwarranted less-than-effective written evaluation report for a classroom evaluation that was conducted on October 13, 2016. This was the first time in Plaintiff's career that she had received a less-than-effective evaluation.

34. Plaintiff filed an APPR union grievance challenging her November 22, 2016 evaluation report, which eventually led to the expungement of the evaluation report because Principal Ureña did not write the evaluation report properly.

35. Plaintiff received another unwarranted less-than-effective written evaluation report on February 8, 2017, for an observation conducted on December 12, 2016.

36. Plaintiff received another unwarranted less-than-effective written evaluation report on June 7, 2017, for an observation conducted on March 22, 2017.

37. Plaintiff received a third unwarranted less-than-effective written evaluation report on May 18, 2017, for an observation conducted on March 24, 2017.

38. Plaintiff received a fourth unwarranted less-than-effective written evaluation report on June 21, 2017, for an observation conducted on May 30, 2017.

39. Plaintiff also received two unwarranted disciplinary letters to file on February 27, 2017 and April 19, 2017.

40. At the conclusion of the 2016-17 school year, Plaintiff received her first ever Developing rating on her "Measures of Teachers Performance" ("MOTP"), which is part of a teacher's overall annual rating. However, Plaintiff eventually received an Effective overall annual rating due to her students' Effective test scores.

**2017-18 School Year**

41. Plaintiff remained on the union executive board for the 2017-18 school year and continued to be vocal at the monthly consultation meetings with school administration as an advocate for teachers in her department and within the school.

42. On or about September 6, 2017, Plaintiff received another unwarranted disciplinary letter to file from Principal Ureña.

43. On September 29, 2017, which was Yom Kippur—the most sacred Jewish holiday—Plaintiff and other Jewish teachers were denied permission by Defendant Principal Ureña to leave school early to observe the holiday. Additionally, students have reported to Plaintiff a substantial increase in the number of found swastikas in the school since Principal Ureña arrived at the school.

44. Further, Plaintiff remarkably received an Ineffective rating on content knowledge in an observation report when she was teaching the novel *Night* about the Holocaust. The administration heard her tell her personal history about the Holocaust at an executive board meeting, and yet she was rated ineffective on the lesson for content knowledge.

45. On December 8, 2017, Plaintiff received an unwarranted less-than-effective written evaluation report for an observation conducted on October 2, 2017. Plaintiff filed an APPR challenging her December 8, 2017 evaluation report, which led to the expungement of the evaluation because of a procedural error.

46. In or around December 2017, Plaintiff communicated frequently with her administration regarding an academic art show that she was coordinating and planning with students. Invitations were emailed to parents about the opening evening of the art show. On the day of the opening, Plaintiff was informed that the opening was cancelled because administration scheduled a meeting there. Neither Defendant Lynn Rosales nor Defendant Ureña attended the rescheduled academic art show date.

47. On or about February 5, 2018, Plaintiff received an unwarranted less-than-effective written evaluation report for an observation conducted on November 27, 2017.

48. On or about February 5, 2018, Plaintiff received another unwarranted less-than-effective written evaluation report for an observation conducted on December 14, 2017.

49. On February 16, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming disability discrimination.

50. Since filing the disability discrimination charge on February 16, 2018, Plaintiff has been subject to additional acts of retaliation.

51. On or about March 16, 2018, Plaintiff received an unwarranted disciplinary letter to file from Defendant AP Perez, which caused her pay to be docked for leaving school early to attend and testify at a February 2, 2018 hearing for the DOE Office of Special Investigations ("OSI") against Principal Ureña about how he handled a school bullying incident involving a student at the school.

52. On or about May 7, 2018, Plaintiff received another ineffective observation conducted on May 1, 2018.

53. On or about May 31, 2018, Plaintiff received another ineffective observation conducted on May 9, 2018.

54. Plaintiff also received three additional disciplinary letters to file on May 2, 2018, from AP Lynn Rosales.

55. Plaintiff requested and received a right to sue letter from the EEOC, dated April 26, 2018. A copy of the EEOC right to sue letter is annexed as Exhibit A.

56. On June 22, 2018, Plaintiff received a disciplinary letter for poor attendance from AP Perez, for absences which were based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her.

57. Plaintiff was not told what she would be teaching for the 2018-19 school year. In past years, she was told of her assignments for the following school year before the end of the present school year.

58. Plaintiff received an Ineffective overall rating on her Measures of Teacher Performance annual score for the 2017-18 school year in late June 2018.

59. In September 2018, Plaintiff learned that her MOSL score was Effective and she finished with a Developing overall rating for the 2017-18 school year. The Developing overall rating, the first of her teaching career, would make her subject to a burdensome Teacher Improvement Plan for the 2018-19 school year.

60. On September 7, 2018, Plaintiff was served Section 3020-a disciplinary charges seeking termination of her employment, which are still pending to date.

61. On September 17, 2018, Plaintiff was reassigned from the school without any teaching duties. Plaintiff is no longer eligible for per session work based on her reassigned status.

## FIRST CAUSE OF ACTION

### (Against Defendant NYCDOE for Violation of ADA – Denial of Reasonable Accommodation)

62. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

63. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the ADA by denying Plaintiff reasonable accommodations. Defendants further never informed Plaintiff of her right to file a formal and official reasonable accommodation request.

64. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Against Defendant NYCDOE for Violation of ADA –Hostile Work Environment and Retaliation Based on Disability)

65. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

66. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the ADA by retaliating against Plaintiff for her reasonable disability accommodation requests as well as the filing of an EEOC protected charge, in the form of poor observations and annual ratings, disciplinary letters to file, Section 3020-a disciplinary charges threatening termination of her employment, and subjecting her to a severe and pervasive hostile work environment.

67. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Against all Defendants-Retaliation Pursuant to 42 U.S.C. Section 1983 for First Amendment Protected Association and Speech)

68. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

69. While acting under the color of State Law, Defendants violated Plaintiff's First Amendment rights pursuant to 42 U.S.C. Section 1983 by retaliating against her in the form of poor observations and annual ratings, and disciplinary letters to file, Section 3020-a charges threatening termination of her employment and subjecting her to a hostile work environment,

for exercising her freedom of speech as a citizen with regard to her speaking up as a member of the School's consultation committee by advocating for other members on various union issues in front of school administration, including but not limited to swastikas in the school, advocating for grievances for other staff members, reporting her supervisor Lynn Rosales for not teaching her classes, and other work conditions, such as lack of air conditioning, inadequate supplies, and security issues in the school.

70. As a result, Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

**(Against Individual Defendants for Violation of New York State Human Rights Law – Discrimination, Hostile Work Environment, and Retaliation)**

71. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

72. Based on the foregoing acts, the individual defendants have engaged in a pattern of a hostile work environment, disability discrimination, and retaliation, through issuing Plaintiff, *inter alia,* poor observations and ratings and disciplinary letters to file, and Section 3020-a charges threatening termination of her employment, in violation of disability under the New York State Human Rights (Executive) Law.

### FIFTH CAUSE OF ACTION

**(Individual Claims against all Defendants for Violation of New York City Human Rights Law – Discrimination, Hostile Work Environment, Retaliation)**

73. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

74. Based on the foregoing acts, the individual defendants have engaged in a pattern of a hostile work environment, disability discrimination, and retaliation, through

issuing Plaintiff, *inter alia,* poor observations and ratings and disciplinary letters to file, and Section 3020-a charges threatening termination of her employment, in violation of disability under the New York City Human Rights Law.

## JURY DEMAND

75. Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

    a. Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal, state and city law prohibiting discrimination, hostile work environment, and retaliation in employment;

    b. Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including her compensation and privileges;

    c. Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

    d. Punitive damages against one or all of the Defendants;

    e. Statutory attorneys' fees, interest, costs, and disbursements, and

    f. For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:   New York, New York
         October 4, 2018

                              GLASS KRAKOWER LLP
                              100 Church Street, Suite 800
                              New York, NY 10007
                              (212) 537-6859

                       By:    _____/s/ Bryan Glass_____
                              BRYAN D. GLASS, ESQ.

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Maya Zabar<br>99-72 66th Road<br>Rego Park, NY 11374 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-02753 | Mabel Tso,<br>Investigator | (212) 336-3762 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_        April 26, 2018

Kevin J. Berry,<br>District Director      (Date Mailed)

Enclosures(s)

| cc: | Respondent:<br>NYC DEPARTMENT OF EDUCATION<br>Office of Legal Services - Toni Gantz, Deputy Counsel<br>52 Chambers Street Room 308<br>New York, NY 10007 | Charging Party's Attorney:<br>Bryan D. Glass<br>Glass Krakower<br>100 Church Street, Suite 800<br>New York, NY 10007 |
|---|---|---|

Enclosure with EEOC