No.  18 CV 6657 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA ZABAR,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION;  MARISOL  ROSALES,
SUPERINTENDENT  OF  HIGH  SCHOOLS  OF
DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF
HIGH SCHOOL OF ART AND DESIGN; LYNN
ROSALES,  ASSISTANT  PRINCIPAL  OF  HIGH
SCHOOL OF ART AND DESIGN; SARI PEREZ,
ASSISTANT PRINCIPAL OF HIGH SCHOOL OF
ART AND DESIGN,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-316*
*New York, New York  10007*

*Of Counsel:  Samantha P. Turetsky*
*Tel.:  (212) 356-2451*
*Matter No.:  2018-057439*

Danielle M. Dandrige,
Samantha P. Turetsky,
    Of Counsel.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT .................................................................................................................. 6

       POINT I ........................................................................................................... 6

       POINT II .......................................................................................................... 7

       POINT III ......................................................................................................... 7

       POINT IV ......................................................................................................... 8

       POINT V .......................................................................................................... 9

       POINT VI ........................................................................................................ 15

       POINT VII ....................................................................................................... 20

CONCLUSION............................................................................................................... 25

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amorosi v. South Colonie Ind. Cent. School Dist.,
  9 N.Y.3d 367 (2007) .................................................................................................8

Andino v. Fischer,
  No. 08 CV 558 (VM)(RLE), 2009 U.S. Dist. LEXIS 126042, (S.D.N.Y. Dec.
  18, 2009) ....................................................................................................9, 10

Ashcroft v. al-Kidd,
  563 U.S. 731 (2011)...............................................................................................16

Askin v. Dept. of Educ. of the City of N.Y.,
  110 A.D.3d 621 (1st Dep't 2013) .....................................................................21, 24

Catanzaro v. City of N.Y.,
  No, 10-CV-1825, 2011 U.S. Dist. LEXIS 9623 (S.D.N.Y. Jan. 24, 2011) ............14

Chin v. N.Y.C. Hous. Auth.,
  106 A.D.3d 443 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014).............23

Clark Co. Sch. Dist. v. Breeden,
  532 U.S. 268 (2001)...............................................................................................13

Collins v. City of New York,
  No. 15 CV 5008 (VEC), 2016 U.S. Dist. LEXIS 3062 (S.D.N.Y. Jan. 11,
  2016) .........................................................................................................................8

Dollinger v. New York State Ins. Fund,
  726 F. App'x 828 (2d Cir. 2018) ...........................................................................11

EEOC v. Bloomberg L.P.,
  967 F. Supp. 2d 816 (S.D.N.Y. 2013).....................................................................24

Floyd v. New York City Dep't of Educ.,
  No. 10 CV 8951, 2014 U.S. Dist. LEXIS 5870 (S.D.N.Y. Jan. 13, 2014) ..............8

Forman v City of NY,
  No. 14 CV 6282 (LTS), 2017 U.S. Dist. LEXIS 45538 (S.D.N.Y. Mar. 27,
  2017) .........................................................................................................................6

Forrest v. Jewish Guild for the Blind,
  3 N.Y.3d 295 (2004) ..............................................................................................24

Galimore v. City Univ. of N.Y. Bronx Cmty. College,
    641 F. Supp. 2d 269 (S.D.N.Y. 2009) ............................................................... 13, 14

George v. Professional Disposables Intl., Inc.,
    No. 15 CV 03385 (RA)(BCM), 2016 U.S. Dist. LEXIS 72912 (S.D.N.Y. June
    1, 2016) ............................................................................................................... 10

Gibbs v. City of New York,
    No. 02 CV 2424 (LB), 2005 U.S. Dist. LEXIS 3169 (E.D.N.Y. Jan. 14, 2005) .................... 22

Hernandez v. New York City Dep't of Sanitation,
    No. 18 CV 1808 (LGS), 2018 U.S. Dist. LEXIS 184906 (S.D.N.Y. Oct, 29,
    2018) ............................................................................................................... 13, 15

Kalola v. IBM,
    No. 13 CV 7339 (VB)(LMS), 2017 U.S. Dist. LEXIS 29945 (S.D.N.Y. Feb.
    28, 2017) ............................................................................................................ 10

Kamen v. Berkeley Coop. Towers Section II Corp.,
    98 A.D.3d 1086 (2d Dep't 2012) ....................................................................... 21

Kleinman v Fashion Inst. of Tech.,
    No. 16 CV 4348 (KPF), 2017 U.S. Dist. LEXIS 109744 (S.D.N.Y. July 14,
    2017) ............................................................................................................... 6, 12

Lane v. Franks,
    134 S. Ct. 2369 (2014) ....................................................................................... 16

Lewis v. Cowen,
    165 F.3d 154 (2d Cir. 1999) ............................................................................... 16

Llanos v. City of New York,
    129 A.D.3d 620 (1st Dep't 2015) ....................................................................... 24

Lynch v. Ackley,
    811 F.3d 569 (2d Cir. 2016) ............................................................................... 17

Massaro v. Dept. of Educ. of the City of N.Y.,
    121 A.D.3d 569 (1st Dep't 2014) ....................................................................... 21

Missel v. County of Monroe,
    351 Fed. Appx. 543 (2d Cir. 2009) ..................................................................... 15

Mitchell v. Macy's, Inc.,
    No. 17 CV 1485 (AT)(SN), 2018 U.S. Dist. LEXIS 165613 (S.D.N.Y. Sep.
    25, 2018) ........................................................................................................... 7, 10

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978)....................................................................................................15

Montero v. City of Yonkers,
    890 F.3d 386 (2d Cir 2018)..............................................................16, 17, 18, 19

Monterroso v. Sullivan & Cromwell, LLP,
    591 F. Supp 2d 567 (S.D.N.Y. 2008)....................................................................12

Moore v. City of New York,
    No. 15 CV 6600 (GBD)(JLC), 2017 U.S. Dist. LEXIS 379 (S.D.N.Y. Jan. 3,
    2017) ................................................................................................................22, 23

Moore v Verizon,
    No. 13 CV 6467 (RJS), 2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5,
    2016) ......................................................................................................................12

Payson v. Bd. Of Educ. of Mt. Pleasant Cottage Sch.,
    No. 14 CV 9696 (JCM), 2017 U.S. Dist. LEXIS 154296 (S.D.N.Y. 2017) .....................17, 18

Phillips v. Cty. of Orange,
    894 F. Supp. 2d 345 (S.D.N.Y. 2012).....................................................................20

Rosario v. City of NY,
    No. 11 CV 09008 (PAC)(SN), 2013 U.S. Dist. LEXIS 29537 (S.D.N.Y. Jan.
    9, 2013) .................................................................................................................12

Ruiz v. City of New York,
    No. 14 CV 5231 (VEC), 2015 U.S. Dist. LEXIS 117947 (S.D.N.Y Sept. 2,
    2015) ......................................................................................................................21

Simms v. City of New York,
    480 F. App'x 627 (2d Cir. 2012) ...........................................................................15

Smith v. Tuckahoe Union Free School District,
    No. 03 CV 7951 (PGG), 2009 U.S. Dist. LEXIS 91106 (S.D.N.Y. September
    30, 2009) ..................................................................................................................8

Sotomayor v. City of New York,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013)............................9

Stinson v. City Univ. of N.Y.,
    No. 17 CV 3949 (KBF), 2018 U.S. Dist. LEXIS 95300 (S.D.N.Y. June 6,
    2018) ......................................................................................................................20

Thompson v. ABVI Goodwill Services,
    2013 U.S. App. LEXIS 18680 (2d Cir. 2013) .......................................................22

Thomson v. Odyssey House,
  No. 14 CV 3857 (MKB), 2015 U.S. Dist. LEXIS 125887 (E.D.N.Y. Sep. 21,
  2015) ........................................................................................................................13

Toth v. New York City Dept. of Citywide Admin. Servs.,
  119 A.D.3d 431 (1st Dep't 2014) ............................................................................21

Weintraub v Bd. of Educ.,
  593 F.3d 196 (2d Cir 2010).....................................................................................17

Wellington v. Spencer-Edwards,
  No. 16 CV 6238 (AT), 2017 U.S. Dist. LEXIS 162788 (S.D.N.Y. Sept. 28,
  2017) ........................................................................................................................23

Williams v. New York City Housing Auth.,
  61 A.D.3d 62 (1st Dept. 2009)................................................................................24

**Statutes**

42 U.S.C. § 1983 ..........................................................................................1, 2, 15

42 U.S.C. §§ 11201, *et seq.*..............................................................................1

42 U.S.C. § 12102(1)(A) ....................................................................................9

42 U.S.C. § 12117(a) ..........................................................................................6

Education Law § 2590-h .....................................................................................15

Education Law § 3020-a ............................................................................5, 11, 12, 16

Education Law § 3813 ...........................................................................................8

Education Law § 3813(2-b) ..................................................................................8

Executive Law §§ 296, *et seq* ............................................................... *passim*

New York Education Law § 3813(1)..................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 12(b) ............................................................................................2

New York City Administrative Code §§ 8-107 *et seq.* ...................................... *passim*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x          18 Civ. 6657 (PGG)
MAYA ZABAR,

                                         Plaintiff,

                      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARISOL ROSALES,
SUPERINTENDENT OF HIGH SCHOOLS OF
DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF
HIGH SCHOOL OF ART AND DESIGN; LYNN
ROSALES, ASSISTANT PRINCIPAL OF HIGH
SCHOOL OF ART AND DESIGN; SARI PEREZ,
ASSISTANT PRINCIPAL OF HIGH SCHOOL OF
ART AND DESIGN,

                                   Defendants.
-------------------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff, a tenured English teacher employed by the Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), commenced this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 11201, *et seq.*; the New York State Executive Law §§ 296, *et seq.* ("SHRL"); and the New York City Administrative Code §§ 8-107 *et seq.* ("CHRL") alleging that she was discriminated against based on her alleged disabilities of post-traumatic stress disorder ("PTSD"), generalized anxiety, and major depression, denied a reasonable accommodation request, suffered from a hostile work environment, and was retaliated against for requesting a reasonable accommodation. Further, Plaintiff asserts claims under 42 U.S.C. § 1983 alleging that she was retaliated against for exercising her First Amendment right to association and speech as a member of the school's Union Executive Board ("executive board").

As set forth more fully below, Defendants move, pursuant to Fed. R. Civ. P. 12(b), to dismiss the Amended Complaint ("Complaint") on the following grounds: (1) Plaintiff's claims under the ADA are time-barred, in part; (2) Plaintiff has failed to allege any retaliatory and discriminatory actions attributed to Superintendent Marisol Rosales ("M. Rosales") (3) Plaintiff's SHRL and CHRL claims against the BOE and M. Rosales must be dismissed for Plaintiff's failure to file a Notice of Claim ("NOC"); (4) Plaintiff's SHRL and CHRL claims against BOE and M. Rosales are time-barred; (5) Plaintiff has failed to state a plausible claim under the ADA for failure to accommodate, hostile work environment, and retaliation; (6) Plaintiff has failed to state a plausible claim under 42 U.S.C. § 1983; (7) All claims asserted against the individual defendants in their individual capacities must be dismissed on the basis of qualified immunity and /or lack of personal involvement; and (9) Plaintiff has failed to state a plausible claim under SHRL or CHRL for disability discrimination and hostile work environment.

## STATEMENT OF FACTS[1]

Plaintiff Maya Zabar began her employment with the BOE as an English teacher in September 2008. See ECF Dkt. No. 37, Amended Complaint, dated October 4, 2018 at ¶ 15.

---

[1] This statement of facts is derived from the allegations in the Amended Complaint (ECF Dkt. No. 37) and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only. Defendants also rely on the exhibit annexed to the Declaration of Assistant Corporation Counsel Samantha P. Turetsky, executed on January 11, 2019 ("Turetsky Decl."). Defendants have included Plaintiff's EEOC Charge, Request for a Right to Sue Letter, and Right to Sue Letter to establish when Plaintiff filed with EEOC. These documents are incorporated by reference as Plaintiff specifically mentions them and their purported contents in her Complaint and is, in any event, unquestionably integral to the Complaint. This Court may consider these exhibits in reviewing this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.")

Plaintiff has worked as an English teacher at the High School of Art and Design ("HSAD") in Manhattan for six years. Id. at ¶ 17. Defendant Ureña became Principal of HSAD in January 2016. Id. at ¶ 18.

Plaintiff alleges she has been diagnosed with "major depression and generalized anxiety since 2011" and "PTSD (post traumatic stress disorder)" ("PTSD") since an unspecified date. Id. at ¶ 16. Plaintiff alleges that Defendants had knowledge of her alleged disabilities because "she asked Principal Ureña for a room change" based on her PTSD symptoms and generalized anxiety disorder "as early as the summer of 2016," which was granted. Id. at ¶¶ 16, 23. Plaintiff further alleges that in September 2016 she "informed Defendant L. Rosales that she was diagnosed with generalized anxiety disorder in addition to major depression" and "requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email." Id. at ¶ 24. Plaintiff further alleges that she "repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications to be placed in writing as part of her disability," without providing any facts as to the date or circumstances of these requests. Id. ¶ 25.

Plaintiff alleges that in June 2016, she was selected to represent the English Department teachers at HSAD for her union, the United Federation of Teachers ("UFT"), and sit on the school's executive union board for the 2016-2017 school year. Id. at ¶ 21. As a representative, Plaintiff alleges she "assisted the school's UFT chapter leader with various issues English teachers were having with the school administration, and appeared at monthly consultation committee meetings with the principal and other school administrators . . ." Id. at ¶ 21. Plaintiff alleges she has been "very outspoken against the policies" of Defendant Ureña. Id. at ¶ 22. Plaintiff alleges she "vocalized issues before administration regarding the changed

student session schedules, the elimination of a second-year language requirement, and an SAT prep course, and issues regarding the heating, ventilation and air conditioning at the school." Id. at ¶ 27.  Plaintiff alleges that she attended the monthly executive board meetings with HSAD administration and vocally expressed displeasure with the administration's treatment of students and staff throughout the 2016-2017 school year, without providing specific facts regarding the alleged mistreatment.  Id. at ¶ 32.  Plaintiff alleges that after joining the executive board and disclosing her medical conditions to Defendant L. Rosales, she began experiencing harassment and retaliation from HSAD administrators.  Id. at ¶ 26.

Plaintiff alleges that "[i]n or around early November 2016, she reported to Alice O'Neil, UFT district representative, that Defendant L. Rosales was "failing to report to and teach her assigned Advanced Placement ("AP") classes" and that Defendant L. Rosales was "breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices." Id. at ¶ 28.  Plaintiff alleges she received two disciplinary letters to file dated November 5, 2016 and November 17, 2016.  Id. at ¶ 29.  She alleges that the substance of the November 17, 2016 disciplinary letter was about her conversation with Alice O'Neil about Defendant L. Rosales, which was overheard by Defendant Perez.  Id. at ¶ 30.

Plaintiff alleges she received her first "less-than-effective written evaluation report" on November 22, 2016 . . ." Id.  at ¶ 33.  After filing an APPR union grievance, this evaluation was allegedly expunged from Plaintiff's file because Principal Ureña did not write the evaluation report properly.  Id. at ¶ 34.  Not including the expunged observation report, Plaintiff alleges she received five other "less-than-effective" written evaluation reports for observations conducted during the 2016-2017 school year.  Id. at ¶¶ 35-39.  Plaintiff also alleges she received

two more disciplinary letters to file dated February 27, 2017, and April 19, 2017.  Id. at ¶ 39.  At the end of the 2016-2017 school year, Plaintiff received a "Developing" rating on her Measures of Teachers Performance ("MOTP") but an overall "Effective" rating, due to her students' test scores.  Id. at ¶ 40.

Plaintiff retained her position on the executive board for the 2017-2018 school year and alleges that she "continued to be vocal at the monthly consultation meetings" with HSAD administration as "an advocate for teachers in her department and within the school."  Id. at ¶ 41.  Plaintiff alleges she received six disciplinary letters to file throughout the 2017-2018 school year.  Id. at ¶¶42, 51, 54, 56.  Plaintiff further alleges that her June 22, 2018 disciplinary letter by Defendant Perez addressed Plaintiff's "poor attendance," which she alleges was "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her."  Id. at ¶ 56.

Plaintiff received a "less-than-effective" written evaluation report on December 8, 2017, for an observation conducted on October 2, 2017, which was expunged from her file after an APPR grievance.  Id. at ¶ 45.  Plaintiff alleges she received three other "less-than-effective" or "ineffective" observation reports during the 2017-2018 school year.  Id. at ¶¶ 47-48, 52.  Plaintiff received an "Ineffective" rating on her MOTP for the 2017-2018 school year, an "Effective" rating for her Measures of Student Learning ("MOSL") and an overall "Developing" rating for the 2017-2018 school year.  Id. at ¶¶ 58- 59.  The overall "Developing" rating for the 2017-2018 school year, required that Plaintiff receive a Teacher Improvement Plan ("TIP") for the following year.  Id. at ¶ 59.  On September 7, 2018, Plaintiff was served with Education Law § 3020-a disciplinary charges.  Id. at ¶ 60.  Plaintiff was administratively reassigned from her position at HSAD.  Id. at ¶ 61.

Plaintiff alleges she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 16, 2018.  See id. at ¶ 49.  Plaintiff received a right to sue letter from the EEOC, dated April 26, 2018.  Exhibit A, annexed to ECF Dkt. 37.  Plaintiff commenced this action on July 24, 2018.  ECF Dkt. 1.

## ARGUMENT

### POINT I

### PLAINTIFF'S ADA CLAIMS ARE PARTIALLY TIME-BARRED

For an ADA claim arising in New York, a plaintiff has 300 days from the time the allegedly discriminatory act occurred to file an ADA charge with the U.S. Equal Employment Opportunity Commission ("EEOC").  See 42 U.S.C. § 12117(a); Forman v City of NY, No. 14 CV 6282 (LTS), 2017 U.S. Dist. LEXIS 45538, at *9 (S.D.N.Y. Mar. 27, 2017).  Plaintiff alleges she filed her charge of discrimination with the EEOC on February 16, 2018.  See Compl. at ¶ 49.  According to the EEOC date stamp on Plaintiff's charge, however, the EEOC received Plaintiff's charge on March 15, 2018.  See Petitioner's EEOC charge, annexed to the Turetsky Decl. as Defendant's Exhibit "1."  Therefore, any ADA claims arising before May 19, 2017 are untimely.  See Kleinman v Fashion Inst. of Tech., No. 16 CV 4348 (KPF), 2017 U.S. Dist. LEXIS 109744, at **24-25 (S.D.N.Y. July 14, 2017).

As such, Plaintiff's claims  regarding her alleged request for a classroom change that occurred in "summer of 2016," see Compl., ¶¶ 16, 23, and any "less-than-effective written evaluation report[s]" issued prior to May 19, 2017, id. at ¶¶ 33 and 37, any disciplinary letters to file prior to May 19, 2017, id. at ¶¶ 29 and 42, and all ADA claims arising from events prior to May 19, 2017 are time-barred.

## POINT II

### PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT M. ROSALES

"When a complaint names defendants in the caption but makes no substantive allegations against them in the body of the pleading, the complaint does not state a claim against these defendants." Mitchell v. Macy's, Inc., No. 17 CV 1485 (AT)(SN), 2018 U.S. Dist. LEXIS 165613, at *16 (S.D.N.Y. Sep. 25, 2018) (citing Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d 239, 251 (S.D.N.Y. 2009). Here, there are no substantive allegations against Superintendent M. Rosales in the Complaint.  The only reference to M. Rosales is the conclusory statement that she "condoned Defendant Ureña's hostile and retaliatory behaviors toward Plaintiff."  See Compl. at ¶ 11.  As there are no substantive allegations against M. Rosales, she must be dismissed from this action.

## POINT III

### PLAINTIFF'S CLAIMS PURSUANT TO THE SHRL AND CHRL AGAINST DEFENDANTS BOE AND SUPERINTENDENT M. ROSALES MUST BE DISMISSED DUE TO HER FAILURE TO FILE A NOTICE OF CLAIM

As Plaintiff did not serve a notice of claim ("NOC"), her SHRL and CHRL claims against Defendants BOE and Superintendent M. Rosales must be dismissed. Pursuant to New York Education Law § 3813(1),

> [n]o action or special proceeding, for any cause whatever . . . shall be prosecuted or maintained against any school district, board of education . . . or any officer of a school district, board of education . . . unless it shall appear by and as an allegation in the complaint . . . that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . .

7

See also Collins v. City of New York, No. 15 CV 5008 (VEC), 2016 U.S. Dist. LEXIS 3062, *24-*25 (S.D.N.Y. Jan. 11, 2016) (dismissing plaintiff's SHRL and CHRL claims against DOE and superintendents due to failure to file a notice of claim pursuant to Education Law § 3813); Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367 (2007); (applying the requirements of Education Law § 3813(1) and (2-b) to SHRL claims against a school district). Additionally, it is well settled that superintendents qualify as officers under Education Law § 3813. See Collins, 2016 U.S. Dist. LEXIS at *24-*25; Smith v. Tuckahoe Union Free School District, No. 03 CV 7951 (PGG), 2009 U.S. Dist. LEXIS 91106, *30-31 (S.D.N.Y. September 30, 2009) (plaintiff's state law claims under Executive Law §§ 296 and 297 were governed by Education Law § 3813(2-b) and therefore time-barred against the School District and superintendent).  Plaintiff does not allege that she complied with the NOC requirements.

Accordingly, Plaintiff's SHRL and CHRL claims must be dismissed against Defendants BOE and Superintendent M. Rosales due to her failure to file a notice of claim.

## POINT IV

**PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED AS TIME-BARRED AGAINST DEFENDANTS BOE AND SUPERINTENDENT M. ROSALES**

Even if Plaintiff had filed a NOC, her SHRL and CHRL claims would still be dismissed as time-barred against Defendants BOE and Superintendent M. Rosales. Pursuant to New York Education Law § 3813, no non-tort action may be commenced against the BOE or any officer of a school district "more than one year after the cause of action arose."  N.Y. Educ. Law § 3813(2-b).  Suits against the BOE, or its officers, for violations of the SHRL or CHRL must, therefore, be commenced within one year of the alleged discriminatory act.  Floyd v. New York City Dep't of Educ., No. 10 CV 8951, 2014 U.S. Dist. LEXIS 5870, *20 (S.D.N.Y. Jan. 13,

2014).   Plaintiff commenced this action on July 24, 2018.   Therefore, all SHRL and CHRL claims against the BOE and Superintendent L. Rosales based on events that occurred before July 24, 2017 are time-barred.   <u>Sotomayor v. City of New York</u>, 862 F. Supp. 2d 226, 248-249 (E.D.N.Y. 2012), <u>aff'd</u>, 713 F.3d 163 (2d Cir. 2013).

**POINT V**

**PLAINITFF     HAS     NOT     ASSERTED**
**PLAUSIBLE CLAIMS OF DISCRIMINATION**
**OR RETALIATION UNDER THE ADA**

**A.     Plaintiff Has Failed To Allege Facts Establishing That She Is Disabled Under The ADA**

As for Plaintiff's allegations under the ADA that occurred after May 19, 2017, they must be dismissed because Plaintiff has failed to demonstrate she is disabled under the ADA.  The ADA defines a "disability," in relevant part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A).  To demonstrate that she is a "qualified individual with a disability," the Plaintiff must establish that she has a physical or mental impairment and provide evidence that such impairment "substantially limits one or more of that person's major life activities." <u>Andino v. Fischer</u>, No. 08 CV 558 (VM)(RLE), 2009 U.S. Dist. LEXIS 126042, at ** 30-31 (S.D.N.Y. Dec. 18, 2009)(citations omitted).  "Major life activities" include: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." <u>Id</u>. (citing 42 U.S.C. § 12102(2)(A).

Here, Plaintiff makes conclusory statements that she suffers from PTSD, generalized anxiety, and major depression, but does not identify any major life activities that are substantially limited by her alleged disabilities.  <u>See</u> Compl. at ¶ 16, 24-25. Notably, Plaintiff

9

fails to explain why the PTSD, generalized anxiety, or her major depression required her to receive work communications in writing only or even how an inability to receive verbal instruction constitutes a major life activity.  See Andino, 2009 U.S. Dist. LEXIS 126042 at ** 31-32.  As Plaintiff fails to allege how her disabilities substantially limit any major life activity, Plaintiff has not sufficiently plead that she is a qualified individual under the ADA and   her claims under the ADA must be dismissed.

**B.     Plaintiff Has Not Sufficiently Plead An ADA Failure To Accommodate Claim**

Assuming *arguendo* that Plaintiff has sufficiently pled she is disabled under the ADA, Plaintiff's failure to accommodate argument still fails because she has failed to allege how her requested accommodation would allow her to perform the essential functions of her job.  To establish a failure to accommodate claim under the ADA, a plaintiff must establish that (1) [she] is a person with a disability; (2) defendant had notice of [her] disability; (3) plaintiff could perform the essential functions of the job at issue with reasonable accommodation; and (4) defendant refused to make such accommodations." Kalola v. IBM, No. 13 CV 7339 (VB)(LMS), 2017 U.S. Dist. LEXIS 29945, at *42 (S.D.N.Y. Feb. 28, 2017).

Plaintiff alleges that she "requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email."  Compl. at ¶ 24.  However, Plaintiff, as noted, *supra*, has failed to articulate how her alleged anxiety, depression, and PTSD adversely affected the essential functions of her job, how the requested accommodation related to her alleged disabilities and ability to do her job, or how the accommodation was in fact reasonable.   Mitchell, 2018 U.S. Dist. LEXIS 165613, at *13; George v. Professional Disposables Intl., Inc., No. 15 CV 03385 (RA)(BCM), 2016 U.S. Dist. LEXIS 72912, at *25 (S.D.N.Y. June 1, 2016).   Therefore, Plaintiff's ADA failure to accommodate claim must be dismissed.

**C.**     **Plaintiff Has Not Sufficiently Plead An ADA Hostile Work Environment Claim**

The Second Circuit has not "not yet decided whether hostile-work-environment claims are cognizable under the ADA." Dollinger v. New York  State Ins. Fund, 726 F. App'x 828, 831 (2d Cir. 2018).  If such a claim were recognized, Plaintiff would have to allege "facts showing that the discriminatory treatment at issue was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment and that the hostility occurred because of the protected characteristic of disability." Id.  (quoting Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015)) (quotation marks and brackets omitted).

Here, the Complaint does not include any factual allegations regarding Plaintiff's alleged hostile work environment under the ADA.  See generally Compl.  Plaintiff merely lists ADA hostile work environment under her second cause of action.  Id. at ¶ 66.  To the extent that Plaintiff's allegations regarding her observations, disciplinary letters to file, and § 3020-a charges can be construed as an ADA hostile work environment claim, such conduct fails to establish a plausible claim of a hostile work environment.  Plaintiff does not allege any conduct that is either frequent or severe enough to suggest an objectively hostile work environment. Beyond Plaintiff's dissatisfaction with Defendants' criticisms of her work performance, the only discrete acts alleged are the cancellation of an art show that Plaintiff planned because of a scheduling conflict, Compl. at ¶ 46, a disciplinary letter by Defendant Perez, which caused Plaintiff's pay to be docked for leaving school early to testify at an Office of Special Investigations meeting, id. at ¶ 51, and a disciplinary letter for poor attendance from Defendant Perez for absences, which Plaintiff attributes to her aggravated anxiety and depression.  Id. at ¶ 56.  Even taken collectively, these actions are at best episodic and do not remotely evidence an atmosphere permeated with intimidation, ridicule or insult.  Plaintiff does not allege any facts as

to her subjective belief that the conduct was hostile or how the conduct interfered with her working conditions.

Further, Plaintiff has failed to connect any of the alleged actions taken by Defendants in the form of observations, letters to file, and § 3020-a to her alleged disabilities, which is necessary to state a claim for hostile work environment under the ADA. See Rosario v. City of NY, No. 11 CV 09008 (PAC)(SN), 2013 U.S. Dist. LEXIS 29537, at *30 (S.D.N.Y. Jan. 9, 2013) (citing to Monterroso v. Sullivan & Cromwell, LLP, 591 F. Supp 2d 567, 585 (S.D.N.Y. 2008). As such, Plaintiff's ADA hostile work environment claim must be dismissed.

### D.    Plaintiff Has Not Sufficiently Plead An ADA Retaliation Claim

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show: "(1) the employee was engaged in an activity protected by [the applicable statute], (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." Moore v Verizon, No. 13 CV 6467 (RJS), 2016 U.S. Dist. LEXIS 16201, at *40 (S.D.N.Y. Feb. 5, 2016).  In the context of retaliation claims, an employment action is adverse if it "could well dissuade a reasonable worker from making a supporting charge of discrimination." Kleinman, 2017 U.S. Dist. LEXIS 109744, at **33-34 (citation omitted). However, petty slights or minor annoyances that often take place at work and that all employees experience do not constitute an adverse employment action. See id. (citing Ward v. Shaddock, No. 14 CV 7660 (KMK), 2016 U.S. Dist. LEXIS 106438, at *12, (S.D.N.Y. 2016)) (citations omitted).

As protected activities, Plaintiff alleges she: (1) "requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email" first in September 2016 and "repeatedly

throughout the 2016-17 and 2017-18 school years," <u>Compl.</u> at ¶¶ 24-25, (2) filed a charge with the EEOC on March 15, 2018, <u>see</u> Exhibit "1," and (3) Although not explicitly stated in her amended complaint, the filing of the herein action. <u>See</u> ECF Dkt. 1.

    A causal connection in retaliation claims can be shown either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, known as temporal proximity, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.  <u>Thomson v. Odyssey House</u>, No. 14 CV 3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *64 (E.D.N.Y. Sep. 21, 2015).  To show causation for the *prima facie* the temporal proximity must be "very close."  <u>See</u> <u>Clark Co. Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001); <u>Galimore v. City Univ. of N.Y. Bronx Cmty. College</u>, 641 F. Supp. 2d 269, 288 (S.D.N.Y. 2009) (citing <u>Murray v. Visiting Nurse Servs. of N.Y.</u>, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.")). Further, where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.  <u>Hernandez v. New York City Dep't of Sanitation</u>, No. 18 CV 1808 (LGS), 2018 U.S. Dist. LEXIS 184906 at *11-12 (S.D.N.Y. Oct, 29, 2018) (citing <u>Slattery v. Swiss Reinsurance Am. Corp.</u>, 248 F.3d 87, 95 (2d Cir. 2001).

    With respect to her timely claims, Plaintiff alleges that she requested a reasonable accommodation for instructions to be in writing on unspecified dates throughout the 2016-2017 and 2017-2018 school year.  Compl. at ¶¶ 24-25. Assuming Plaintiff requested a reasonable

accommodation in May 2017 (300 day prior to filing her EEOC charge) over one year elapsed between her alleged protected activity and the 3020-a charges, which were served on September 7, 2018, and about four months elapsed between her protected activity and her first letter to file in September 2017, which breaks the causal connection for ADA retaliation.  Galimore, 641 F. Supp. 2d at 288.

Plaintiff filed a charge with the EEOC on March 15, 2018, see Exhibit 1.  The only adverse employment action that followed the filing of her EEOC charge is the 3020-a charges.  However, those charges were filed on September 8, 2018, nearly six months after the Plaintiff's protected activity, and thus any temporal proximity is severed.  Galimore, 641 F. Supp. 2d at 288.

Plaintiff commenced this lawsuit on July 24, 2018.  ECF Dkt. 1.  The only adverse employment action that is alleged by Plaintiff after the lawsuit commenced is the 3020-a charges in September 2018, nearly two months after the protected activity.  However, this timing does not salvage Plaintiff's claim because courts have held that where a plaintiff is "demonstrably at risk" of the adverse employment action in advance of the protected activity, "[p]laintiff cannot show on the basis of temporal proximity alone the [adverse action] resulted from that conduct."  Catanzaro v. City of N.Y., No, 10-CV-1825, 2011 U.S. Dist. LEXIS 9623, at *21 (S.D.N.Y. Jan. 24, 2011) (quoting Taylor v. Polygram Records, No. 94-CV-7689, 1999 U.S. Dist. LEXIS 2583, at *21 (S.D.N.Y. Mar. 8, 1999) (internal quotation marks omitted).

Reviewing Plaintiff's ADA retaliation allegations as a whole, the letters to file, ineffective evaluations, and ultimately the 3020-a charges show gradual adverse actions that began well before Plaintiff engaged in any protected activities, which is sufficient to break any causal connection created by temporal proximity, and therefore, she fails to establish a *prima*

*facie* case of retaliation under the ADA. <u>Hernandez</u>, 2018 U.S. Dist. LEXIS 184906 at *11-12 (citations omitted).

**POINT VI**

**PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 42 U.S.C. § 1983**

**A.    Plaintiff's Claims Against The BOE Under 42 U.S.C. § 1983 Must Be Dismissed For Failure To Plead A Municipal Policy Or Practice**

To state a claim for municipal liability pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978), a plaintiff must plead three elements:  "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional rights." <u>Simms v. City of New York</u>, 480 F. App'x 627, 629 (2d Cir. 2012) (citation and internal quotation marks omitted).  "To allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." <u>Missel v. County of Monroe</u>, 351 Fed. Appx. 543, 545-546 (2d Cir. 2009).

Here, Plaintiff has failed to allege that the BOE has a policy, practice, or custom that caused the alleged violations of Plaintiff's constitutional rights.   <u>See</u> <u>generally</u> Compl. Moreover, Plaintiff alleges that Defendants Ureña, Principal of HSAD, Sari Perez, Assistant Principal of HSAD, and Lynn Rosales, Assistant Principal of HSAD were the individuals who allegedly violated Plaintiff's rights.  However, these individuals are not final policy makers for the BOE nor were they alleged to be in the Complaint.  <u>See</u> <u>id.</u>  Education Law § 2590-h grants policy making authority over New York City schools to the Chancellor, who notably is not named in this complaint.  Given that the named defendants are not finally policy-makers, Plaintiff's <u>Monell</u> claims fails.

15

**B.  The Individually Named Defendants are Entitled to Qualified Immunity Regarding Plaintiff's First Amendment Retaliation Claim**

Qualified immunity protects government officials from liability for civil damages liability if "(1) his conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act."  Montero v. City of Yonkers, 890 F.3d 386, 394 (2d Cir 2018) (citation omitted).  The Second Circuit has noted that "[t]o determine whether the relevant law was clearly established, we consider the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law." Id.

The Supreme Court has repeatedly cautioned lower courts that a "clearly established right" cannot be defined with a high level of generality, but, indeed, existing precedent must have placed the question beyond debate. See Lane v. Franks, 134 S. Ct. 2369, 2383 (2014); Ashcroft v. al-Kidd, 563 U.S. 731, 741-2 (2011).  The Second Circuit has reiterated this principle in cases involving First Amendment retaliation claims and has held that the relevant inquiry is "whether the defendants should have known that the specific actions complained of violated the plaintiff's freedom of speech."  Within this context, the constitutional right at question must be defined with specificity as definitions that are too broad would "convert the rule of qualified immunity into a rule of unqualified liability simply by alleging violation of an extremely abstract right."   Lewis v. Cowen, 165 F.3d 154, 167 (2d Cir. 1999)(internal citations omitted).

Plaintiff alleges she received poor observations and annual ratings, disciplinary letters to file, § 3020-a charges, and was subjected to a hostile work environment due to exercising her First Amendment right to freedom of speech and assembly as a member of

HSAD's union executive board.  See Compl. at ¶¶ 68-69.  In short, she claims that she was disciplined because of her alleged protected speech and union membership and thus was subjected to First Amendment retaliation.  Core to any inquiry into a First Amendment retaliation claim is determining whether the employee engaged in constitutionally protected speech or association.  To make that determination the court must decide whether the employee has spoken as a private citizen on a matter of public concern.  Lynch v. Ackley, 811 F.3d 569, 577-78 (2d Cir. 2016).[2]

   To date, the Supreme Court has not resolved the question as to whether when a person speaks in his or her capacity as a union member they speak as a private citizen.  Additionally, the Second Circuit has declined to decide categorically whether when a person speaks in his or her capacity as a union member they speak as a private citizen without first requiring a fact-specific inquiry, further supporting that Defendants' alleged conduct toward Plaintiff was not retaliatory under the First Amendment because the right to First Amendment protection as a union representative has not been "clearly established" in this context.  Montero v. City of Yonkers, 890 F.3d 386, 399 (2d Cir 2018).

   In 2010, the Second Circuit Court of Appeals determined that "speech can be "pursuant to" a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer."  Weintraub v Bd. of Educ., 593 F.3d 196, 203 (2d Cir 2010).  The Court found that a teacher who filed a grievance complaining of his supervisor's failure to discipline a child in his classroom was speaking pursuant to his official duties, and not as a private citizen, because classroom discipline is one part of his duties as a public school teacher.  Id. at p. 202-03.  In Payson v. Bd.

---

[2] A claim based on First Amendment association retaliation is subject to the same analysis as a First Amendment free-speech retaliation claim. Lynch, 890 F.3d at 583.

Of Educ. of Mt. Pleasant Cottage Sch., No. 14 CV 9696 (JCM), 2017 U.S. Dist. LEXIS 154296, at **49-67 (S.D.N.Y. 2017), this Court analyzed speech for both a union member and a union representative in the specific context of speech on behalf of a union and its members. The Court held for Payson, a union member, and Tyler, a union representative, that when discussing topics like hours and compensation and the relationship between employees and management, they are within the bounds of official duties and therefore, not private speech. Payson, 2017 U.S. Dist. LEXIS 154296, at **55-57.   In contrast, the Court held that when Tyler acted as a union representative on behalf of another member regarding an issue that did not concern Tyler's employment in any way Tyler's speech was as a private citizen.  Id. at **56-57.  However, the Court articulated that a role as a union representative does not entitle a plaintiff to blanket First Amendment protections and that the analysis must then turn to whether the union representative was discussing a matter of public concern, which cannot be found where the grievance involves something that could relate to the union representative's own employment.  Id. at **59-62. Notably, the Court granted qualified immunity to two individually-named defendants (the Superintendent and the Principal of plaintiffs' school) for the First Amendment retaliation claim finding that the law was not clearly established at the time of the plaintiff's union activity in regards to whether the plaintiffs were speaking as private or public citizens or whether their activities were a matter of public concern.

In Montero, which was not decided until May 16, 2018,[3] the Second Circuit found that the plaintiff, who was elected as vice-president for his police union and complained about

---

[3] While the Plaintiff alleges she was a representative of the union executive board during the 2017-2018 school year, the Amended Complaint does not contain any facts regarding specific union activity that occurred after May 16, 2018.  Further, the academic year for the 2017-2018 school year ended on June 26, 2018, approximately one month after Montero was decided.

the Police Commissioner's decisions regarding discontinuing several police units and its effect on the community spoke as a private citizen because (1) he spoke as a union officer and (2) "his union speech was not composed of statements made as a "means to fulfill" or "undertaken in the course of performing" his responsibilities as a police officer.  Montero, 890 F.3d at 391 (citing Weintraub, 593 F.3d at 203). In short, Montero expanded the Second Circuit's First Amendment retaliation analysis regarding speech made pursuant to a person's role as a union representative instead of solely as a union member.  Montero, 890 F.3d at 398.

However, like the reasons set forth in in Montero, the individually named Defendants are entitled to qualified immunity.  Qualified immunity "shields officials from personal liability for civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."" Montero, 890 F.3d at 402 (citations omitted).  This affirmative defense provides protection to officials from personal liability unless they are "plainly incompetent" or "knowingly violate the law."  Id. As explained above, Montero, which expanded on the Second Circuit's analysis for First Amendment protections for union representatives, did not clearly establish any First Amendment protections for union representatives and instead, held that an individualized inquiry must be held, which supports that the law was not clearly established at the time of any alleged conduct by Defendants toward Plaintiff, and is still not clearly established.

---

Available at:  https://cdn-blob-prd.azureedge.net/prd-pws/docs/default-source/default-document-library/2017-18-school-year-calendar-english.pdf?sfvrsn=56ab299a_30.

Because it is not beyond debate that Plaintiff's remarks on the union executive board were subject to First Amendment protection, the individual defendants are entitled to qualified immunity in their individual capacities.[4]

### POINT VII

**PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM UNDER SHRL OR CHRL FOR DISCRIMINATION AND HOSTILE WORK ENVIRONMENT AGAINST THE REMAINING INDIVIDUAL DEFENDANTS, L. ROSALES, S. PEREZ, AND M. URENA**

**A.    Plaintiff's Disability-Based Discrimination Claim Fails Under the SHRL and the CHRL**

Here, Plaintiff's claims of disability discrimination under both the SHRL and CHRL are based on conclusory allegations that fail to establish any cause of action.  Plaintiff has not plausibly alleged a claim of disability discrimination because she fails to plead discriminatory animus under either the SHRL or the CHRL.

To state a claim of disability discrimination in violation of the SHRL, a plaintiff must show that (1) her employer is subject to SHRL; (2) she is disabled within the meaning of the SHRL or perceived to be so by her employer; (3) that she can perform th essential functions of the job with or without reasonable accommodation; and (4) that she suffered an adverse employment action because of her disability.  Stinson v. City Univ. of N.Y., No. 17 CV 3949 (KBF), 2018 U.S. Dist. LEXIS 95300, at * 19-20 (S.D.N.Y. June 6, 2018).

---

[4] "Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant."  Phillips v. Cty. of Orange, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) (collecting cases).  All of the claims against the individual defendants in their official capacities must be dismissed.

Plaintiff must plead facts demonstrating how her membership in a protected class was the basis for the alleged discriminatory conduct on the part of Defendants.  See Askin v. Dept. of Educ. of the City of N.Y., 110 A.D.3d 621, 622 (1st Dep't 2013) (the plaintiff must show that defendant's conduct occurred "under circumstances giving rise to an inference of discrimination"); Kamen v. Berkeley Coop. Towers Section II Corp., 98 A.D.3d 1086, 1087 (2d Dep't 2012) (the "factual allegations … were insufficient to state causes of action").  A failure to adequately plead the existence of discriminatory animus is grounds for dismissal under both the SHRL and CHRL.  See Toth v. New York City Dept. of Citywide Admin. Servs., 119 A.D.3d 431 (1st Dep't 2014); Massaro v. Dept. of Educ. of the City of N.Y., 121 A.D.3d 569, 570 (1st Dep't 2014)("Plaintiff failed to adequately plead discriminatory animus, which is fatal to both her age discrimination and hostile work environment claims under the State and City Human Rights Laws (HRL)").

Plaintiff has failed to allege a plausible claim that any of the complained-of actions occurred under circumstances giving rise to an inference of disability discrimination.  A plaintiff may raise an inference of discrimination by alleging actions or remarks made by her employer that clearly reveal a discriminatory animus, or by showing that similarly situated employees received preferential treatment.  See Ruiz v. City of New York, No. 14 CV 5231 (VEC), 2015 U.S. Dist. LEXIS 117947 at * 11 (S.D.N.Y Sept. 2, 2015).

The Complaint is devoid of any facts to suggest that Defendants were motivated by disability-based discriminatory animus toward Plaintiff.  Plaintiff does not allege a single incident in which any of the Defendants commented on her disability.  Plaintiff merely speculates that the following actions were taken against her due the fact that she alleges she disclosed disabilities to Defendant Ureña and Defendant L. Rosales including generalized

anxiety, PTSD, and major depression:  (1) denial of a reasonable accommodation that "required all instructions, reminders, or updates regarding anything school related in writing or via email[,]"  Compl. at ¶¶ 24-25; (2) disciplinary letters throughout the 2016-2017 and 2017-2018 school year, Compl. at ¶¶ 29, 39, 42, 51, 54, and 56; (3) less-than-effective observation evalutions, Compl. at ¶¶ 33, 35-38, 45, 47-48, 52-53; (4) "Developing" rating on her MOTP for the 2016-2017 school year Compl. at ¶40; (5) the cancellation of an academic art show she was coordinating and planning, Compl. at ¶46; (6) an "Ineffective" rating on her MOTP for 2017-2018, Compl. at ¶ 58; and (7) being served with 3020-a disciplinary charges.  Compl. at ¶ 60.

There is, however, no evidence that <u>any</u> of the complained-of employment actions occurred under circumstances giving rise to an inference of discrimination *on the basis of her disability*. <u>See</u> <u>Gibbs v. City of New York</u>, No. 02 CV 2424 (LB), 2005 U.S. Dist. LEXIS 3169 at *26-27 (E.D.N.Y. Jan. 14, 2005) (emphasis added).

Plaintiff presents no factual nexus between her purported disabilities and any actions alleged to have been taken by Defendants.  <u>See</u>, <u>e.g.</u>, <u>Thompson v. ABVI Goodwill Services</u>, 2013 U.S. App. LEXIS 18680, at *3 (2d Cir. 2013).  Plaintiff also fails to allege facts about any non-disabled employees alleged to have been treated more favorably than Plaintiff.  <u>See generally</u> Compl.; <u>See</u> <u>Moore v. City of New York</u>, No. 15 CV 6600 (GBD)(JLC), 2017 U.S. Dist. LEXIS 379 at *62 (S.D.N.Y. Jan. 3, 2017) (finding claim under SHRL for disability discrimination must be dismissed where plaintiff did not plead facts about individual comparators or other specific evidence of disparate treatment).  Plaintiff has failed to provide plausible support to find a minimal inference of discriminatory motive and her disability discrimination claim under the SHRL must be dismissed.

Even under the more permissive CHRL standard, Plaintiff's claim of disability discrimination fails. "To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive." Wellington v. Spencer-Edwards, No. 16 CV 6238 (AT)(JLC), 2017 U.S. Dist. LEXIS 162788 at *19 (S.D.N.Y. Sept. 28, 2017). However, as the Court in Wellington observed, "[e]ven under this minimal standard, a plaintiff must plausibly allege that he or she was subjected to unequal treatment because of her protected characteristic." Id. (citing See Mihalik v. Credit Agricole Cheuvreux N.Am., Inc., 715 F.3d 102, 110). "Thus, a complaint must allege facts from which a court can infer that the complained-of conduct "is caused by a discriminatory motive." Id. (citing Mihalik, 715 F.3d at 110).

Where a plaintiff fails to plead facts suggesting that "she has been treated less well than other employees because of her protected status[,] or that discrimination was one of the motivating factors for the defendant's conduct," she fails to plead a cause of action for intentional discrimination under the NYCHRL. Chin v. N.Y.C. Hous. Auth., 106 A.D.3d 443, 445 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014).

Plaintiff's CHRL discrimination claims are based on the same allegations concerning her SHRL claims. Plaintiff again merely relies on the bare-boned allegations that she subjectively believed Defendants wronged her, without plausibly connecting those subjective wrongs to her disability. Thus, even under the more liberal standard of the CHRL, Plaintiff fails to plausibly allege any facts creating an inference that she was discriminated against on the basis of her disability and her CHRL claim warrants dismissal. See Moore, 2017 U.S. Dist. LEXIS 379 at *63-65.

**B. Plaintiff Fails to Allege a Hostile Work Environment Claim Under the SHRL or CHRL**

Under the SHRL, a hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 310 (2004). Thus, a hostile work environment requires more than few isolated incidents evincing discriminatory animus. Id. (quoting Snell v. Suffolk Cty, 782 F.2d 1094, 1103 (2d Cir. 1986)) (internal quotation marks omitted). "[F]ailure to adequately plead discriminatory animus is fatal to [a] claim of hostile work environment." Llanos v. City of New York, 129 A.D.3d 620, 620 (1st Dep't 2015) (citations omitted). Asserting that defendants' actions were motivated by bias, without any concrete factual allegations do not rise to an inference of discrimination. Askin v. Department of Educ. of the City of N.Y., 110 A.D. 3d 621, 622 (1st Dep't. 2013).

Moreover, even under the CHRL, a plaintiff alleging hostile work environment must plead that they were treated less well than other employees because of a protected status or that discrimination was a motivating factor for the defendant's conduct, which Plaintiff fails to do. EEOC v. Bloomberg L.P., 967 F. Supp. 2d 816, 837 (S.D.N.Y. 2013); Williams v. New York City Housing Auth., 61 A.D.3d 62, 79 (1st Dept. 2009).

24

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Amended Complaint relating to the foregoing claims, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        January 11, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-316
New York, New York 10007
(212) 356-2451
sturetsk@law.nyc.gov

By: _____/s/_____
        Samantha P. Turetsky
        Assistant Corporation Counsel

Danielle M. Dandrige,
Samantha P. Turetsky,
   Of Counsel.