18 CV 6657 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

========================================

MAYA ZABAR,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARISOL ROSALES, Superintendent of High Schools of District
2; MANUEL UREÑA, Principal of High School of Art and Design;
LYNN ROSALES, Assistant Principal of High School of Art and
Design; SARI PEREZ, Assistant Principal of High School of Art
and Design,

Defendants.

========================================

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT**

========================================

**GLASS & HOGROGIAN LLP**

Attorneys for Plaintiff
85 Broad Street, 18th Floor @ Wework
New York, NY 10004

Bryan D. Glass, Esq.
Tel: 212-537-6859
bglass@ghnylaw.com

Served February 11, 2019

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................................... iii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT…………..................................................................................... ....5

POINT I

MS. ZABAR'S ADA CLAIMS ARE NOT TIME-BARRED .......................................... 5

POINT II

MS. ZABAR HAS PLED A PLAUSIBLE CLAIM AGAINST SUPERINTENDENT
ROSALES.................................................................................................... 7

POINT III

MS. ZABAR DID IN FACT FILE A NOTICE OF CLAIM AGAINST THE
DEPARTMENT OF EDUCATION AND SUPERINDENDENT ROSALES WITH THE
CITY COMPTROLLER IN CONNECTION WITH HER CLAIMS UNDER THE STATE
AND CITY HUMAN RIGHTS LAWS. .................................................................. 7

POINT IV

MS. ZABAR'S CLAIMS UNDER THE STATE AND CITY HUMAN RIGHTS LAWS
AGAINST DEFENDANTS ARE NOT TIME-BARRED ............................................... 8

POINT V

MS. ZABAR HAS PLED PLAUSIBLE CLAIMS OF DISCRIMINATION AND
RETALIATION UNDER THE ADA...................................................................... 8

    A.  Plaintiff Has Alleged Facts Sufficient to Establish That She Is Disabled Under
       The ADA.......................................................................................... 8

    B.  Plaintiff Has Sufficiently Pled An ADA Failure To Reasonably Accommodate
       Claim.......................................................................................... 10

    C.  Plaintiff Has Sufficiently Pled An ADA Hostile Work Environment Claim . 11

D. Plaintiff Has Sufficiently Pled An ADA Retaliation Claim ............................ 13

POINT VI

MS. ZABAR HAS PLED PLAUSIBLE CLAIMS OF RETALIATION UNDER 42 U.S.C. § 1983 .................................................................................................................................... 14

A. Plaintiff's Claims Against Defendant NYCDOE Should Not Be Dismissed, As Plaintiff Has Pled A Municipal Policy Practice ................................................. 14

B. The Individually Named Defendants Are Not Entitled To Qualified Immunity Regarding Plaintiff's First Amendment Retaliation Claim .............................. 15

POINT VII

PLAINTIFF HAS STATED A PLAUSIBLE CLAIM UNDER THE NYSHRL AND NYCHRL FOR DISCRIMINATION AND HOSTILE WORK ENVIRONMENT ........ 17

A. Plaintiff's Disability-Based Discrimination Claims Do Not Fail Under NYSHRL And the NYCHRL ........................................................................ 17

B. Plaintiff Has Pled A Valid Hostile Work Environment Claim Under The NYSHRL And NYCHRL ............................................................................ 18

CONCLUSION ....................................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

Bermudez v. City of New York,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011)........................................................................22

Bragdon v. Abbott,
   524 U.S. 624 (1998)........................................................................................10

Burlington Industries, Inc. v. Ellerth,
   524 U.S. 742 (1998)........................................................................................14

Collins v. City of New York,
   156 F.Supp.3d 448 (S.D.N.Y. 2016)...........................................................................8

Colwell v. Suffolk County Police Dep't.,
   158 F.3d 635 (2d Cir. 1998)..........................................................................10, 11

De La Rosa v. City of New York Police Dep't,  09 Civ. 5290, 2010 U.S. Dist. LEXIS 112770,
   (S.D.N.Y. Oct. 22, 2010), *aff'd*, 461 F. App'x 73 (2d Cir. 2012).................................13

Farina v. Branford Bd. of Educ.,
   458 F. App'x 13, 17 (2d Cir. 2011) ...........................................................................13

Giordano v. City of New York,
   274 F.3d. 740 (2d Cir. 2001)......................................................................................21

Harlow v. Fitzgerald,
   457 U.S. 800 (1982).................................................................................................19

Harris v. City of New York,
   186 F.3d 243 (2d Cir. 1999).........................................................................................6

Harris v. Forklift Sys., Inc.,
   510 U.S. 17 (1993)..................................................................................................14

Hausdorf v. NYCDOE,
   No. 17-CV-2115) (PAE) (SN), 2018 U.S. Dist. LEXIS 13330 (S.D.N.Y. Jan. 25, 2018) ..........2

Hurdle v. Bd. of Educ. for City of New York,
   No. 01 Civ 4703 (HB), 2003 U.S. Dist. LEXIS 15521, (S.D.N.Y. Sept. 8, 2003).....................18

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995)........................................................................................18

Littlejohn v. City of N.Y.,
   795 F.3d 297 (2d Cir. 2015).......................................................................................17

Lynch v. Ackley,
   811 F.3d 569 (2d Cir. 2016).......................................................................................19

McDonnell-Douglas Corp. v. Green,
   411 U.S. 792 (1973)..................................................................................................9

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
   715 F.3d 102  (2d Cir. 2013)......................................................................................22

Monell v. Dep't of Soc. Servs.,
   436 U.S. 658 (1978)................................................................................................17

Montero v. City of Yonkers,
   890 F.3d 386 (2d Circ. 2018).................................................................................19, 20

Monterroso v. Sullivan & Cromwell, LLP,
   591 F. Supp. 2d 567 (S.D.N.Y. 2008).......................................................................12, 13

Muller v. Costello,
   187 F.3d 298 (2d Cir. 1999)..................................................................................15
Okoro v. Marriott Intern., Inc.,
   No. 07 Civ 165 (DLC), 2008 U.S. Dist. LEXIS 76880 (Sept. 29, 2008 S.D.N.Y)....................11
Patterson v. County of Oneida,
   375 F.3d 206 (2d Cir. 2004)..................................................................................17
Payne v. Huntington Union Free Sch. Dist.,
   219 F. Supp. 2d 273 (E.D.N.Y. 2002) ....................................................................18
Pucino v. Verizon Wireless Commc'ns, Inc.,
   618 F.3d 112 (2d. Cir. 2010)..................................................................................14
Reeves v. Johnson Controls World Servs., Inc.,
   140 F.3d 144 (2d Cir. 1998)..............................................................................10, 11
Rodal v. Anesthesia Group of Onondaga, P.C.,
   369 F.3d 113 (2d Cir. 2004)................................................................................9, 12
Rookard v. Health & Hosps. Corp.,
   710 F.2d 41 (2d Cir. 1983)....................................................................................18
Santos v. New York City,
   847 F. Supp.2d 573 (S.D.N.Y. 2012)......................................................................17
Sarno v. Douglas Elliman-Gibbons & Ives, Inc.,
   183 F.3d 155 (2d Cir. 1999)..................................................................................15
Sotomayor v City of New York,
   862 F.Supp.2d 226 (E.D.N.Y. 2012) (Weinstein, J.), *aff'd*, 713 F.3d 163 (2d Cir. 2013) ..........9
Summa v. Hofstra Univ.,
   708 F.3d 115  (2d Cir. 2013)..................................................................................21
Taylor v. Lenox Hill Hospital,
   No. 00 Civ. 3773 (GEL), 2003 U.S. Dist. LEXIS 5429 (S.D.N.Y. Apr. 3, 2003).....................15
Tomka v. Seiler Corp.,
   66 F.3d 1295  (2d Cir. 1995)..................................................................................13
White v. Roosevelt Union Free School District,
   No. 15-CV-1035 (JS) (SIL), 2017 U.S. Dist. LEXIS 210480 (E.D.N.Y. Dec. 20, 2017) ...........3
Zahra v. Town of Southold,
   48 F.3d 674 (2d Cir. 1995)....................................................................................17
Ziglar v. Abbasi,
   137 S. Ct. 1843 (2017) ........................................................................................19

**Statutes**

29 C.F.R. § 1630.2(i) ................................................................................................10

42 U.S.C. § 2000 e - 5 (e) ..........................................................................................6

42 U.S.C. §12117(a) ..................................................................................................6

42 U.S.C. §1983 ......................................................................................2, 16, 17, 18, 19

American with Disabilities Act of 1990 ("ADA"),

    42 U.S.C. § 12101 ................................................................................................................................1

New York Education Law § 3813 (2-b).........................................................................................8

New York Education Law § 3813(1).............................................................................................8

UNITED STATES DISTRICT COURT0
SOUTHERN DISTRICT OF NEW YORK

---

MAYA ZABAR,

Plaintiff,

-against-                    18 Civ. 6657 (PGG)

NEW YORK CITY DEPARTMENT OF
EDUCATION;   MARISOL   ROSALES,
Superintendent of High Schools of District 2;
MANUEL UREÑA, Principal of High School of
Art and Design; LYNN ROSALES, Assistant
Principal of High School of Art and Design; SARI
PEREZ, Assistant Principal of High School of Art
and Design,

Defendants.

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

#### PRELIMINARY STATEMENT

Plaintiff MAYA ZABAR, a tenured English teacher employed by the New York City Department of Education ("NYCDOE"), submits this Memorandum of Law in response to Defendants' Motion to Dismiss the Amended Complaint in this civil rights and employment discrimination action.

Ms. Zabar commenced this action pursuant to the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*; the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL"), for denial of reasonable accommodation,

1

and hostile work environment.  Ms. Zabar also alleges retaliation based on disability and on Plaintiff's union activity as protected by the First Amendment under 42 U.S.C. Section 1983.

For the reasons stated below, this Court should deny Defendants' motion to dismiss. Ms. Zabar has validly pled *prima facie* claims of disability discrimination and retaliation as well as retaliation for her union activity, which is protected by the First Amendment.  She also has alleged that she suffered adverse employment actions in the form of New York Education Law Section 3020-a ("3020-a") disciplinary charges, as well as a hostile work environment, due to her requests for reasonable accommodations for her disability and because of her union activity.  She has more than adequately alleged facts that would establish an inference of retaliation based on the sequence of relevant events.  Ms. Zabar has identified her involvement in union advocacy activities that constitute protected speech made as a private citizen.  Finally, her claims under the NYSHRL and the NYCHRL should not be subject to dismissal, as a notice of claim is not required to be filed against a school principal or assistant principal, because they are not officials of the School District for purposes of a notice of claim.  Further, Plaintiff did in fact file a notice of claim in any event, as evidenced by the Comptroller's acknowledgment letter annexed hereto as Exhibit A.

Defendants' motion has reached far beyond what is appropriate for a motion to dismiss. Motions of this type against teachers have been routinely denied at this early stage of litigation. *See, e.g., Hausdorf v. NYCDOE,* 2018 U.S. Dist. LEXIS 13330 (S.D.N.Y. Jan. 25, 2018, No. 17-CV-2115) (PAE) (SN); *White v. Roosevelt Union Free School District,* 2017 U.S. Dist. LEXIS 210480 (E.D.N.Y. Dec. 20, 2017, No. 15-CV-1035 (JS) (SIL).  Defendants spend much of their motion brief arguing about facts that will be developed in discovery and trial.  Defendants' motion to dismiss should be denied, and this matter should be promptly scheduled for an eventual trial.

If the Court is inclined to find that any further factual pleadings are necessary to clarify any of her claims, Ms. Zabar respectfully requests leave to file a second amended complaint.

## STATEMENT OF FACTS

The following are the factual allegations of the Amended Complaint.

Plaintiff Maya Zabar has been employed with Defendant NYCDOE since 2008 as a high school English teacher and was assigned to the High School of Art and Design ("HSAD" or "the School"), which is a high school in District 2 in New York, since 2012, until her involuntary reassignment in September 2018. *See* Amended Complaint ("Am. Compl.") ¶ 15. For the majority of her career, Ms. Zabar has received "Satisfactory" and/or "Effective" and/or "Highly Effective" ratings. *See id.* ¶ 19.

Ms. Zabar has been diagnosed with the disabilities of major depression and generalized anxiety disorder since 2011. *See id.* at ¶ 16. She repeatedly requested accommodations for her anxiety and depression disorders throughout the 2016-17 and 2017-18 school years. *See id.*, at ¶ 25. Specifically, she requested that her school administration send all instructions, reminders or updates regarding anything school-related in writing or email because of her mental health conditions. *See id.* ¶ 24.

Since June 2016, Ms. Zabar has served on the HSAD school's union executive board as an advocate representing English department teachers at the school for her union, the United Federation of Teachers ("UFT"). In that capacity, she assisted the school's UFT chapter leader with various issues that English teachers were having with the school administration, and appeared at monthly consultation committee meetings with the principal and other school administrators, where the union executive board meets with the principal in an attempt to resolve issues at the

3

school. *See id.* ¶ 21. Since joining the union executive board, Ms. Zabar has been very outspoken against the policies of Defendant Principal Ureña (who arrived in January 2016 and caused major upheavals at the school) on behalf of teachers at the monthly consultation meetings between the union and administrators at her school. *See id.* ¶ 22. In so vocalizing these grievances, Ms. Zabar engaged in union advocacy and representation on behalf of other union members, which qualifies as conduct as a private citizen, and which is protected under the First Amendment. *See id.* ¶ 27.

During the 2016-17 school year, Ms. Zabar vocalized issues on behalf of herself and others at HSAD. *See id.* ¶ 27. These grievances related, *inter alia*, to the changed student session schedules, the elimination of a second-year language requirement, an SAT prep course, and issues regarding the heating, ventilation, and air conditioning at the school. In or around early November 2016, Ms. Zabar reported to Alice O'Neil, UFT district representative, that Defendant Assistant Principal Lynn Rosales was failing to report to and teach her assigned Advanced Placement classes. Additionally, Ms. Zabar reported that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices. *See id.* ¶ 28.

After Ms. Zabar informed UFT District Representative O'Neil of Defendant AP Rosales's conduct, she received four unwarranted less-than-effective evaluations, two unwarranted disciplinary letters to file, and received a "Developing" Measure of Teacher Performance ("MOTP") for the 2016-17 school year. *See id.* at ¶¶ 29, 33, 35-40. However, Ms. Zabar ultimately received an Effective overall annual rating due to her students' effective test scores. *See id.* at ¶ 40.

During the 2017-2018 school year, Ms. Zabar continued to serve on the union executive board on behalf of the English teachers at HSAD, and the retaliatory acts continued against her by

4

the school administration. *See id.* ¶ 41.  By the end of the first half of the 2017-18 school year, Ms. Zabar had received three unwarranted less-than-effective written evaluation reports, and one disciplinary letter to her personnel file. *See id.* ¶¶ 42, 45, 47-48.

On February 16, 2018, Ms. Zabar filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming disability discrimination.  By filing this protected charge, this only swiftly fueled acts of blatant retaliation against Ms. Zabar by Principal Urena and his school administration. *See id.* ¶ 49.  Within three months of filing the EEOC charge, Ms. Zabar received five additional disciplinary letters to file between March and June 2018, as well as two ineffective observations. *See id.* ¶¶ 51-54, 56.

When she returned to school in September 2018, Ms. Zabar learned that she had received her first "Developing" overall rating of her teaching career. *See id.* ¶ 59.  On September 7, 2018, Ms. Zabar was served with Education Law Section 3020-a disciplinary charges seeking termination of her employment.    She was then reassigned from her school and has been without any teaching duties since September 17, 2018, while awaiting prosecution of the Section 3020-a charges. *See id.* ¶¶ 60-61.

## ARGUMENT

### POINT I

#### MS. ZABAR'S ADA CLAIMS ARE NOT TIME-BARRED

It is premature for this Court to dismiss any of Ms. Zabar's ADA claims.  Defendants merely argue that adverse actions based on disability that occurred prior to May 19, 2017 are time barred.  But the majority of the severe adverse actions occurred well after that date and continue to date, including Section 3020-a charges being served on her seeking termination of her employment

(September 2018), reassignment from her duties (September 2018), an adverse overall pedagogical rating (September 2018), and a litany of letters to file and poor observations between February and June 2018. Defendant note that pursuant to 42 U.S.C. § 2000 e - 5 (e), incorporated into the ADA by 42 U.S.C. §12117(a), a charging party must file her ADA complaint with the EEOC within 300 days of the accrual of her cause of action. However, at this early stage of the litigation, this Court cannot realistically dismiss any of Ms. Zabar's ADA claims. Ms. Zabar pleads that she filed her charge with the EEOC on February 16, 2018. *See* Am. Compl. ¶ 49. In their motion papers, Defendants allege that the EEOC received the charge on March 15, 2018 (Memo, p. 6). Until this factual issue is resolved, dismissal for untimeliness is not appropriate.

Furthermore, the allegations of the complaint make out a plausible showing that the continuing violation doctrine applies here. In *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). the Second Circuit discussed this doctrine:

> There is indeed a "continuing violation" exception to the normal knew-or should-have known accrual date of a discrimination claim when "there is evidence of an ongoing discriminatory policy or practice, such as use of discriminatory seniority lists or employment tests" [citation omitted]. In that situation the existence of such a continuing discriminatory practice or policy may delay the commencement of the statute of limitations period "until the last discriminatory act in furtherance of it" [citation omitted].

The doctrine applies to the allegations of the Amended Complaint.

Such a continuing chain of ill treatment, with incidents following close upon one another, makes out a *prima facie* pleading of a continuing violation. Only until further factual development takes place can this court resolve the issue of the timeliness of Ms. Zabar's ADA claims.

## POINT II

### MS. ZABAR HAS PLED A PLAUSIBLE CLAIM AGAINST SUPERINTENDENT ROSALES.

Defendant Marisol Rosales was the Superintendent of the High Schools within District 2 of the Department of Education. *See* Am. Compl., ¶ 11.  As such, she was Principal Manuel Ureña's direct supervisor.   Ms. Zabar alleges that Superintendent Rosales "condoned Defendant Ureña's hostile and retaliatory behaviors towards Plaintiff." *Id.* ¶ 11.  Superintendent Rosales also directly signed off and authorized the Section 3020-a charges against Ms. Zabar in September 2018.   She must be viewed as an active participant in Principal Ureña's illegal treatment of Ms. Zabar.  As such, the claims against Superintendent Rosales should not be dismissed at this early stage of the litigation.

## POINT III

### MS. ZABAR DID IN FACT FILE A NOTICE OF CLAIM AGAINST THE DEPARTMENT OF EDUCATION AND SUPERINTENDENT ROSALES WITH THE CITY COMPTROLLER IN CONNECTION WITH HER CLAIMS UNDER THE STATE AND CITY HUMAN RIGHTS LAWS.

New York Education Law § 3813(1) requires the filing of a notice of claim before commencement of a civil action against the Department of Education and its officers.  Such notices of claim are necessary when bringing actions pursuant to the New York State Human Rights Law and the New York City Human Rights Law, but have no bearing on the federal claims in any event. *Collins v. City of New York*, 156 F.Supp.3d 448, 460 (S.D.N.Y. 2016).   In actuality, however, Ms.

Zabar did file such a notice of claim. Appended hereto as Exhibit A is the receipt issued by the Comptroller for that filing. Therefore, Defendants' argument is meritless.

## POINT IV

### MS. ZABAR'S CLAIMS UNDER THE STATE AND CITY HUMAN RIGHTS LAWS AGAINST DEFENDANTS ARE NOT TIME-BARRED.

Pursuant to New York Education Law § 3813 (2-b), a plaintiff must commence a civil action against the NYCDOE and its officers within one year of accrual of the cause of action. *Sotomayor v City of New York*, 862 F.Supp.2d 226, 251 (E.D.N.Y. 2012) (Weinstein, J.), *aff'd*, 713 F.3d 163 (2d Cir. 2013). As set forth in Point I, there are numerous adverse actions that have accrued against Ms. Zabar since July 24, 2017, one year prior to the filing of her original complaint in this action.

## POINT V

### MS. ZABAR HAS PLED PLAUSIBLE CLAIMS OF DISCRIMINATION AND RETALIATION UNDER THE ADA.

To sustain a claim for discrimination under the ADA, a plaintiff must establish a *prima facie* case, by showing that the "plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [the] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer refused to make such accommodations." *See Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004). If the plaintiff establishes a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate nondiscriminatory reason for its challenged actions. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

### A. Plaintiff Has Alleged Facts Sufficient to Establish That She Is Disabled Under The ADA.

The ADA defines a "disability" as (A) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual"; (B) "a record of such impairment"; or, (C) "being regarded as having such an impairment." 42 U.S.C. §§ 12102(1)(A)-(C).   Whether an individual is disabled under the ADA is determined on a case-by-case basis. *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 151 (2d Cir. 1998).

The U.S. Supreme Court has prescribed a three-step process for determining whether an individual is disabled under subsection (A) of the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).   First, the court must determine whether the plaintiff suffers from a physical or mental impairment. *See Colwell v. Suffolk County Police Dep't.*, 158 F.3d 635, 641 (2d Cir. 1998).   Second, the court must identify the life activity upon which the plaintiff relies and determine whether it constitutes a major life activity under the ADA. *Bragdon*, 524 U.S. at 631.   Third, the court determines whether the identified impairment substantially limited that life activity. *Id.* at 631.

"Major life activities" are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). This list is illustrative and not exhaustive. *See Colwell*, 158 F.3d at 642 (identifying additional major life activities to include sleep). Working, however, is explicitly delineated as a major life activity.

Here, Ms. Zabar has alleged that she has been diagnosed with major depression and generalized anxiety disorder since 2011.   Am. Compl. ¶ 16. She has further alleged that these conditions have impaired her ability to teach at the School. *Id.* ¶¶ 16, 23, 24. A reading of Plaintiff's Amended Complaint plainly indicates that Ms. Zabar is alleging that her depression and anxiety disorders limits her ability to work, and that as a result she requested certain reasonable disability accommodations.   Certainly, it is an issue of fact—which can only be determined through the

9

discovery process—as to whether Ms. Zabar's depression and anxiety disorders limited her ability to work.

Additionally, the ADA and similar statutes prohibit discrimination against an individual who, while not actually suffering from a disability, is perceived by the employer as having a disability that will (in the case of the ADA) prevent the employee from performing the duties of her position. *Okoro v. Marriott Intern., Inc.*, No. 07 Civ 165 (DLC), 2008 U.S. Dist. LEXIS 76880, 2008 WL 4449384, at *9 (Sept. 29, 2008 S.D.N.Y [**38] (applying this standard to New York State and New York City law). A finding of perceived, or "regarded as having," disability depends "on the employer's perception of the employee." *Colwell v. Suffolk County Police Dep't.*, 158 F.3d 635, 646 (2d Cir. 1998). A person who does not show that she actually suffers from an impairment that substantially limits a major life activity can nonetheless be perceived as disabled. *See Reeves v. Johnson Controls World Services Inc.*, 140 F.3d 144, 153 (2d Cir. 1998).

As Ms. Zabar has alleged that she informed Defendants of her generalized anxiety disorder diagnoses, it is an issue of fact whether Defendants perceived that Ms. Zabar was disabled under the ADA. *See* Am. Compl. at ¶ 24.

### B. Plaintiff Has Sufficiently Pled an ADA Failure to Reasonably Accommodate Claim

To establish a *prima facie* claim for failure to reasonably accommodate, a plaintiff must show that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodations, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) (citing *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004).

As noted, *supra* in Point V(A), it is a disputed issue of fact as to whether Ms. Zabar is a person with a disability under the meaning of the ADA. Defendants do not dispute the second prong—*i.e.,* whether Defendants had notice of Ms. Zabar's disability. Defendants, however, contest that Ms. Zabar has failed to establish the third prong of this test. Contrary to Defendants' assertion, Ms. Zabar has articulated how her requested accommodations related to her disabilities and why they would allow her to perform the essential functions of her job. Specifically, Ms. Zabar informed Defendants that she required all instructions, reminders, or updates regarding anything school related in writing or email because of her mental health conditions. *See* Am. Compl. ¶ 24. Although not explicitly stated, it is easy to deduce that these accommodations were necessary so as to prevent Ms. Zabar from experiencing anxiety attacks. Further, as noted in her Amended Complaint, Defendants refused to put many school-related requests in writing, and Ms. Zabar continued to reiterate her request for such communications to be placed in writing. *See id.* ¶ 25. These requests continued to be ignored. *Id.* Defendants also never informed Ms. Zabar that she could submit a formal request for a reasonable medical accommodation. *Id.* ¶ 24.

### C. Plaintiff Has Sufficiently Pled an ADA Hostile Work Environment Claim.

Although the Second Circuit has not addressed whether the ADA permits hostile work environment claims, courts have nonetheless evaluated ADA hostile work environment claims under the same standard as Title VII claims. *See Farina v. Branford Bd. of Educ.*, 458 F. App'x 13, 17 (2d Cir. 2011) (summary order); *De La Rosa v. City of New York Police Dep't*, 09 Civ. 5290, 2010 U.S. Dist. LEXIS 112770, 2010 WL 4177626, at *7 (S.D.N.Y. Oct. 22, 2010), *aff'd*, 461 F. App'x 73 (2d Cir. 2012).

An employee seeking to bring a hostile work environment claim under Title VII or the ADA must demonstrate the following to make a prima facie case: (1) she is a member of a protected

11

class; (2) she suffered unwelcome harassment; (3) she was harassed because of his membership in a protected class; and (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *See Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 584 (S.D.N.Y. 2008); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Evaluating a hostile environment claim involves reviewing the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The question is whether "a reasonable person would have found it to be [hostile]" and if Ms. Zabar "subjectively so perceived it." *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d. Cir. 2010).

As alleged in her Amended Complaint, Ms. Zabar received four unwarranted less-than-effective evaluations, two unwarranted disciplinary letters to file, and received a "Developing" Measure of Teacher Performance ("MOTP") for the 2016-17 school year from her school administration. *See* Am. Compl. ¶¶ 29, 33, 35-40. By the end of the first half of the 2017-18 school year, Ms. Zabar had received three unwarranted less-than-effective written evaluation reports, and one disciplinary letter to file. *See id.* ¶¶ 42, 45, 47-48. Ms. Zabar received five additional disciplinary letters to file between March and June 2018, as well as two ineffective observations. *See id.* ¶¶ 51-54, 56. In September 2018, Ms. Zabar learned that she had received her first "Developing" overall rating of her teaching career. *Id.* ¶ 59. On September 7, 2018, Ms. Zabar was served with Education Law Section 3020-a disciplinary charges, which led to her reassignment from the school without any teaching duties on September 17, 2018. *See id.* ¶¶ 60-61. Taken

together, after Ms. Zabar received exclusively Satisfactory and Effective ratings from the beginning of her employment through the end of the 2015-16 school year, *id.* ¶ 19, Defendants' continuous barrage of unwarranted less-than-effective observations, disciplinary letters to file, and Education Law Section 3020-a charges created a sufficiently constant and pervasive hostile work environment for Ms. Zabar that should allow her to proceed on this claim.

### D. Plaintiff Has Sufficiently Pled an ADA Retaliation Claim.

"To establish a prima facie case of retaliation under the ADA, a plaintiff must establish that (1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999). "The fact that [the] Plaintiff was not actually disabled within the meaning of the ADA does not affect his retaliation claim, since the statute requires only that [she] have contacted the EEOC with the good-faith belief that the [Defendants'] conduct was unlawful under the ADA." *Taylor v. Lenox Hill Hospital,* No. 00 Civ. 3773 (GEL), 2003 U.S. Dist. LEXIS 5429, (S.D.N.Y. Apr. 3, 2003) (citing *Sarno*, 183 F.3d at 159); *see also Muller v. Costello* (2d Cir. 1999) 187 F.3d 298, 311 (Second Circuit's decision in *Sarno* precludes argument that an ADA retaliation claim cannot stand "in the absence of a finding that [the plaintiff] was actually disabled within the meaning of the ADA.").

Ms. Zabar engaged in protected activities for the purposes of her retaliation claim. Specifically, she repeatedly requested accommodations for her anxiety and depression disorders throughout the 2016-17 and 2017-18 school years, *see* Am. Compl. ¶ 25, and she filed a protected

charge of discrimination with the EEOC on or about February 16, 2018. *See* Am. Compl. ¶ 49. Additionally, Ms. Zabar commenced this lawsuit on July 24, 2018. *See* ECF Dkt. 1.

Ms. Zabar has pled that Defendants issued her negative observations and letters to file in retaliation for her requests for reasonable disability accommodations. *See* Am. Compl. ¶¶ 29, 42, 45, 47-48, 51-54, 56, 59. Although she has not specified the exact dates when she made these accommodation requests, they were continuous and often during the 2016-17 and 2017-18 school years, and at times verbal.

Defendants argue that the only adverse action that Ms. Zabar experienced is her Section 3020-a charges, which were served on September 7, 2018. However, what Defendants fail to note is that the underlying basis for these Section 3020-a charges were the negative observations and disciplinary letters to file. Thus, contrary to Defendants' assertion, the retaliatory acts by Defendants towards Ms. Zabar, including her 3020-a charges, were very much contemporaneous with Ms. Zabar's protected activity. As such, Ms. Zabar has pled a *prima facie* claim of retaliation based on her disability claims.

## POINT VI

### MS. ZABAR HAS PLED PLAUSIBLE CLAIMS OF RETALIATION UNDER 42 U.S.C. § 1983.

**A. Plaintiff's Claims Against Defendant NYCDOE Should Not Be Dismissed, As Plaintiff Has Pled A Municipal Policy or Practice.**

A municipality, or municipal agency such as the NYCDOE, may be held liable under 42 U.S.C. Section 1983 only if a plaintiff's injury is the result of municipal policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Patterson v. County of Oneida*, 375 F.3d at 206 (2d Cir. 2004). To maintain a claim, a plaintiff must allege "(1) an official

policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted). The plaintiff "need not identify an express rule or regulation, but can show that a discriminatory practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315 (2d Cir. 2015).

"[T]he single act of a municipal policymaker, *i.e.*, a person with the authority to set municipal policy, can constitute official policy, and thus, can give rise to municipal liability." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). However, a municipal agency can only be held liable for the conduct of an official where that official "ha[d] final authority over significant matters involving the exercise of discretion . . .. An official has final authority if [her] decisions, at the time they are made, for practical or legal reasons constitute the municipality's final decisions." *Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983).

Courts in the Second Circuit have held that a superintendent may be a final policymaker. *See Hurdle v. Bd. of Educ. for City of New York,* No. 01 Civ 4703 (HB), 2003 U.S. Dist. LEXIS 15521 (S.D.N.Y. Sept. 8, 2003) (New York school district superintendent was policymaker whose decision to transfer a school principal could impose liability on Board of Education under Section 1983); *Payne v. Huntington Union Free Sch. Dist.*, 219 F. Supp. 2d 273, 276 (E.D.N.Y. 2002). As Ms. Zabar has alleged that Superintendent Rosales "condoned Defendant Ureña's hostile and retaliatory behaviors towards Plaintiff," Am. Compl. ¶ 11, she has met her burden.

**B. The Individually Named Defendants Are Not Entitled to Qualified Immunity Regarding Plaintiff's First Amendment Retaliation Claim.**

"Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). Government actors are entitled to qualified immunity on a Section 1983 claim if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred." *Id.* "Qualified immunity is an affirmative defense on which the defendant has the burden of proof, either at trial or on a motion for summary judgment." *Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017).

Notably, however, it "is not necessary, of course, that 'the very action in question has previously been held unlawful.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866-67 (2017). Rather, "the need for 'clearly established' law is satisfied if the law on the subject was defined at the time with reasonable clarity or clearly foreshadowed in rulings of the Supreme Court or the Second Circuit, so that the defendant should have understood that her conduct was unlawful." *Montero v. City of Yonkers*, 890 F.3d 386, 402 (2d Circ. 2018); *see also Lynch v. Ackley*, 811 F.3d 569, 578-79 (2d Cir. 2016).

The Second Circuit held in *Montero* that when an employee speaks as a union representative and her speech is not "part-and-parcel of [that person's] concerns about [her] ability to properly execute [her] duties," then it is considered speech as a private citizen on a matter of public concern. *Montero*, 890 F.3d at 398. Ms. Zabar has pled that since June 2016, she has served on the school's union executive board representing English department teachers at the school for her union; has appeared at monthly consultation committee meetings with the principal and other school

administrators; has been very outspoken against the policies of Defendant Principal Ureña on behalf

of teachers at the monthly consultation meetings between the union and administrators at her school;

and in so vocalizing these grievances, has engaged in union advocacy and representation on behalf

of other union members. *See* Am. Compl. ¶¶ 21, 22, 27.  Additionally, Ms. Zabar vocalized issues

on behalf of herself and others at HSAD, relating to the changed student session schedules, the

elimination of a second-year language requirement, an SAT prep course, and issues regarding the

heating, ventilation, and air conditioning at the school.  *See id.* ¶ 27.  She also reported to Alice

O'Neil, UFT district representative, that Defendant Lynn Rosales was failing to report to and teach

her assigned AP classes, was breaching her duties as it pertained to data entry, and that she was

retaliating against all teachers who expressed any concern about her practices.  *See id.* ¶ 28.

*Montero* was decided on May 16, 2018, prior to the end of 2017-18 school year, and prior to

Defendants serving Ms. Zabar with Education Law Section 3020-a charges. Thus, the individual

defendants are not entitled to qualified immunity.

### POINT VII

**PLAINTIFF HAS STATED A PLAUSIBLE
CLAIM UNDER THE NYSHRL AND NYCHRL
FOR DISCRIMINATION AND HOSTILE
WORK ENVIRONMENT.**

**A.  Plaintiff's Disability-Based Discrimination Claims Do Not Fail Under the
NYSHRL and the NYCHRL.**

The New York State Executive Law and the New York City Administrative Code have a

broader definition of "disability" than does the ADA; neither statute requires any showing that

the disability substantially limits a major life activity.  *See Giordano v. City of New York*, 274 F.3d.

740, 753 (2d Cir. 2001).  Thus, even if it is determined that Ms. Zabar has not validly pled that her

disability substantially limits a major life activity, she is still considered disabled under State and City law.

Defendants argue that Ms. Zabar has failed to allege a claim that any of the complained-of adverse actions occurred under circumstances giving rise to an inference of disability discrimination. However, Ms. Zabar has pled that the adverse actions occurred after she made repeated requests for reasonable accommodation due to her disabilities. Whether Defendants engaged in these adverse actions due to Ms. Zabar's requests for accommodation, or due to her disabilities herself, are the same; they stem from a discriminatory animus relating to Ms. Zabar's status as a disabled person. Certainly, further discovery is warranted in order to ascertain whether this in fact occurred, but Ms. Zabar sufficiently has met her pleading requirements.

### B. Plaintiff Has Pled A Valid Hostile Work Environment Claim Under the NYSHRL and NYCHRL.

To prevail on a hostile work environment claim under the NYSHRL, a plaintiff "must make two showings: (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer." *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013).

The NYCHRL is expressly "more protective" than the NYSHRL. *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 579 (S.D.N.Y. 2011). Employers may only avoid liability under the NYCHRL for conduct that results in an employee being treated "less well" because of her membership in a protected category, such a disability, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013), when the conduct complained of constitutes nothing more than "petty slights and trivial inconveniences," *id.* at 111.

As alleged in her Amended Complaint, Ms. Zabar received four unwarranted less-than-effective evaluations, two unwarranted disciplinary letters to file, and received a "Developing" Measure of Teacher Performance ("MOTP") pedagogical rating for the 2016-17 school year. *See* Am. Compl. ¶¶ 29, 33, 35-40. By the end of the first half of the 2017-18 school year, Ms. Zabar had received three unwarranted less-than-effective written evaluation reports, and one disciplinary letter to file. *See id.* ¶¶ 42, 45, 47-48. Ms. Zabar received five additional disciplinary letters to file between March and June 2018, as well as two ineffective observations. *See id.* ¶¶ 51-54, 56. In September 2018, Ms. Zabar received her first "Developing" overall rating of her otherwise all effective or satisfactory teaching career. *Id.* at ¶ 59. On September 7, 2018, Ms. Zabar was served with New York State Education Law Section 3020-a disciplinary charges, which led to her reassignment from the school without any teaching duties since September 17, 2018 and are still pending to date. *See id.* at ¶¶ 60-61. Taken all together, after Ms. Zabar received exclusively Satisfactory and Effective ratings from the beginning of her employment through the end of the 2015-16 school year, *id.* at ¶ 19, Defendants' continuous barrage of unwarranted less-than-effective observations, disciplinary letters to file, and Education Law Section 3020-a charges created a sufficiently constant and pervasive hostile work environment towards Ms. Zabar to proceed to discovery and trial.

## CONCLUSION

For the foregoing reasons, Ms. Zabar respectfully requests that the Court deny Defendants' motion to dismiss the complaint in its entirety, order the case to continue to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             February 11, 2019

                                        **GLASS & HOGROGIAN LLP**
                                        Attorneys for Plaintiff
                                        85 Broad Street, 18th Floor @ Wework
                                        New York, NY 10004
                                        (212) 537-6859

                                    By: _____ s/ _____
                                            Bryan D. Glass, Esq.

20