UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MAYA ZABAR,

                             Plaintiff,

               -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARISOL ROSALES, SUPERINTENDENT OF HIGH
SCHOOLS OF DISTRICT 2; MANUEL UREÑA,
PRINCIPAL OF HIGH SCHOOL OF ART AND
DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL
OF HIGH SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL
OF ART AND DESIGN,

                             Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' FIRST
COMBINED SET OF
INTERROGATORIES
AND DOCUMENT REQUESTS**

18-CV-06657 (PGG)

        **PLEASE TAKE NOTICE** that pursuant to Rules 26, 33, and 34 of the Federal

Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the

Southern District of New York, defendants, by their attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, hereby demand that Plaintiff serve upon the undersigned

separate and complete answers, sworn to under oath, to each of the following interrogatories, and

produce and permit defendants to inspect and copy all documents described below at the Office

of the Corporation Counsel of the City of New York, 100 Church Street, New York, New York,

within thirty days of service of these interrogatories and requests for the production of

documents.

## INTERROGATORIES

        1.      Identify every person who has knowledge or information concerning

Plaintiff's claims against Defendants, or any elements of damages, as set forth in the amended

complaint dated October 4, 2018 ("Complaint").

2. Identify each and every person who was a representative on the High School of Art and Design ("HSAD") School Union Executive Board for the 2016-2017 school year as referred to in paragraph "21" of the Complaint and for the 2017-2018 school year as referred to in paragraph "41" of the Complaint.

3. Identify each English teacher who plaintiff helped with issues they were having with the HSAD school administration as alleged in paragraph "21" of the Complaint.

4. Identify each and every person who has knowledge or information concerning Plaintiff's performance evaluations, including but not limited to those evaluations identified in paragraphs "19," "20," "33," "35-38," "40," "44," "45," "47," "48," "52," "53," "58," and "59" of the Complaint.

5. Identify all persons who plaintiff may call as a witness at any trial of this action.

6. Identify each person plaintiff, or plaintiff's agents or persons working on plaintiff's behalf, consulted with who holds him/herself out to be an expert or consultant in any field, including, but not limited to, any medical, psychological, or related field, or an economics/damage calculation concerning any issues in this case.

7. Does plaintiff expect to call any person as an expert witness at trial? If so, for each expert witness provide the information, document(s) and report(s) required by Federal Rule of Civil Procedure 26(a)(2).

8. Does plaintiff claim to have suffered any of the following damages, as a result of the alleged discrimination by defendants: humiliation, psychological suffering, psychological injury, emotional injury, emotional suffering, mental suffering, or any other type of emotional distress damages (hereinafter referred to as "emotional distress damages")?

9. If the answer to the preceding Interrogatory is yes, state:

(a) The acts, actions or omissions of defendants or their agents that gave rise to such damages;

(b) the monetary amount of such damages; and

(c) the method or methods by which plaintiff arrived at that amount.

10. State in detail each and every financial expense or loss, other than emotional distress damages, allegedly incurred by plaintiff as a result of the acts or omissions of defendants:

(a) type of damages;

(b) the amount;

(c) the date incurred; and

(d) the amount of similar estimated future expenses or losses, if any.

11. Itemize in specific detail the mathematical basis for the total amount of damages plaintiff claims, stating how plaintiff arrived at this figure, whether plaintiff used a mathematical per diem or per week or per month figure in calculating any component of damages and, if so, the figure used and for what period, the length of time for which damages are claimed, and the amount of damages claimed.

12. Identify by name and provide the address of any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated plaintiff for any injuries or damages, including emotional distress damages, allegedly caused by the acts or omissions of defendants, their agents, or employees.

13.     Identify any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated plaintiff from 2008 until the present.

14.     For each person identified in response to the preceding two interrogatories, provide authorizations sufficient to enable defendants to obtain the records or documents connected with such counseling, evaluation, examination or treatment. Copies of sufficient authorizations are annexed hereto as Appendix A (for plaintiff's medical records) and Appendix B (for any psychiatric, psychotherapy or psychological counseling/treatment plaintiff received).

## **DOCUMENT REQUESTS**

1.     Provide a copy of all of the "Satisfactory" or "Effective" ratings as alleged in paragraph "19" of the Complaint.

2.     Provide a list of all members of the High School of Art and Design union executive board for the school year 2016-2017 school year.

3.     Provide a list of all members of the High School of Art and Design union executive board for the school year 2017-2018 school year.

4.     Provide copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018.

5.     Provide copies of all grievances filed by Plaintiff, on behalf of herself or other teachers, while serving on the High School of Art and Design union executive board.

6. Provide copies of all documents evidencing the "various issues English teachers were having with the school administration" as alleged in paragraph "21" of the Complaint.

7. Provide copies of all documents evidencing the issues at the school that the union executive board attempted to resolve with the principal as alleged in paragraph "21" of the Complaint.

8. Provide copies of all documents evidencing every instance where "Plaintiff has been very outspoken against the policies of Defendant Principal Ureña on behalf of teachers at the monthly consultation meetings between the union and administrators. . ." as alleged in paragraph "22" of the Complaint.

9. Provide copies of all documents evidencing that "[o]ver the summer of 2016, Plaintiff requested a change of her classroom" and that she "explained [to principal Ureña] that she was diagnosed with generalized anxiety disorder, and her assigned room was a trigger to her mental health condition" as alleged in paragraph "23" of the Complaint.

10. Provide copies of all documents evidencing that "[i]n September 2016, Plaintiff informed Defendant Assistant Principal Lynn Rosales that she was diagnosed with generalized anxiety disorder in addition to major depression at a face to face meeting when she requested that Plaintiff change the film history curriculum in three days' time" and that "Plaintiff requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email" as alleged in paragraph "24" of the Complaint.

11. Provide copies of all documents evidencing that "Plaintiff repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications

[i.e., all instructions, reminders, or updates regarding anything school related] to be placed in writing as part of her disability" as alleged in paragraph "25" of the Complaint.

12.     Provide copies of all documents and recordings evidencing that Plaintiff was "very outspoken regarding issues pertaining to her administration," as alleged in paragraph "27" of the Complaint.

13.     Provide copies of all documents and recordings evidencing that "Plaintiff vocalized issues before the administration regarding the changed student session schedules, the elimination of a second-year language requirement, and an SAT prep course, and issues regarding the heating, ventilation, and air conditioning at the school" as alleged in paragraph "27" of the Complaint.

14.     Provide copies of all documents and recordings evidencing the "Plaintiff continued to attend monthly union executive board meetings with school administration after school, and vocally expressed displeasure with the administration's treatment of students and staff at the school throughout the 2016-17 school year as alleged in paragraph "32" of the Complaint.

15.     Provide copies of all documents and recordings evidencing that Plaintiff "continued to be vocal at the monthly consultation meetings with school administration as an advocate for teachers in her department and within the school" at alleged in paragraph "41" of the Complaint.

16.     Provide copies of all documents relating to plaintiff's request for a room change as alleged in paragraphs "16" and "23" of the Complaint.

17.     Provide copies of all documents submitted by Plaintiff to request a reasonable accommodation.

18.     Provide copies of all documents submitted to the Defendants regarding Plaintiff's alleged disabilities of generalized anxiety, major depression, and post-traumatic stress disorder, as alleged in paragraph "16" of the Complaint.

19.     Provide copies of any notes, records, e-mails, and text messages documenting the alleged "harassment" and "retaliation" from the school administration, as alleged in paragraph "26" of the Complaint.

20.     Provide a copy of each email/social media/SMS/text message/note/recording/other documents that Plaintiff sent or received concerning Plaintiff's report to UFT District Representative Alice O'Neil in early November 2016 that "Defendant Lynn Rosales [was] failing to report to and teach her assigned Advanced Placement (AP) classes" and "that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices," as alleged in paragraph "28" of the Complaint.

21.     Provide a copy of the November 5, 2016 disciplinary letter referred to in paragraph "29" of the Complaint.

22.     Provide a copy of the November 17, 2016 disciplinary letter referred to in paragraph "29" of the Complaint.

23.     Provide a copy of the "less-than-effective written evaluation report" that was conducted on October 13, 2016, referred to in paragraph "33" of the Complaint.

24.     Provide a copy of the APPR union grievance, filed by Plaintiff, challenging Plaintiff's November 22, 2016 evaluation report as referred to in paragraph "34" of the Complaint.

25.     Provide a copy of the decision of the APPR union grievance challenging Plaintiff's November 22, 2016 evaluation report as referred to in paragraph "34" of the Complaint.

26.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on December 12, 2016, referred to in paragraph "35" of the Complaint.

27.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on March 22, 2017, referred to in paragraph "36" of the Complaint.

28.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on March 24, 2017, referred to in paragraph "37" of the Complaint.

29.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on May 30, 2017, referred to in paragraph "38" of the Complaint.

30.     Provide a copy of the February 27, 2017 disciplinary letter referred to in paragraph "39" of the Complaint.

31.     Provide a copy of the April 19, 2017 disciplinary letter referred to in paragraph "39" of the Complaint.

32.     Provide a copy of Plaintiff's "developing" rating for her Measures of Teachers Performance ("MOTP") for the 2016-2017 school year as referred to in paragraph "40" of the Complaint.

33.     Provide a copy of Plaintiff's "effective" annual rating for the 2016-2017 school year as referred to in paragraph "40" of the Complaint.

34.     Provide a copy of the September 6, 2017 disciplinary letter referred to in paragraph "42" of the Complaint.

35.     Provide a copy of Plaintiff's request to leave early for Yom Kippur on September 29, 2017 as referred to in paragraph "43" of the Complaint.

36.     Provide a copy of the denial issued by Defendant Principal Ureña regarding Plaintiff's request to leave early for Yom Kippur on September 29, 2017 as referred to in paragraph "43" of the Complaint.

37.     Provide a copy of any documents, e-mails, notes, or the like submitted by students to Plaintiff, or memorialized by Plaintiff, about "a substantial increase in the number of swastikas in the school since Principal Ureña arrived at the school" as alleged in paragraph "43" of the Complaint.

38.     Provide a copy of the ineffective rating for an observation referred to in paragraph "44" of the Complaint.

39.     Provide copies of all documents pertaining to Plaintiff's presentation about the Holocaust at an executive board meeting as referred to in paragraph "44" of the Complaint.

40.     Provide a copy of the "less-than-effective written evaluation report" that was conducted on October 2, 2017, referred to in paragraph "45" of the Complaint.

41.     Provide a copy of the APPR union grievance, filed by Plaintiff, challenging Plaintiff's December 8, 2017 evaluation report for an observation conducted on October 2, 2017 as referred to in paragraph "45" of the Complaint.

42.     Provide copies of any and all communications sent or received by Plaintiff regarding "an academic art show that she was coordinating and planning with students" as referred to in paragraph "46" of the Complaint.

43.     Provide a copy of the invitation sent to parents about the opening evening of the art show as referred to in paragraph "46" of the Complaint.

44.     Provide copies of any and all communications sent or received by Plaintiff regarding the cancellation of the art show "because administration scheduled a meeting there" as alleged in paragraph "46" of the Complaint.

45.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on November 27, 2017, referred to in paragraph "47" of the Complaint.

46.     Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on December 14, 2017, referred to in paragraph "48" of the Complaint.

47.     Provide a copy of the February 16, 2018 complaint of discrimination filed with the Equal Employment Opportunity Commission referred to in paragraph "49" of the Complaint.

48.     Provide a copy of the March 16, 2018 disciplinary letter referred to in paragraph "51" of the Complaint.

49.     Provide copies of all documents showing Plaintiff's pay was docked as alleged in paragraph "51" of the Complaint.

50.     Provide a copy of the "ineffective observation" that Plaintiff received for an observation that was conducted on May 1, 2018, as referred to in paragraph "52" of the Complaint.

51.     Provide a copy of the "ineffective observation" that Plaintiff received for an observation conducted on May 9, 2018, as referred to in paragraph "53" of the Complaint.

52.     Provide copies of the three disciplinary letters received by Plaintiff on May 31, 2018 referred to in paragraph "54" of the Complaint.

53.     Provide a copy of the disciplinary letter received by Plaintiff on June 22, 2018 referred to in paragraph "56" of the Complaint.

54.     Provide copies of all documents evidencing that Plaintiff's absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her," as referred to in paragraph "56" of the Complaint.

55.     Provide a copy of Plaintiff's "ineffective" rating for her Measures of Teachers Performance ("MOTP") annual score for the 2017-2018 school year as referred to in paragraph "58" of the Complaint.

56.     Provide a copy of Plaintiff's effective MOSL score for the 2017-2018 school year as referred to in paragraph "59" of the Complaint.

57.     Provide a copy of Plaintiff's developing overall rating for the 2017-2018 school year as referred to in paragraph "59" of the Complaint.

58.     Provide a copy of Plaintiff's Teacher Improvement Plan for the 2018-2019 school year as referred to in paragraph "59" of the Complaint.

59.     Provide a copy of the 3020-a disciplinary charges and specifications served on Plaintiff as referred to in paragraph "60" of the Complaint.

60.     Provide a copy of the reassignment letter provided to Plaintiff as referred to in paragraph "61" of the Complaint.

61.     Provide copies of all documents evidencing any of Plaintiff's previous per session work assignments performed while assigned to the High School of Arts and Design.

62.     For each email or social media account (including, but not limited to, personal email accounts such as Hotmail, Outlook, Yahoo mail, Gmail, AOL, Facebook, Twitter, blogs, You Tube channels, etc.) that Plaintiff maintained or maintains and has used during the period from January 1, 2016 to the present, provide a copy of each email/social media/SMS/text message that plaintiff sent or received concerning the allegations set forth in the Complaint in this action including but not limited to, plaintiff's concerns/criticism about her treatment, the treatment of other teachers at the HSAD, the treatment of students at the HSAD or other actions taken by defendants or other HSAD administrators/supervisors.

63.     Provide a copy of all documents filed or submitted by Plaintiff to Defendants regarding the terms and conditions of her employment, including but not limited to any grievances or complaints Plaintiff filed with her union, any complaints submitted or filed with BOE's Equal Employment Opportunity Office or any complaints submitted or filed with BOE management.

64.     Provide copies of all communications Plaintiff received (e-mail and in writing) from her supervisors concerning her job performance.

65.     Provide copies of all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the

claims in this action, including the claims for damages and mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint.

66.     Provide a copy of all documents sent or received by Plaintiff, or Plaintiff's agents or persons working on Plaintiff's behalf, to or from, any governmental entity concerning the allegations set forth in the complaint, including, but not limited to, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission of Human Rights; the New York State Department of Labor; the New York City Department of Investigation; or the New York State Attorney General's Office.

67.     Provide a copy of all documents that refer, relate to, or reflect each and every one of Plaintiff's claims, if any, for emotional distress damages.

68.     Provide copies of all documents identified in the papers concerning this matter, which plaintiff filed with the Court and/or served on Defendants, including Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

69.     Provide a copy of any and all documents concerning any economic loss or financial expenses that Plaintiff claims to have incurred to date as a result of the alleged wrongful acts or omissions of the defendants, including, but not limited to, attorneys' fees.

70.     Produce all documents concerning any communication regarding any of the allegations in this action between Plaintiff, and any other person concerning the allegations in the Complaint or any element of damages claimed in this case including, but not limited to,

communication with any of the following individuals: James Agosto, Todd Young, Karen Eubanks, Manuel Ureña, Alice O'Neil, Sari Perez, Lynn Rosales, and Marisol Rosales.

Dated:       New York, New York
              December 17, 2018

                          **ZACHARY W. CARTER**
                          Corporation Counsel of the
                           City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-316
                          New York, New York 10007
                          (212) 356-2451
                          nigreen@law.nyc.gov

                     By:    */s/ Samantha P. Turetsky*
                           Samantha P. Turetsky
                           Assistant Corporation Counsel


To:     Bryan D. Glass, Esq. (By First Class Mail and E-Mail)
         GLASS & HOGROGIAN, LLP
         Attorneys for Plaintiff Maya Zabar
         85 Broad Street, 18th Floor @ WeWork
         New York, New York 10004
         (212) 537-6859
         bglass@ghnylaw.com

**APPENDIX A – Medical Records Authorization**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MAYA ZABAR,

                                        Plaintiff,

                        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARISOL ROSALES, SUPERINTENDENT OF HIGH
SCHOOLS OF DISTRICT 2; MANUEL UREÑA,
PRINCIPAL OF HIGH SCHOOL OF ART AND
DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL
OF HIGH SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL
OF ART AND DESIGN,

                                        Defendants.
------------------------------------------------------------------------ x

**RELEASE AND
AUTHORIZATION**

No. 18-CV-6657 (PGG)

TO:    Hospital/Clinic/Physician/Other:_____

      **YOU ARE HEREBY AUTHORIZED**, at my request in connection with the above captioned case, to furnish to ZACHARY W. CARTER, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a copy of the entire medical or hospital record of **MAYA ZABAR**, D.O.B. _____, SSN _____, who was evaluated, examined or treated by you or in your office, hospital or facility; and

      **YOU ARE FURTHER AUTHORIZED**, at my request in connection with the above-captioned case, to permit the said attorney, his authorized representative or a duly licensed doctor or medical professional designated by said attorney to examine any and all x-rays of said person and any and all evaluation records, diagnostic tests, studies, or examinations relating to such person.

      I understand that I may revoke this authorization in writing at any time, provided that I do so in writing, except to the extent that action has been taken in reliance upon this

authorization. Unless revoked earlier, this authorization will expire upon the issuance of a final judgment in the above-captioned case or after all appeals have been exhausted, whichever event occurs later.

I further understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits from the health care provider identified above.

I further understand that if my records contain confidential HIV-related information, this information will be released pursuant to this authorization form (this includes any information indicating that I have had an HIV-related test, or have HIV infection, HIV-related illness or AIDS, or any information which could indicated that I have been potentially exposed to HIV.)

I further understand that the information and documents authorized to be disclosed pursuant to this release and authorization may be redisclosed and no longer protected by the federal regulations governing Privacy of Individually Identifiable Health Information. However, the recipient may be prohibited from disclosing HIV-related information under applicable federal and state law.

Dated: _____, New York
_____, 2018

_____
MAYA ZABAR

STATE OF NEW YORK, COUNTY OF _____, ss:

On the _____ day of _____, 2018, before me personally came and appeared MAYA ZABAR to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

# APPENDIX B – Psychotherapy Records Authorization

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MAYA ZABAR,

                                    Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARISOL ROSALES, SUPERINTENDENT OF HIGH
SCHOOLS OF DISTRICT 2; MANUEL UREÑA,
PRINCIPAL OF HIGH SCHOOL OF ART AND
DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL
OF HIGH SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL
OF ART AND DESIGN,

                                    Defendants.
-------------------------------------------------------------------- x

**RELEASE AND
AUTHORIZATION**

No. 18-CV-6657 (PGG)

   **YOU ARE HEREBY AUTHORIZED,** at my request in connection with the
above captioned case, to furnish to ZACHARY W. CARTER, Corporation Counsel of the City
of New York, attorney for the defendants in the above captioned case, or to his authorized
representative, a copy of the entire counseling or psychotherapy/psychiatric record, including all
psychotherapy/psychiatrist notes, of **MAYA ZABAR**, D.O.B. _____, SSN _____,
who was counseled, evaluated, examined or  treated by you or in your office, hospital or facility;
and

   **YOU ARE FURTHER AUTHORIZED,** at my request in connection with the
above captioned case, to permit the said attorney, his authorized representative or a duly licensed
doctor or medical professional designated by said attorney to examine any and all counseling,
psychotherapy/psychiatric or evaluation records, counseling/interview/psychotherapy notes,
diagnostic tests, studies, or examinations relating to such person.

I understand that I may revoke this authorization in writing at any time, provided that I do so in writing, except to the extent that action has been taken in reliance upon this authorization. Unless revoked earlier, this authorization will expire upon the issuance of a final judgment in the above captioned case or after all appeals have been exhausted, whichever event occurs later.

I further understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits from the health care provider identified above.

I further understand that the information and documents authorized to be disclosed pursuant to this release and authorization may be redisclosed and no longer protected by the federal regulations governing Privacy of Individually Identifiable Health Information. However, the recipient may be prohibited from disclosing HIV-related information under applicable federal and state law.

Dated: _____, New York
_____, 2018

_____
MAYA ZABAR

STATE OF NEW YORK, COUNTY OF _____, ss:

On the _____ day of _____, 2018, before me personally came and appeared MAYA ZABAR to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------

MAYA ZABAR,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MARISOL
ROSALES, SUPERINTENDENT OF HIGH SCHOOLS OF
DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF HIGH SCHOOL
OF ART AND DESIGN; LYNN ROSALES, ASSISTANT
PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART
AND DESIGN,

Defendants.
--------------------------------------------------------------------   x

**CERTIFICATE OF SERVICE**

18-CV-06657 (PGG)

**SAMANTHA P. TURETSKY** declares, under penalty of perjury and pursuant to 28 U.S.C. §
1746, that the following is true and correct:

      1.    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation
Counsel of the City of New York, attorney for the Defendants Board of Education of the City School District of the
City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"),
Principal Manuel Ureña, Superintendent Marisol Rosales, Assistant Principal Lynn Rosales, and Assistant Principal
Sari Perez in this matter.

      2.    On December 17, 2018, I served a copy of the foregoing Defendants' First Combined set
of Interrogatories and Document Requests, enclosed in a first class postpaid properly addressed wrapper, and
deposited in a post office/official depository under the exclusive care and custody of the United States Postal
Service, within the State of New York, directed to Bryan D. Glass, Plaintiff's Counsel, at the address set forth
below, being the address designated by Plaintiff's Counsel for that purpose:

Bryan D. Glass, Esq
GLASS & HOGROGIAN, LLP
Attorneys for Plaintiff Maya Zabar
85 Broad Street, 18th Floor @ WeWork
New York, New York 10004

      3.    On December 17, 2018, I also served a copy of the foregoing Defendants' First Combined set
of Interrogatories and Document Requests, by transmitting an Adobe PDF file copy of the same via e-mail directed
to Bryan D. Glass at the e-mail address "bglass@ghnylaw.com."

      I declare under penalties of perjury that the foregoing is true and correct.

Dated:    New York, New York
           December 17, 2018

SAMANTHA P. TURETSKY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA ZABAR,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARISOL ROSALES, SUPERINTENDENT OF HIGH
SCHOOLS OF DISTRICT 2; MANUEL UREÑA,
PRINCIPAL OF HIGH SCHOOL OF ART AND
DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL
OF HIGH SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL
OF ART AND DESIGN,

Defendants.

**DEFENDANTS' FIRST COMBINED SET OF
INTERROGATORIES AND REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-316*
*New York, New York  10007*

*Of Counsel:  Samantha P. Turetsky*
*Tel:  (212) 356-2451*
*Matter No.:  2018-057439*

*Due and timely service is hereby admitted*

*New York, New York  ................................................. , 2018.*

*........................................................................................ Esq.*

*Attorney for...........................................................................*