UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA ZABAR,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; et al.,

                Defendants.

**18 Civ. 6657 (PGG)**

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST COMBINED SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO PLAINTIFF

       Pursuant to Rules 26 and 33(b) of the Federal Rules of Civil Procedure, and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff Maya Zabar ("Plaintiff"), by her undersigned attorneys, hereby objects and responds to Defendants' First Combined Set of Interrogatories and Document Requests to Plaintiff as follows:

### GENERAL OBJECTIONS

       1.    Plaintiff objects to the Interrogatories and Document Requests to the extent that they are overly broad, unduly burdensome, vague and ambiguous, and/or not reasonably calculated to lead to the discovery of admissible evidence.

       2.    Plaintiff objects to the Interrogatories and Document Requests to the extent that they purport to call for the disclosure of attorney-client communications, information that was prepared for or in anticipation of litigation, or information that is otherwise privileged or immune from discovery. The inadvertent disclosure of any information subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

       3.    Plaintiff objects to the Interrogatories and Document Requests to the extent that they purport to impose discovery obligations upon Plaintiff beyond those provided for in the Federal Rules of Civil Procedure, the local rules of the Southern District of New York, or other applicable rules or statutes.

       4.    Plaintiff objects to the Interrogatories and Document Requests to the extent that they seek information not relevant to the claims or defenses of any party to this action. To the extent that Plaintiff responds to these Interrogatories, Plaintiff does not concede

that the information requested is relevant to this action, and Plaintiff preserves all objections as to competence, relevance, materiality, and admissibility.

5.      Plaintiff objects to the Interrogatories and Document Requests to the extent that they call for information in the possession, custody, or control of Defendants and which has not yet been provided to Plaintiff.

6.      The providing of information herein shall not be construed as an admission by Plaintiff that any such information is relevant, material, and/or admissible for any purpose, including trial, in the above-captioned action, and Plaintiff does not waive his right to object, on any ground, to the admissibility or use of the information provided in response to the Interrogatories.

7.      All responses are based on Plaintiff's current knowledge and reasonable belief, and Plaintiff reserves the right to amend or supplement these Responses.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8.      Plaintiff objects to Defendants' definition of "identify" in the Interrogatories as unduly burdensome as almost all individuals with information relevant to these Interrogatories are or were employees of Defendants.   Identifying information about these individuals is in Defendants' possession, custody, or control, and is not available to Plaintiff; thus is more conveniently obtained from Defendants' own files or other sources.   To the extent that Plaintiff has identifying information regarding the individuals named in response to these Interrogatories, it is provided below.   Parties to this action are identified by name only.

## INTERROGATORY NO. 1

Identify every person who has knowledge or information concerning Plaintiff's claims against Defendants, or any elements of damages, as set forth in the amended complaint dated October 4, 2018 ("Complaint").

### ANSWER

Plaintiff objects to this interrogatory as vague, overbroad and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies the individuals named in the Rule 26(a)(1) previously served in this matter.

## INTERROGATORY NO. 2

Identify each and every person who was a representative on the High School of Art and Design ("HSAD") School Union Executive Board for the 2016-2017 school year as referred to in paragraph "21" of the Complaint and for the 2017-2018 school year as referred to in paragraph "41" of the Complaint.

### ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and unduly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies herself, Lorraine Liriano, Jason Agosto, Andrew Savage, Pascal Jutard, Mr. Rebel, Robert Robinson, George Zicopoulis, and Rachel Kaplan.

## INTERROGATORY NO. 3

Identify each English teacher who plaintiff helped with issues they were having with the HSAD school administration as alleged in paragraph "21" of the Complaint.

### ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies Kathy Sorensen, Jackie Bifano, Jamie Zaffos, Todd Young, and Julie Carlton.

## INTERROGATORY NO. 4

Identify each and every person who has knowledge or information concerning Plaintiff's performance evaluations, including but not limited to those evaluations identified in paragraphs "19," "20," "33," "35-38," "40," "44," "45," "47," "48," "52," "53," "58," and "59" of the Complaint.

### ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies, *inter alia*, Bernadette Mikolajczyk, Manuel Urena, and Lynn Rosales. Other

individuals on the Rule 26a1 list are aware of Plaintiff's performance evaluations, as well as Anthony Rubio.

## INTERROGATORY NO. 5

Identify all persons who plaintiff may call as a witness at any trial of this action.

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff has not decided who yet to call for trial, and will supplement at a later time if necessary.

## INTERROGATORY NO. 6

Identify each person plaintiff, or plaintiff's agents or persons working on plaintiff's behalf, consulted with who holds him/herself out to be an expert or consultant in any field, including, but not limited to, any medical, psychological, or related field, or an economics/damage calculation concerning any issues in this case.

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies Dr. Flavia Robotti (psychiatrist) and Dr. Beverly Feigelman (therapist).

## INTERROGATORY NO. 7

Does plaintiff expect to call any person as an expert witness at trial? If so, for each expert witness provide the information, document(s) and report(s) required by Federal Rule of Civil Procedure 26(a)(2).

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff has not decided who yet to call as an expert, and will supplement at a later time if necessary.

## INTERROGATORY NO. 8

Does plaintiff claim to have suffered any of the following damages, as a result of the alleged discrimination by defendants: humiliation, psychological suffering, psychological injury, emotional injury, emotional suffering, mental suffering, or any other type of emotional distress damages (hereinafter referred to as "emotional distress damages")?

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff responds in the affirmative.

## INTERROGATORY NO. 9

If the answer to the preceding Interrogatory is yes, state:

(a) The acts, actions or omissions of defendants or their agents that gave rise to such damages;

(b) the monetary amount of such damages; and

(c) the method or methods by which plaintiff arrived at that amount.

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff has not yet calculated specific damages at this time.

## INTERROGATORY NO. 10

State in detail each and every financial expense or loss, other than emotional distress damages, allegedly incurred by plaintiff as a result of the acts or omissions of defendants:

(a) type of damages;

(b) the amount;

(c) the date incurred; and

(d) the amount of similar estimated future expenses or losses, if any.

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff identifies medical and legal expenses, and various per session losses, which likely exceed $15,000.

## INTERROGATORY NO. 11

Itemize in specific detail the mathematical basis for the total amount of damages plaintiff claims, stating how plaintiff arrived at this figure, whether plaintiff used a mathematical per diem or per week or per month figure in calculating any component of damages and, if so,

the figure used and for what period, the length of time for which damages are claimed, and the amount of damages claimed.

**ANSWER**

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Interrogatory No. 11.

**INTERROGATORY NO. 12**

Identify by name and provide the address of any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated plaintiff for any injuries or damages, including emotional distress damages, allegedly caused by the acts or omissions of defendants, their agents, or employees.

**ANSWER**

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Interrogatory No. 6.

**INTERROGATORY NO. 13**

Identify any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated plaintiff from 2008 until the present.

**ANSWER**

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Interrogatory No. 6.

**INTERROGATORY NO. 14**

For each person identified in response to the preceding two interrogatories, provide authorizations sufficient to enable defendants to obtain the records or documents connected with such counseling, evaluation, examination or treatment. Copies of sufficient authorizations are annexed hereto as Appendix A (for plaintiff's medical records) and Appendix B (for any psychiatric, psychotherapy or psychological counseling/treatment plaintiff received).

## ANSWER

Plaintiff objects to this interrogatory as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the signed authorizations attached hereto.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1

Provide a copy of all of the "Satisfactory" or "Effective" ratings as alleged in paragraph "19" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents provided by Defendants with their Rule 26(a)(1) response.

## DOCUMENT REQUEST NO. 2

Provide a list of all members of the High School of Art and Design union executive board for the school year 2016-2017 school year.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Interrogatory No. 2.

## DOCUMENT REQUEST NO. 3

Provide a list of all members of the High School of Art and Design union executive board for the school year 2017-2018 school year.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Interrogatory No. 2, with the exception of Lorraine Liriano not serving in 2017-18 to Plaintiff's recollection.

## DOCUMENT REQUEST NO. 4

Provide copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff is not in possession of such documents.

## DOCUMENT REQUEST NO. 5

Provide copies of all grievances filed by Plaintiff, on behalf of herself or other teachers, while serving on the High School of Art and Design union executive board.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff is not possession of such documents, as the chapter leader files grievances for UFT members at the school. Plaintiff filed at least one grievance on her own annexed as Document Nos. P001 - P003.

## DOCUMENT REQUEST NO. 6

Provide copies of all documents evidencing the "various issues English teachers were having with the school administration" as alleged in paragraph "21" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P004 – P024.

## DOCUMENT REQUEST NO. 7

Provide copies of all documents evidencing the issues at the school that the union executive board attempted to resolve with the principal as alleged in paragraph "21" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Documents Nos. P021 – P022, P026 – P028, P030 – P040.

## DOCUMENT REQUEST NO. 8

Provide copies of all documents evidencing every instance where "Plaintiff has been very outspoken against the policies of Defendant Principal Ureña on behalf of teachers at the monthly consultation meetings between the union and administrators. . ." as alleged in paragraph "22" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P004, P019 – P020, P023 – P024, P029, P041- P046, P129.

## DOCUMENT REQUEST NO. 9

Provide copies of all documents evidencing that "[o]ver the summer of 2016, Plaintiff requested a change of her classroom" and that she "explained [to principal Ureña] that she was diagnosed with generalized anxiety disorder, and her assigned room was a trigger to her mental health condition" as alleged in paragraph "23" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff does not have specific documents relevant to this request as this was a verbal discussion.

## DOCUMENT REQUEST NO. 10

Provide copies of all documents evidencing that "[i]n September 2016, Plaintiff informed Defendant Assistant Principal Lynn Rosales that she was diagnosed with generalized anxiety disorder in addition to major depression at a face to face meeting when she requested that Plaintiff change the film history curriculum in three days' time" and that "Plaintiff requested as an accommodation to her mental health conditions that she required all instructions, reminders, or updates regarding anything school related in writing or via email" as alleged in paragraph "24" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document No. P047.

## DOCUMENT REQUEST NO. 11

Provide copies of all documents evidencing that "Plaintiff repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications [i.e., all instructions, reminders, or updates regarding anything school related] to be placed in writing as part of her disability" as alleged in paragraph "25" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P025, P047 – P056.

## DOCUMENT REQUEST NO. 12

Provide copies of all documents and recordings evidencing that Plaintiff was "very outspoken regarding issues pertaining to her administration," as alleged in paragraph "27" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P019-020 which may be responsive to this request.

## DOCUMENT REQUEST NO. 13

Provide copies of all documents and recordings evidencing that "Plaintiff vocalized issues before the administration regarding the changed student session schedules, the elimination of a second-year language requirement, and an SAT prep course, and issues regarding the heating, ventilation, and air conditioning at the school" as alleged in paragraph "27" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff does not have specific documents relevant to this request as this was a verbal discussion.

## DOCUMENT REQUEST NO. 14

Provide copies of all documents and recordings evidencing the "Plaintiff continued to attend monthly union executive board meetings with school administration after school, and vocally expressed displeasure with the administration's treatment of students and staff at the school throughout the 2016-17 school year as alleged in paragraph "32" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff does not have specific documents relevant to this request as this was a verbal discussion.

## DOCUMENT REQUEST NO. 15

Provide copies of all documents and recordings evidencing that Plaintiff "continued to be vocal at the monthly consultation meetings with school administration as an advocate for teachers in her department and within the school" at alleged in paragraph "41" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff does not have specific documents relevant to this request as this was a verbal discussion.

**DOCUMENT REQUEST NO. 16**

Provide copies of all documents relating to plaintiff's request for a room change as alleged in paragraphs "16" and "23" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff does not have specific documents relevant to this request as this was a verbal discussion.

**DOCUMENT REQUEST NO. 17**

Provide copies of all documents submitted by Plaintiff to request a reasonable accommodation.

**ANSWER**

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff was not made aware by administration of her right to request a reasonable accommodation.

**DOCUMENT REQUEST NO. 18**

Provide copies of all documents submitted to the Defendants regarding Plaintiff's alleged disabilities of generalized anxiety, major depression, and post-traumatic stress disorder, as alleged in paragraph "16" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P051, P057 – P088.

**DOCUMENT REQUEST NO. 19**

Provide copies of any notes, records, e-mails, and text messages documenting the alleged "harassment" and "retaliation" from the school administration, as alleged in paragraph "26" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the response to Document Request No. 18 and additional Document Nos. P004, P041-P043, P052 – P054, P057 – P066, P072 – P073, and P078 – P140.

## DOCUMENT REQUEST NO. 20

Provide a copy of each email/social media/SMS/text message/note/recording/other documents that Plaintiff sent or received concerning Plaintiff's report to UFT District Representative Alice O'Neil in early November 2016 that "Defendant Lynn Rosales [was] failing to report to and teach her assigned Advanced Placement (AP) classes" and "that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices," as alleged in paragraph "28" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to Document Nos. P141 – P145.

## DOCUMENT REQUEST NO. 21

Provide a copy of the November 5, 2016 disciplinary letter referred to in paragraph "29" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO.  22

Provide a copy of the November 17, 2016 disciplinary letter referred to in paragraph "29" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 23

Provide a copy of the "less-than-effective written evaluation report" that was conducted on October 13, 2016, referred to in paragraph "33" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 24

Provide a copy of the APPR union grievance, filed by Plaintiff, challenging Plaintiff's November 22, 2016 evaluation report as referred to in paragraph "34" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff is still searching for these documents.

## DOCUMENT REQUEST NO. 25

Provide a copy of the decision of the APPR union grievance challenging Plaintiff's November 22, 2016 evaluation report as referred to in paragraph "34" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff is still searching for these documents.

## DOCUMENT REQUEST NO. 26

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on December 12, 2016, referred to in paragraph "35" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 27

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on March 22, 2017, referred to in paragraph "36" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving the aforementioned general and specific objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 28

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on March 24, 2017, referred to in paragraph "37" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 29

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on May 30, 2017, referred to in paragraph "38" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 30

Provide a copy of the February 27, 2017 disciplinary letter referred to in paragraph "39" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 31

Provide a copy of the April 19, 2017 disciplinary letter referred to in paragraph "39" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 32

Provide a copy of Plaintiff's "developing" rating for her Measures of Teachers Performance ("MOTP") for the 2016-2017 school year as referred to in paragraph "40" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 33

Provide a copy of Plaintiff's "effective" annual rating for the 2016-2017 school year as referred to in paragraph "40" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 34

Provide a copy of the September 6, 2017 disciplinary letter referred to in paragraph "42" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 35

Provide a copy of Plaintiff's request to leave early for Yom Kippur on September 29, 2017 as referred to in paragraph "43" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome, and repetitive. Subject to and without waiving these objections, Plaintiff refers to a verbal conversation with Lynn Rosales.

## DOCUMENT REQUEST NO. 36

Provide a copy of the denial issued by Defendant Principal Ureña regarding Plaintiff's request to leave early for Yom Kippur on September 29, 2017 as referred to in paragraph "43" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome, and repetitive. Subject to and without waiving these objections, Plaintiff refers to a verbal conversation with Lynn Rosales.

## DOCUMENT REQUEST NO. 37

Provide a copy of any documents, e-mails, notes, or the like submitted by students to Plaintiff, or memorialized by Plaintiff, about "a substantial increase in the number of swastikas in the school since Principal Ureña arrived at the school" as alleged in paragraph "43" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, overbroad, and overly burdensome, and repetitive. Subject to and without waiving these objections, Plaintiff refers to verbal conversations with students, including Andrea Kraft.

## DOCUMENT REQUEST NO. 38

Provide a copy of the ineffective rating for an observation referred to in paragraph "44" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 39

Provide copies of all documents pertaining to Plaintiff's presentation about the Holocaust at an executive board meeting as referred to in paragraph "44" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff does not have relevant documents as it refers to a verbal conversation.

## DOCUMENT REQUEST NO. 40

Provide a copy of the "less-than-effective written evaluation report" that was conducted on October 2, 2017, referred to in paragraph "45" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 41

Provide a copy of the APPR union grievance, filed by Plaintiff, challenging Plaintiff's December 8, 2017 evaluation report for an observation conducted on October 2, 2017 as referred to in paragraph "45" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document Nos. P001 – P003.

## DOCUMENT REQUEST NO. 42

Provide copies of any and all communications sent or received by Plaintiff regarding "an academic art show that she was coordinating and planning with students" as referred to in paragraph "46" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document No. P146 – P147.

## DOCUMENT REQUEST NO. 43

Provide a copy of the invitation sent to parents about the opening evening of the art show as referred to in paragraph "46" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document Nos. P146 – P148.

**DOCUMENT REQUEST NO. 44**

Provide copies of any and all communications sent or received by Plaintiff regarding the cancellation of the art show "because administration scheduled a meeting there" as alleged in paragraph "46" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document No. (44).

**DOCUMENT REQUEST NO. 45**

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on November 27, 2017, referred to in paragraph "47" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

**DOCUMENT REQUEST NO. 46**

Provide a copy of the "less-than-effective written evaluation report" that was for an observation conducted on December 14, 2017, referred to in paragraph "48" of the Complaint.

**ANSWER**

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

**DOCUMENT REQUEST NO. 47**

Provide a copy of the February 16, 2018 complaint of discrimination filed with the Equal Employment Opportunity Commission referred to in paragraph "49" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 48

Provide a copy of the March 16, 2018 disciplinary letter referred to in paragraph "51" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 49

Provide copies of all documents showing Plaintiff's pay was docked as alleged in paragraph "51" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 50

Provide a copy of the "ineffective observation" that Plaintiff received for an observation that was conducted on May 1, 2018, as referred to in paragraph "52" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 51

Provide a copy of the "ineffective observation" that Plaintiff received for an observation conducted on May 9, 2018, as referred to in paragraph "53" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 52

Provide copies of the three disciplinary letters received by Plaintiff on May 31, 2018 referred to in paragraph "54" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 53

Provide a copy of the disciplinary letter received by Plaintiff on June 22, 2018 referred to in paragraph "56" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 54

Provide copies of all documents evidencing that Plaintiff's absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her," as referred to in paragraph "56" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and unclear.

## DOCUMENT REQUEST NO. 55

Provide a copy of Plaintiff's "ineffective" rating for her Measures of Teachers Performance ("MOTP") annual score for the 2017-2018 school year as referred to in paragraph "58" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 56

Provide a copy of Plaintiff's effective MOSL score for the 2017-2018 school year as referred to in paragraph "59" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 57

Provide a copy of Plaintiff's developing overall rating for the 2017-2018 school year as referred to in paragraph "59" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 58

Provide a copy of Plaintiff's Teacher Improvement Plan for the 2018-2019 school year as referred to in paragraph "59" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 59

Provide a copy of the 3020-a disciplinary charges and specifications served on Plaintiff as referred to in paragraph "60" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 60

Provide a copy of the reassignment letter provided to Plaintiff as referred to in paragraph "61" of the Complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents produced by Defendants.

## DOCUMENT REQUEST NO. 61

Provide copies of all documents evidencing any of Plaintiff's previous per session work assignments performed while assigned to the High School of Arts and Design.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff does not have documents relevant to this request.

## DOCUMENT REQUEST NO. 62

For each email or social media account (including, but not limited to, personal email accounts such as Hotmail, Outlook, Yahoo mail, Gmail, AOL, Facebook, Twitter, blogs, You Tube channels, etc.) that Plaintiff maintained or maintains and has used during the period from January 1, 2016 to the present, provide a copy of each email/social media/SMS/text message that plaintiff sent or received concerning the allegations set forth in the Complaint in this action including but not limited to, plaintiff's concerns/criticism about her treatment, the treatment of other teachers at the HSAD, the treatment of students at the HSAD or other actions taken by defendants or other HSAD administrators/supervisors.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and irrelevant.

## DOCUMENT REQUEST NO. 63

Provide a copy of all documents filed or submitted by Plaintiff to Defendants regarding the terms and conditions of her employment, including but not limited to any

grievances or complaints Plaintiff filed with her union, any complaints submitted or filed with BOE's Equal Employment Opportunity Office or any complaints submitted or filed with BOE management.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document Request No. 5.


## DOCUMENT REQUEST NO. 64

Provide copies of all communications Plaintiff received (e-mail and in writing) from her supervisors concerning her job performance.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to Document Nos. P149 – P162.

## DOCUMENT REQUEST NO. 65

Provide copies of all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action, including the claims for damages and mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers Document Nos. P131 – P135.

## DOCUMENT REQUEST NO. 66

Provide a copy of all documents sent or received by Plaintiff, or Plaintiff's agents or persons working on Plaintiff's behalf, to or from, any governmental entity concerning the allegations set forth in the complaint, including, but not limited to, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission of Human Rights; the New York State Department of Labor; the New York City Department of Investigation; or the New York State Attorney General's Office.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the documents sent to the EEOC already in possession of the NYCDOE.

## DOCUMENT REQUEST NO. 67

Provide a copy of all documents that refer, relate to, or reflect each and every one of Plaintiff's claims, if any, for emotional distress damages.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the medical authorizations executed by Plaintiff.

## DOCUMENT REQUEST NO. 68

Provide copies of all documents identified in the papers concerning this matter, which plaintiff filed with the Court and/or served on Defendants, including Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, these documents are already in possession of Defendants.

## DOCUMENT REQUEST NO. 69

Provide a copy of any and all documents concerning any economic loss or financial expenses that Plaintiff claims to have incurred to date as a result of the alleged wrongful acts or omissions of the defendants, including, but not limited to, attorneys' fees.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to the response to her interrogatories regarding damages.

## DOCUMENT REQUEST NO. 70

Produce all documents concerning any communication regarding any of the allegations in this action between Plaintiff, and any other person concerning the allegations in the Complaint or any element of damages claimed in this case including, but not limited to, communication with

any of the following individuals: James Agosto, Todd Young, Karen Eubanks, Manuel Ureña, Alice O'Neil, Sari Perez, Lynn Rosales, and Marisol Rosales.

## ANSWER

Plaintiff objects to this document request as vague, extremely overbroad, and overly burdensome. Subject to and without waiving these objections, Plaintiff refers to all of the documents produced herewith, which may be responsive to this request.

Dated:      New York, New York
            January 31, 2019

                          Yours, etc.

                          GLASS & HOGROGIAN LLP
                          Attorneys for Plaintiff Maya Zabar
                          85 Broad Street, 18th Floor @ WeWork
                          New York, NY 10004
                          (212) 537-6859

            By:      _____s/_____
                          BRYAN D. GLASS, ESQ.

To: Samantha P. Turetsky
    Assistant Corporation Counsel
    Labor and Employment Division
    New York City Law Department
    100 Church Street
    New York, NY, 10007