

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Samantha P. Turetsky**<br>Labor and Employment Law Division<br>Phone: (212) 356-2451<br>Fax: (212) 356-2439<br>sturetsk@law.nyc.gov |
|---|---|---|

March 19, 2019

**BY EMAIL AND MAIL** (bglass@ghnylaw.com)
Bryan D. Glass, Esq.
Glass & Hogrogian LLP
Attorneys for Plaintiff
85 Broad Street, 18th Fl. @ WeWork
New York, NY 10004

        Re:  Maya Zabar v. New York City Department of Education, et al.
             Docket No. 18-CV-06657 (PGG)

Dear Mr. Glass:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for the Defendants in the above-referenced action.

      On December 17, 2019, Defendants served their first combined set of interrogatories and document requests. Plaintiff's responses were due on January 30, 2019. I received Plaintiff's responses to the Defendants' first set of combined demands on February 4, 2019, via e-mail. In reviewing these responses, Defendants note the following deficiencies which we request be cured by March 29, 2019. Should Plaintiff fail to produce the deficient items, Defendants will have no option but to seek judicial intervention.

**Defendants' Requests for the Production of Documents**

- In response to Defendants' Document Request No. 4, which requests production of "copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018," Plaintiff responds that she is "not in possession of such documents." Under the FRCP, a party responding to a document request must produce non-privileged, non-objectionable responsive documents that are in the party's possession, custody, or control. See FRCP 34(a)(1). As a member of the High School of Art and Design Union Executive Board, Plaintiff certainly has the right and ability to obtain copies of the documents requested in this document request. A party may be required to produce a document that it has the legal right to obtain even though it presently may not have a copy of the document in its possession. See, e.g., Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co., No. 14-CV-04394 (AJN) (BCM), 2016

U.S. Dist. LEXIS 133564, at *18 (S.D.N.Y. Sep. 27, 2016)("[n]umerous courts have found that corporations have control over their officers and employees and that corporations may be required to produce documents in their possession.") (quoting Miniace v. Pac. Mar. Ass'n, No. C 04-03506 SI, 2006 U.S. Dist. LEXIS 17127 (N.D. Cal. Feb. 13, 2006)); Herbst v. Able, 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (corporation must produce transcripts of testimony of its employees because employees were under its control). Moreover, these documents are relevant to Plaintiff's claims in this action as to her alleged criticism of the supervisory staff of the school, "the issues at the school that the union executive board attempted to resolve with the principal," the degree to which she has been "outspoken against the policies of Defendant Principal Ureña on behalf of teachers," that she "attend[ed] monthly union executive board meetings with school administration after school, and vocally expressed displeasure with the administration's treatment of students and staff," and that she "continued to be vocal at the monthly consultation meetings with school administration as an advocate for teachers in her department and within the school." (see Complaint ¶¶ 21, 22, 27, 32, 41). Accordingly, Defendants request that Plaintiff produce "copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018."

- In response to Defendants' Document Request No. 5, which requests production of "all grievances filed by Plaintiff, on behalf of herself or other teachers, while serving on the High School of Art and Design union executive board," Plaintiff responds that she is "not in possession of such documents, as the chapter leader files grievances for UFT members at the school. Plaintiff filed at least one grievance on her own." Plaintiff's response is incomplete and not fully responsive. First, plaintiff refers to "at least one grievance" that she filed and annexes a copy of it bearing Bates Nos. P001 - P003. However, plaintiff's response implies that she filed other grievances on her own which are not being produced. Indeed, Plaintiff's document production refers to several addition grievances or union complaints that Plaintiff filed or may have filed: e.g., Bates Nos. P004, P089 refer to one or more APPR complaints/grievances that Plaintiff did or might file; Bates Nos. P005, P021, P022, P043, P045, P057, P059, P060, P086, P089, P115 refer to one or more Article 23 Special Complaints that Plaintiff will be filing; Bates Nos. P019, P047, P048 refer to a possible complaint/grievance for an alleged violation of Article 24 of the CBA; Bates Nos. P027, P030 refers to possible grievances about several school issues. Thus, it is clear that Plaintiff filed more than one grievance/complaint on her own behalf which were not produced. Further, as explained above, as a member of the High School of Art and Design Union Executive Board, Plaintiff certainly has the right and ability to obtain copies of the documents requested in this document request, including all grievances filed by the union on behalf of other teachers at her school. Accordingly, Defendants request that Plaintiff fully comply with this document request.

- In response to Defendants' Document Request No. 11, which requests production of "all documents evidencing that 'Plaintiff repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications [i.e., all instructions, reminders, or updates regarding anything school related] to be placed in writing as part of her disability,'" Plaintiff responds by producing Document Nos. P025, P047 – P056. However, the documents cited by Plaintiff are not responsive and bear no relation to Defendants' document

request. Accordingly, Defendants request that Plaintiff fully comply with this document request.

- Plaintiff has not provided any documents or non-responsive documents regarding Defendants' Document Request Nos. 1 (plaintiff's Rule 26(a)(1) disclosures did not contain responsive documents as alleged), 17 (did not respond to whether plaintiff had responsive documents), 18 (documents produced – Document Nos. P051, P057 – P088 – are clearly not documents that Plaintiff "submitted to the Defendants regarding Plainitff's alleged disabilities of generalized anxiety, major depression, and post-traumatic stress disorder"), 20 (documents produced – Document Nos. P141 – P145 – are clearly not "copies of each email/social media/SMS/text message/note/recording/other documents that Plaintiff sent or received concerning Plaintiff's report to UFT District Representative Alice O'Neil in early November 2016 that 'Defendant Lynn Rosales [was] failing to report to and teach her assigned Advanced Placement (AP) classes' and 'that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices'"), 21, 22, 23, 24 (Plaintiff is still searching for these documents), 25 (Plaintiff is still searching for these documents), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 (plaintiff does not state if she has responsive documents), 36 (plaintiff does not state if she has responsive documents), 37 (plaintiff does not state if she has responsive documents), 38, 40 (plaintiff's objections are inappropriate and she does not state if she has responsive documents), 41 (documents produced—Document Nos. P001-P003—are clearly not copies of "the APPR union grievance filed by Plainitff, challenging Plaintiff's December 8, 2017 evaluation report for an observation conducted on October 2, 2017") 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 (plaintiff's objections are inappropriate and she does not state if she has responsive documents), 61 (plaintiff does not state if she has responsive documents, she merely states that she does not have "relevant" documents), 63 (documents produced not responsive), 64 (documents produced not fully responsive), 66, 68, 69, 70 ((plaintiff's objections are inappropriate and she does not state if she has responsive documents). Instead of providing documents, Plaintiff responds by stating that she "refers to the documents produced by Defendants" but does not specifically identify which documents Plaintiff alleges to be responsive to the requests. Alternatively, documents specifically identified are not responsive to the request. Further, Plaintiff does not indicate whether she has copies of the documents in her possession or control or any related documents, which should be produced in discovery between the parties. Thus, notwithstanding Plaintiff's contention in response to the above reference document requests that Defendants have produced documents responsive to these requests, Defendants request that Plaintiff produce copies of the specific documents she contends are responsive to the above cited document requests and otherwise fully comply with the above mentioned document requests.

- Plaintiff's response to Defendants' Document Request No. 54 is deficient. Defendants' request stated, "[p]rovide copies of all documents evidencing that Plaintiff's absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her," as referred to in paragraph "56" of the Complaint. In response, Plaintiff stated, "[p]laintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and unclear."

However, this request is tailored in scope and time to a specific allegation made in paragraph "56" of the FAC by Plaintiff and is not vague, overbroad, burdensome or unclear. Accordingly, Defendants request that Plaintiff fully comply with this document request.

- Plaintiff's response to Defendants' Document Request No. 62 is deficient. Defendants' request stated, "[f]or each email or social media account (including, but not limited to, personal email accounts such as Hotmail, Outlook, Yahoo mail, Gmail, AOL, Facebook, Twitter, blogs, You Tube channels, etc.) that Plaintiff maintained or maintains and has used during the period from January 1, 2016 to the present, provide a copy of each email/social media/SMS/text message that plaintiff sent or received concerning the allegations set forth in the Complaint in this action including but not limited to, plaintiff's concerns/criticism about her treatment, the treatment of other teachers at the HSAD, the treatment of students at the HSAD or other actions taken by defendants or other HSAD administrators/supervisors." In response, Plaintiff stated, "[p]laintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and irrelevant." However, Defendants' request is tailored in scope and time to the specific allegations in the Complaint. As evidenced in some documents already provided by Plaintiff, she does maintain a personal email accounts at mszabar@yahoo.com; mszaffosenglishclass@gmail.com and has sent work-related e-mails, pertinent to this case, to these private accounts. Accordingly, Defendants request that Plaintiff fully comply with this document request.

- In response to Defendants' Document Request No. 65, which requests "all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action, including the claims for damages and mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint." Plaintiff responds by referring Defendants to Document Nos. P131 – P135. This is a copy of an email from Plaintiff forwarding an email she received from a student sent to all 10th graders and tenth grade teachers at her school and is not responsive to the request. Indeed, Plaintiff does not provide directly responsive documents including "documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action" and "documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint." However, it appears that Plaintiff does have notes, diaries, logs that she kept regarding the claims asserted in this case. See, e.g., Document Nos. P071 (plaintiff refers to "keep[ing] a journal of [her] interactions [the school's supervisory staff]") and P159 – P161 (Plaintiff produces a partial "Interaction Log" documenting her almost daily interactions with school supervisory staff but only for the period September 2016 to December 14, 2016). Plaintiff does not produce a log/diary/journal/notes of her interactions with school staff subsequent to December 14, 2016 or indicate whether she has any audio or video recordings made concerning the allegations in her complaint. Accordingly, Defendants request that Plaintiff fully comply with this document request.

- A number of the emails produced by Plaintiff indicated that the original emails had attachments that were not produced. See, e.g., Document Nos. P073, P078, P108, P121, P138. Please provide Defendants with copies of these attachments. In addition, a number of emails produced by Plaintiff do not capture the entire email thread and are only a portion of the conversation. See, e.g., Document Nos. P053-P054, P068-P070, P078, P083, P084, P085, P086, P087, P089, P091, P107, P108, P109, P111, P112, P113, P115, P119, P120, P121, P128, P131, P136-P137, P138, P140, P141, P142-P145, P146-P147, P151, P154-P155. Please provide Defendants with copies of the entire email thread.

In light of the above, if you do not respond to Defendants' requests and provide the aforementioned documents on or before March 29, 2019, Defendants will have no choice to seek court intervention.

**Defendants' Request for a Protective Order**

In Defendants' responses and objections to Plaintiff's first set of requests for the production of documents, served on January 30, 2019, Defendants provided a copy of Judge Gardephe's protective order to be executed by the Plaintiff and returned prior to turning over the documents requested in request No. 78. To date, Defendants have not received the signed protective order. Please return the executed stipulation and protective order as soon as possible.

Very truly yours,
*/s/ Samantha P. Turetsky*
Samantha P. Turetsky
Assistant Corporation Counsel