

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Samantha P. Turetsky
Labor and Employment Law Division
Phone: (212) 356-2451
Fax: (212) 356-2439
sturetsk@law.nyc.gov

April 8, 2019

**BY EMAIL AND FIRST CLASS MAIL** (bglass@ghnylaw.com)
Bryan D. Glass, Esq.
Glass & Hogrogian LLP
85 Broad Street, 18th Fl. @ WeWork
New York, NY 10004

      Re:  Maya Zabar v. New York City Department of Education, et al.
            Docket No. 18-CV-06657 (PGG)

Dear Mr. Glass:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for the Defendants in the above-referenced action. I write in reply to your April 1, 2019 letter responding to Defendants' March 19, 2019 discovery deficiency letter. After a thorough review, Defendants maintain that Plaintiff is deficient in her responses and request that the following deficiencies be cured by April 15, 2019. Should Plaintiff fail to produce the deficient items, Defendants will have no option but to seek judicial intervention.

1. Defendants' Initial Deficiency Statement:

      In response to Defendants' Document Request No. 4, which requests production of "copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018," Plaintiff responds that she is "not in possession of such documents." Under the FRCP, a party responding to a document request must produce non-privileged, non-objectionable responsive documents that are in the party's possession, custody, or control. See FRCP 34(a)(1). As a member of the High School of Art and Design Union Executive Board, Plaintiff certainly has the right and ability to obtain copies of the documents requested in this document request. A party may be required to produce a document that it has the legal right to obtain even though it presently may not have a copy of the document in its possession. See, e.g., Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co., No. 14-CV-04394 (AJN) (BCM), 2016 U.S. Dist. LEXIS 133564, at *18 (S.D.N.Y. Sep. 27, 2016)("[n]umerous courts have found that corporations have control over their officers and employees and that corporations may be required to produce documents in their possession.") (quoting Miniace v. Pac. Mar. Ass'n, No. C 04-03506 SI, 2006 U.S. Dist. LEXIS 17127 (N.D.

Cal. Feb. 13, 2006)); Herbst v. Able, 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (corporation must produce transcripts of testimony of its employees because employees were under its control). Moreover, these documents are relevant to Plaintiff's claims in this action as to her alleged criticism of the supervisory staff of the school, "the issues at the school that the union executive board attempted to resolve with the principal," the degree to which she has been "outspoken against the policies of Defendant Principal Ureña on behalf of teachers," that she "attend[ed] monthly union executive board meetings with school administration after school, and vocally expressed displeasure with the administration's treatment of students and staff," and that she "continued to be vocal at the monthly consultation meetings with school administration as an advocate for teachers in her department and within the school." (see Complaint ¶¶ 21, 22, 27, 32, 41). Accordingly, Defendants request that Plaintiff produce "copies of the rules, regulations, governing documents, attendance records, and minutes of the High School of Art and Design union executive board for the school year 2016-2017 and school year 2017-2018."

Plaintiff's Response:

With regard to your first bullet point, Ms. Zabar does not have access to these records as she has been reassigned from the High School of Art and Design and did not take the documents when she was reassigned from the school. Moreover, she is no longer on the union executive board and therefore does not necessarily have a right to these documents. Furthermore, Principal Urena should have copies of any minutes from those meetings in his possession, and we request that Defendants product any documents to us in Principal Urena's possession regarding those minutes.

Defendants' Reply to Plaintiff:

It appears from Plaintiff's response that the documents requested in Defendants' Document Request No. 4 do exist. It is unclear from Plaintiff's response, however, whether the documents are inaccessible because she left her personal documents at the High School of Art and Design ("HSAD") prior to her reassignment or if the documents are unavailable because she is no longer on the union executive board. Defendants contend that Plaintiff has the ability to ask the current board for copies of the documents requested in Defendants' Document Request No. 4. In addition, if Plaintiff left personal items at HSAD, such as the documents requested, she has the ability to ask to retrieve the personal items.

The crux of Plaintiff's First Amendment claim revolves around her membership and participation on the union executive board during the 2016-2017 and 2017-2018 school years. The complaint makes numerous allegations of alleged participation in representational activity. Plaintiff cannot both rely upon those allegations while at the same time claim that she is unable respond to discovery requests seeking documentary evidence of that representational activity. Thus, it is incumbent on plaintiff to obtain responsive documents from those union officials who currently have possession or control over the documents. Lastly, Plaintiff is attempting to use Defendants' requests for documents to submit her own request for the same documents in an effort to support her allegations. Plaintiff must submit a formal document request for documents and

defendants will respond in turn. Defendants will not reply to a request made in a deficiency letter response.

2. Defendants' Initial Deficiency Statement:

In response to Defendants' Document Request No. 5, which requests production of "all grievances filed by Plaintiff, on behalf of herself or other teachers, while serving on the High School of Art and Design union executive board," Plaintiff responds that she is "not in possession of such documents, as the chapter leader files grievances for UFT members at the school. Plaintiff filed at least one grievance on her own." Plaintiff's response is incomplete and not fully responsive. First, plaintiff refers to "at least one grievance" that she filed and annexes a copy of it bearing Bates Nos. P001 - P003. However, plaintiff's response implies that she filed other grievances on her own which are not being produced. Indeed, Plaintiff's document production refers to several addition grievances or union complaints that Plaintiff filed or may have filed: e.g., Bates Nos. P004, P089 refer to one or more APPR complaints/grievances that Plaintiff did or might file; Bates Nos. P005, P021, P022, P043, P045, P057, P059, P060, P086, P089, P115 refer to one or more Article 23 Special Complaints that Plaintiff will be filing; Bates Nos. P019, P047, P048 refer to a possible complaint/grievance for an alleged violation of Article 24 of the CBA; Bates Nos. P027, P030 refers to possible grievances about several school issues. Thus, it is clear that Plaintiff filed more than one grievance/complaint on her own behalf which were not produced. Further, as explained above, as a member of the High School of Art and Design Union Executive Board, Plaintiff certainly has the right and ability to obtain copies of the documents requested in this document request, including all grievances filed by the union on behalf of other teachers at her school. Accordingly, Defendants request that Plaintiff fully comply with this document request.

Plaintiff's Response:

With regard to your second bullet point, Ms. Zabar does not have access to these records as she has been reassigned from HSAD and did not take the documents when she was reassigned from the school. Moreover, she is no longer on the union executive board and therefore does not necessarily have a right to these documents. Principal Urena should have copies of any minutes from those meetings, and we request that Defendants produce any documents to Ms. Zabar in Principal Urena's possession.

Defendants' Reply to Plaintiff:

As noted above, the crux of Plaintiff's First Amendment claim revolves around her membership and participation on the union executive board during the 2016-2017 and 2017-2018 school years. The complaint makes numerous allegations of alleged participation in representational activity. Plaintiff cannot both rely upon those allegations while at the same time claim that she is unable to respond to discovery requests seeking documentary evidence of that representational activity. Thus, it is incumbent on plaintiff to obtain responsive documents from those union officials who currently have possession or control over the documents. Further, Plaintiff is again attempting to use Defendants' requests for documents to submit her own request for the same documents in an effort to support her allegations. Plaintiff must submit a formal document request for documents

and defendants will respond in turn. Defendants will not reply to a request made in a deficiency letter response.

Lastly, Plaintiff has not responded to Defendants substantive points regarding Defendants' Document Request No. 5. As stated in the original deficiency letter, Plaintiff's document production refers to several addition grievances or union complaints that Plaintiff filed or may have filed and it is clear that Plaintiff filed more than one grievance/complaint on her own behalf, which were not produced. We request that Plaintiff produce any documents in Ms. Zabar's possession regarding the other grievances filed on her own behalf.

3. Defendants' Initial Deficiency Statement:

In response to Defendants' Document Request No. 11, which requests production of "all documents evidencing that 'Plaintiff repeatedly throughout the 2016-17 and 2017-18 school years reiterated her request for such communications [i.e., all instructions, reminders, or updates regarding anything school related] to be placed in writing as part of her disability,'" Plaintiff responds by producing Document Nos. P025, P047 – P056. However, the documents cited by Plaintiff are not responsive and bear no relation to Defendants' document request. Accordingly, Defendants request that Plaintiff fully comply with this document request.

Plaintiff's Response:

With regard to your second and third bullet points, Ms. Zabar only filed one union grievance on her own which has been provided in her discovery responses. She was involved with supporting other grievances, but the school chapter leader filed the other grievances on behalf of the entire school staff. Ms. Zabar is not in possession of any other documents responsive to this request.

Defendants' Reply to Plaintiff:

First, it appears that this response by Plaintiff is only a response to Defendants' second deficiency statement regarding Defendants' Document Request No.5, which Defendants' addressed above.

Plaintiff has not submitted a response to Defendants' deficiency request in bullet point three, relating to Defendants' Document request No. 11. In Plaintiff's response to Defendants' Document request No. 11, Plaintiff produces Document Nos. P025, P047 – P056. These documents are unrelated to Defendants' Document Request No. 11. Accordingly, Defendants request that Plaintiff fully comply with the document request or inform Defendants if no responsive documents are in Plaintiff's possession or control.

4. Defendants' Initial Deficiency Statement:

Plaintiff has not provided any documents or non-responsive documents regarding Defendants' Document Request Nos. 1 (plaintiff's Rule 26(a)(1) disclosures did not contain responsive documents as alleged), 17 (did not respond to whether plaintiff had responsive documents), 18 (documents produced – Document Nos. P051, P057 – P088 –

- 4 -

are clearly not documents that Plaintiff "submitted to the Defendants regarding Plaintiff's alleged disabilities of generalized anxiety, major depression, and post-traumatic stress disorder"), 20 (documents produced – Document Nos. P141 – P145 – are clearly not "copies of each email/social media/SMS/text message/note/recording/other documents that Plaintiff sent or received concerning Plaintiff's report to UFT District Representative Alice O'Neil in early November 2016 that 'Defendant Lynn Rosales [was] failing to report to and teach her assigned Advanced Placement (AP) classes' and 'that Defendant Lynn Rosales was breaching her duties as it pertained to data entry and that she was retaliating against all teachers who expressed any concern about her practices'"), 21, 22, 23, 24 (Plaintiff is still searching for these documents), 25 (Plaintiff is still searching for these documents), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 (plaintiff does not state if she has responsive documents), 36 (plaintiff does not state if she has responsive documents), 37 (plaintiff does not state if she has responsive documents), 38, 40 (plaintiff's objections are inappropriate and she does not state if she has responsive documents), 41 (documents produced—Document Nos. P001-P003—are clearly not copies of "the APPR union grievance filed by Plaintiff, challenging Plaintiff's December 8, 2017 evaluation report for an observation conducted on October 2, 2017") 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 (plaintiff's objections are inappropriate and she does not state if she has responsive documents), 61 (plaintiff does not state if she has responsive documents, she merely states that she does not have "relevant" documents), 63 (documents produced not responsive), 64 (documents produced not fully responsive), 66, 68, 69, 70 (plaintiff's objections are inappropriate and she does not state if she has responsive documents). Instead of providing documents, Plaintiff responds by stating that she "refers to the documents produced by Defendants" but does not specifically identify which documents Plaintiff alleges to be responsive to the requests. Alternatively, documents specifically identified are not responsive to the request. Further, Plaintiff does not indicate whether she has copies of the documents in her possession or control or any related documents, which should be produced in discovery between the parties. Thus, notwithstanding Plaintiff's contention in response to the above reference document requests that Defendants have produced documents responsive to these requests, Defendants request that Plaintiff produce copies of the specific documents she contends are responsive to the above cited document requests and otherwise fully comply with the above mentioned document requests.

Plaintiff's Response:

With regard to your fourth bullet point, Ms. Zabar believes this paragraph is unclear and confusing and not purported in good faith. Please be more specific what documents you believe in good faith exists that have not been produced.

Defendants' Reply to Plaintiff:

First, Defendants deficiency request is in good faith because all requests are related to the allegations put forth in the First Amended Complaint by Plaintiff and Plaintiff has not responded appropriately to several document requests. Please see below for a detailed list of deficient responses:

| DEFENDANTS' DOCUMENT REQUEST | DEFICIENCY ISSUE |
|---|---|
| Document Request No. 1 | Instead of providing documents, Plaintiff "refers to the documents produced by Defendants with their Rule 26(a)(1) response" but does not specifically identify which documents Plaintiff alleges to be responsive to the requests. Further, Plaintiff does not identify whether she has copies of the documents in her possession or control or any responsive documents, which should be produced in discovery between the parties. Thus, notwithstanding Plaintiff's contention that Defendants have produced documents to Plaintiff that are responsive to Defendants' request, Defendants request that Plaintiff produce copies of the specific documents she contends are responsive or identify specifically which specific documents produced by Defendants in this litigation are responsive to Defendants' request and otherwise fully comply with the above mentioned document request. See FRCP 34(b)(2)(B) and 34(b)(2)(E)(i). |
| Document Request No. 18 | The documents produced by Plaintiff, Document Nos. P051, P057 – P088, are clearly not documents that Plaintiff "submitted to the Defendants regarding Plaintiff's alleged disabilities of generalized anxiety, major depression, and post-traumatic stress disorder" and are not responsive to Defendants' document request. |
| Document Request No. 20 | The documents produced by Plaintiff, P141 – P145, are clearly not responsive to Defendants' Document Request No. 20. |
| Document Request Nos. 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 38, 40, 45, 46, 47, 48 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 66, and 68 | Plaintiff responds to these requests by stating in pertinent part, "Plaintiff refers to the documents produced by Defendants," but does not specifically identify which documents Plaintiff alleges to be responsive to the requests. Further, Plaintiff does not identify whether she has any responsive documents or copies of the documents in her possession or control, which should be produced in discovery between the parties. Thus, notwithstanding Plaintiff's contention that Defendants have produced documents responsive to the request, Defendants request that Plaintiff produce copies of the specific documents she contends are responsive and otherwise fully comply with the above mentioned document requests. See FRCP 34(b)(2)(E)(i). |
| Document Request No. 24 and 25 | Plaintiff responds to these requests by stating, in pertinent part, "Plaintiff is still searching for these documents." To date, Plaintiff has not identified whether she has located responsive documents or does not have any responsive documents. |
| Document Request Nos. 17, | Plaintiff did not respond to whether Plaintiff has responsive |

| | |
|---|---|
| 35, 36, 37, 54, 61, 62 | documents. |
| Document Request Nos. 9, 13, 14, 16, 39 | Plaintiff does not state if she has responsive documents, she merely states that she does not have "relevant" documents. |
| Document Request Nos. 38, 40 | Plaintiff's objections are inappropriate and she does not state if she has responsive documents. |
| Document Request No. 44 | In response to this request, "Plaintiff refers to Document No. (44)" and it is unclear to Defendants if this is a typo or if Plaintiff is referring to Plaintiff's Document P044, which, upon review, is unresponsive to Defendants' Document Request No. 44. Please clarify Plaintiff's response to this request. |
| Document Request No. 41 | The documents produced by Plaintiff, Document Nos. P001-P003, are clearly not copies of "the APPR union grievance filed by Plaintiff, challenging Plaintiff's December 8, 2017 evaluation report for an observation conducted on October 2, 2017." |
| Document Request Nos. 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 69. | The objections by Plaintiff are inappropriate as these requests are narrowly-tailored to the allegations in the Complaint and are written with specificity. Further, Plaintiff does not state whether she has responsive documents. |
| Document Request No. 63 | Plaintiff refers Defendants to Document Request No. 5, however, that request is referring to grievances filed by Plaintiff. Document Request No. 63 requests "any complaints submitted or filed with BOE's Equal Employment Opportunity Office or any complaints submitted or filed with BOE management," and the documents referred to are non-responsive. |
| Document Request No. 64 | The documents produced by Plaintiff are not fully responsive to this request. |

5. Defendants' Initial Deficiency Statement:

Plaintiff's response to Defendants' Document Request No. 54 is deficient. Defendants' request stated, "[p]rovide copies of all documents evidencing that Plaintiff's absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her," as referred to in paragraph "56" of the Complaint. In response, Plaintiff stated, "[p]laintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and unclear." However, this request is tailored in scope and time to a specific allegation made in paragraph "56" of the FAC by Plaintiff and is not vague, overbroad, burdensome or unclear. Accordingly, Defendants request that Plaintiff fully comply with this document request.

Plaintiff's Response:

With regard to your fifth bullet point, Ms. Zabar has provided medical releases, and any responsive documents would be provided by the medical providers in response to defendants' obtaining documents pursuant to those releases.

Defendants' Reply to Plaintiff:

In Plaintiff's First Amended Complaint, she alleges "[o]n June 22, 2018, Plaintiff received a disciplinary letter for poor attendance from AP Perez, for absences which were based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her." See ECF Dkt. No. 37, at ¶ 56.

Defendants' Document Request No. 54 stated, "[p]rovide copies of all documents evidencing that Plaintiff's absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her."

Defendants are simply asking Plaintiff to provide the documentation that evidences that her absences, which were allegedly addressed in a June 22, 2018 disciplinary letter, were for the reasons Plaintiff now purports. It is not Defendants' duty to go on a fishing expedition to find documents that support Plaintiff's claims. At this point in time, Defendants believe the allegation refers to a disciplinary letter dated June 21, 2018, which documents 14 absences for the 2017-2018 school year. See DEF0021-DEF0025. This letter identifies that only one absence was "medically certified" and the rest were either "self-treated" or "personal business." Please response to Document Request No. 54 to provide all documents supporting Plaintiff's contention that the absences addressed in the June 22, 2018 disciplinary letter were "based on her aggravated anxiety and depression due to the administration's retaliatory treatment of her."

6. Defendants' Initial Deficiency Statement:

Plaintiff's response to Defendants' Document Request No. 62 is deficient. Defendants' request stated, "[f]or each email or social media account (including, but not limited to, personal email accounts such as Hotmail, Outlook, Yahoo mail, Gmail, AOL, Facebook,

Twitter, blogs, You Tube channels, etc.) that Plaintiff maintained or maintains and has used during the period from January 1, 2016 to the present, provide a copy of each email/social media/SMS/text message that plaintiff sent or received concerning the allegations set forth in the Complaint in this action including but not limited to, plaintiff's concerns/criticism about her treatment, the treatment of other teachers at the HSAD, the treatment of students at the HSAD or other actions taken by defendants or other HSAD administrators/supervisors." In response, Plaintiff stated, "[p]laintiff objects to this document request as vague, extremely overbroad, and overly burdensome, and irrelevant." However, Defendants' request is tailored in scope and time to the specific allegations in the Complaint. As evidenced in some documents already provided by Plaintiff, she does maintain a personal email accounts at mszabar@yahoo.com; mszaffosenglishclass@gmail.com and has sent work-related e-mails, pertinent to this case, to these private accounts. Accordingly, Defendants request that Plaintiff fully comply with this document request.

Plaintiff's Response:

With regard to your fifth bullet point, Ms. Zabar is confounded why you refer to mzaffosenglishclass@gmail.com in your letter, which is not her email address. Ms. Zabar maintains that these documents requested are not otherwise relevant to her claims.

Defendants' Reply to Plaintiff:

Defendants were under the mistaken impression that the e-mail address "mzaffosenglishclass@gmail.com" was an alternate personal email for Plaintiff. In regards to Plaintiff's other e-mail address, "mszabar@yahoo.com," Plaintiff's document production contains several printed e-mails from her personal account, mszabar@yahoo.com, which discusses topics related to her claims such as grievances, complaints, disciplinary letters and meetings, issues Plaintiff has with the administration, and activity on the union executive board. See e.g., P004-P007; P017-P019; P021-P022; P026-P027; P029-P043; P045; P047-P068; P071-P073; P078--P90; P107-P113; P120-P121; P128; P138; P140-P146; P154-P156. It is clear from Plaintiff's document production that Plaintiff used her personal email account to discuss topics related to the litigation and Defendants are entitled to the entirety of all relevant e-mails, not only the e-mails Plaintiff has selected to turn over.

In addition, Plaintiff did not fully respond to Defendants' Document Request No. 62 because she has not identified whether she maintains any other email accounts or social media accounts (including, but not limited to, personal email accounts, Facebook, Twitter, YouTube channels, blogs, union websites, websites of BOE critics, Dropbox, etc.) that Plaintiff maintained or maintains and has used during the period from January 1, 2016 to the present that contains responsive information concerning the allegations set forth in the Complaint in this action. Further, Plaintiff has not identified whether she has sent or received any SMS or text messages responsive to this request.

7. Defendants' Initial Deficiency Statement:

In response to Defendants' Document Request No. 65, which requests "all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action, including the claims for damages and mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint." Plaintiff responds by referring Defendants to Document Nos. P131 – P135. This is a copy of an email from Plaintiff forwarding an email she received from a student sent to all 10th graders and tenth grade teachers at her school and is not responsive to the request. Indeed, Plaintiff does not provide directly responsive documents including "documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action" and "documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants, Defendants' employees or agents concerning her allegations in the complaint." However, it appears that Plaintiff does have notes, diaries, logs that she kept regarding the claims asserted in this case. See, e.g., Document Nos. P071 (plaintiff refers to "keep[ing] a journal of [her] interactions [the school's supervisory staff]") and P159 – P161 (Plaintiff produces a partial "Interaction Log" documenting her almost daily interactions with school supervisory staff but only for the period September 2016 to December 14, 2016). Plaintiff does not produce a log/diary/journal/notes of her interactions with school staff subsequent to December 14, 2016 or indicate whether she has any audio or video recordings made concerning the allegations in her complaint. Accordingly, Defendants request that Plaintiff fully comply with this document request.

Plaintiff's Response:

With regard to your seventh bullet point, Ms. Zabar provided all journal entries in her possession as part of her original response.

Defendants' Reply to Plaintiff:

Plaintiff's response does not address all of Defendants' identified deficiencies for Defendants' document request no. 65. Defendants identify that Plaintiff's production, Document Nos. P131 – P135, are non-responsive to the document request, which Plaintiff does not address.

Further, Plaintiff does not respond to whether she has any documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action. In Plaintiff's document production, Plaintiff refers to "keep[ing] a journal of [her] interactions [with the school's supervisory staff]" but Plaintiff's response does not refer Defendants' to any journal entries. See Document No. P071.

8. Defendants' Initial Deficiency Statement:

A number of the emails produced by Plaintiff indicated that the original emails had attachments that were not produced. See, e.g., Document Nos. P073, P078, P108, P121, P138. Please provide Defendants with copies of these attachments. In addition, a number of emails produced by Plaintiff do not capture the entire email thread and are only a portion of the conversation. See, e.g., Document Nos. P053-P054, P068-P070, P078, P083, P084, P085, P086, P087, P089, P091, P107, P108, P109, P111, P112, P113, P115, P119, P120, P121, P128, P131, P136-P137, P138, P140, P141, P142-P145, P146-P147, P151, P154-P155. Please provide Defendants with copies of the entire email thread.

Plaintiff's Response:

With regard to your eighth bullet point, Ms. Zabar has located a few attachments in her files, which are attached as P163-P166. The Excel file is an attachment to P108, and the PDF file is an attachment to P138.

Defendants' Reply to Plaintiff:

First, both documents were sent to Defendants as a PDF and it is unclear to Defendants if they were supposed to receive one Excel file and one PDF file. Further, Plaintiff has only provided attachments to two of the identified e-mails that were produced without the attachment. Plaintiff has not provided Defendant with any of the threads that have been identified as incomplete. This further supports Defendants' argument that they are entitled to ESI from the Plaintiff to ensure that all responsive discovery is being provided and not simply the parts Plaintiff wishes to produce.

**Defendants' Request for a Protective Order**

Defendants' Initial Deficiency Statement

In Defendants' responses and objections to Plaintiff's first set of requests for the production of documents, served on January 30, 2019, Defendants provided a copy of Judge Gardephe's protective order to be executed by the Plaintiff and returned prior to turning over the documents requested in request No. 78. To date, Defendants have not received the signed protective order. Please return the executed stipulation and protective order as soon as possible.

Plaintiff's Response:

We do not understand the basis for a protective order in this case, as we do not typically sign protective orders in litigations with the NYCDOE. Please identify specifically what documents you are withholding as a result of the protective order not being executed in the case so we raise defendants' own deficiencies in failing to provide relevant discovery with Judge Gardephe.

Defendants' Reply to Plaintiff:

Plaintiff's statement, ". . . [w]e do not typically sign protective orders in litigation with the NYCDOE." carries no weight on the current request for a protective order as protective orders

are requested on a case by case basis after reviewing the responsive documents. As stated in Defendants' deficiency letter, the protective order relates to Plaintiff's document request No. 78, which requests, "[t]he annual ratings and/or evaluations and/or APPRs and/or Advance Overall Rating for all staff members at the High School of Art and Design during the 2016-17 and 2017-18 school years."

In Defendants' Response to Plaintiff's First Set of Document Requests, which were served on January 30, 2019, Defendants' responded, "[d]efendants object to this document request on grounds that it is vague and ambiguous with respect to the terms "all staff members," overbroad with respect to scope, seeks the disclosure of documents the disclosure of which would constitute an unwarranted invasion of personal privacy, and seeks documents not relevant to plaintiff's claims and disproportionate to the needs of this case. Consistent with and without waiving the foregoing general and specific objections, Defendants construe this as a request for the overall annual ratings for the pedagogical staff at HSAD during the 2016-2017 school year and 2017-2018 school year that may be responsive to this request, which will be produced to Plaintiff after the execution of a protective order between the parties." It is clear from Defendants' document objections and responses served on January 30, 2019 and Defendants' March 19, 2019 deficiency letter exactly what documents are being withheld until a protective order is signed.

Further, please see the enclosed document, which is an e-mail sent to you on January 30, 2019, which clearly states, "[o]nce the Protective Order is executed and so ordered I will provide documents for response #78." At no point in time, until Plaintiff's response to Defendants' deficiency letter, did Plaintiff raise concern about the protective order.

As the responsive documents for Plaintiff's Document Request No. 78 involve personal and sensitive information about other teachers at the HSAD, who are not the subjects of this lawsuit, the Defendants maintain that the documents will not be turned over without an executed protective order.

### Electronically Stored Information ("ESI"):

Defendants are in the final stage of review for ESI in this case. The ESI should be ready for production by April 15, 2019.

### Depositions:

On April 1, 2019, I e-mailed you to request Plaintiff's availability between April 10 and April 30. To date, I have not received a response. Please propose deposition dates for Plaintiff through the end of April so we can move forward with timely completion of discovery.

As requested, Lynn Rosales is available for a deposition on April 29 or May 17, 2019. Manuel Urena is available for a deposition on May 1 or May 2, 2019. Please let me know which date works best for you for each deposition and then notice the depositions accordingly.

       In light of the above, if you do not respond to Defendants' requests and provide the aforementioned documents on or before April 15, 2019, Defendants will have no choice but to seek court intervention.

       Very truly yours,

       */s/ Samantha P. Turetsky*
       Samantha P. Turetsky
       Assistant Corporation Counsel

| | |
|---|---|
| **From:** | Turetsky, Samantha (Law) |
| **To:** | "Bryan Glass" |
| **Subject:** | Zabar-Defendants" First Set of Discovery Responses and Objections |
| **Date:** | Wednesday, January 30, 2019 6:35:17 PM |
| **Attachments:** | Zabar-Defendants" Responses and Objections to Plaintiff"s Interrogs..pdf |
| | Zabar-Protective Order.pdf |
| | Zabar-Defendants" Resp. and Objs. to Pl"s First Doc Requests.pdf |

Hi Bryan,

Attached please find: (1) Defendants' First Set of Responses and Objections to Plaintiff's Interrogatories (2) Defendants' First Set of Responses and Objections to Plaintiff's Document Requests, and (3) Judge Gardephe's Protective Order for your signature. Once the Protective Order is executed and so ordered I will provide documents for response #78. I have also placed in the mail the Defendants' Responses and Objections.

The documents are too large to send via e-mail so I will have a CD of the documents delivered to your office. If you would like a hard copy printed and mailed, please let me know.

Thanks,

Samantha P. Turetsky
Assistant Corporation Counsel
Labor and Employment Division
New York City Law Department
100 Church Street, Room 2-316
New York, NY, 10007
(212) 356-2451
sturetsk@law.nyc.gov

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.