# GLASS & HOGROGIAN LLP

## ATTORNEYS AND COUNSELORS AT LAW

A Limited Liability Partnership
85 BROAD STREET, 18TH FLOOR @ WEWORK
NEW YORK, NY 10004
212-537-6859
FAX NO. 845-510-2219
E-mail: bglass@ghnylaw.com

*Bryan D. Glass*
   Partner

June 27, 2019

*Via ECF*
Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Maya Zabar v. NYCDOE, 18 Civ. 6657 (PGG)**
**Response to Defendants' Deficiency Letter**

Dear Magistrate Judge Netburn:

I am the attorney for Plaintiff Maya Zabar in the above-referenced matter. I write in compliance with the Court's order, and in response to Defendants' discovery deficiency letter, which was posted on Friday evening, June 21, 2019, over Plaintiff's objection and despite Plaintiff's suggestion that all discovery issues be set forth in one joint letter to the Court to save judicial resources.

At the outset, it should be noted that defense counsel's conduct throughout this litigation has been hyper-aggressive in this writer's opinion. Initially, defense counsel sought to move to dismiss the complaint in this action, and at the initial court conference in this case, Judge Gardephe strongly discouraged defense counsel from making the motion to dismiss as highly unlikely to be granted. Not only did defense counsel insist on making the motion anyway, but then wrote to Judge Gardephe last week reminding him that he had not decided the motion to dismiss, despite discovery being virtually concluded at this stage in this matter.

Despite receiving two sets of discovery responses from Plaintiff, defense counsel continues to maintain that Plaintiff has not complied with her discovery obligations. Her letters are so lengthy, convoluted, and exhausting to read that it is difficult to discern what she claims Plaintiff has not provided. Plaintiff has sat through two deposition days with defense counsel and provided

1

229 pages of documents to date. Rather than just answer my inquiries in a clear and simple fashion as to what she specifically claims to be outstanding, defense counsel instead has chosen to bombard Plaintiff with lengthy unclear and threatening letters that do not clearly specify what particular documents she believes are missing.

What Plaintiff can glean from defense counsel's letters is that most of the outstanding documents she claims "should" be in Plaintiff's possession may actually be in Defendants' custody in the very classroom which Defendants blatantly expelled her from since commencement of this litigation. Ms. Zabar filed her EEOC charge underlying this action in February 2018 and commenced this federal action in July 2018. In a blatant and rather obvious act of retaliation, less than two months after filing her complaint, on September 7, 2018, Defendants served Education Law Section 3020-a charges on Plaintiff seeking to terminate her employment and ejected her from her classroom on the very same day. Rather than giving her an opportunity to collect her belongings from her classroom which she had occupied for several years (incidentally well before Defendants Ureña and Rosales arrived at the school), Defendants involuntarily escorted her from her classroom, gave her 15 minutes to collect what she could, and never gave her an opportunity to collect her possessions and documents maintained in that classroom at any subsequent date.

Given that a rather negative article about Defendant Principal Ureña was published in the *New York Post* on September 10, 2018 (a copy which is attached hereto as Exhibit A, and in which Ms. Zabar in no way contributed to), Plaintiff begged her union for a transfer away from the school, fearing further acts of retaliation from Principal Ureña and his hostile administration. After that transfer away from the school was granted with her union's assistance in late September 2018, at no time did Principal Ureña nor any administrator at the school nor anyone at the NYCDOE offer Ms. Zabar an opportunity to return to collect her personal papers and belongings.

During the course of discovery and her depositions in this action, Ms. Zabar informed defense counsel several times that some of the documents defense counsel may be looking for may actually be in her classroom from which she was ejected by defense counsel's clients. In response to the email chain attached hereto as Exhibit B, it appears defense counsel realized that she perhaps should inquire with her clients if this was true. On June 24, 2019, defense counsel sent me an email volunteering that Ms. Zabar's personal items have been "boxed up" and she could now come to the school to claim them. This is the very first time defendants offered to return Ms. Zabar's documents, nine (9) months after she was involuntarily removed from her classroom.

This admission by defense counsel raises several issues that raise great concerns for Plaintiff:

1. Plaintiff has reason to believe that Principal Ureña and his administrative staff have rifled through her personal belongings and may be in custody of private documents that

may constitute an invasion of her personal privacy. Plaintiff has reason to believe this, based on similar conduct she personally witnessed Defendants to have engaged in concerning her colleague Todd Young's classroom, who similarly was expelled from the school by the same Defendants. This office represented Mr. Young in another federal litigation against the same defendants in this action, which eventually settled for a rather substantial sum.

2. Plaintiff is being threatened with sanctions by defense counsel, yet defense counsel has now acknowledged that her own clients have been in custody of most of the documents she is seeking. This meritless and harassing threat of sanctions under these circumstances warrants consideration of sanctions *against Defendants and their counsel.*

Based on this June 24, 2019 representation from defense counsel, I sent the email to defense counsel, annexed as Exhibit B hereto, asking for information about the chain of custody of Ms. Zabar's personal possessions and documents. Based on defense counsel's response letter to my email, which I received yesterday, and is annexed as Exhibit C, defense counsel and defendants clearly have no intention of complying with the reasonable information I requested in my email. Specifically, I asked as follows:

Please provide a detailed catalog exactly what was boxed up in Ms. Zabar's classroom, and how many boxes are available for pickup. Please let us know exactly who took possession and had access to these documents at the school, and on what dates these documents and possessions were seized. Have defendants Ureña and Rosales personally reviewed the documents that were in Ms. Zabar's classroom? We know from other cases that your clients engaged in similar tactics with other teachers at the school that may constitute an unwarranted invasion of their personal privacy.

Please let us know if any copies of these documents were made, and which ones in particular, were copied from Ms. Zabar's classroom. Please return copies of those documents immediately and destroy any copies not lawfully in your client's possession, with a certification that this has been done

Please let me know if the documents ready for pickup by Ms. Zabar can be shipped to my office address. If that is not possible, please let us know dates in July that Ms. Zabar and I can come to personally collect the documents and inspect her classroom to see if any documents or possessions were left behind. My client intends to seek monetary compensation for any of her personal possessions that were lost, damaged or destroyed by your clients.

Therefore, Plaintiff respectfully asks for the Court's assistance to fashion an appropriate order to compel Defendants to provide her with the information requested in my email, under threat of sanctions for Defendants' noncompliance.

With regard to the remaining alleged discovery deficiencies raised in defense counsel's letter, Plaintiff believes that all relevant discovery has been provided that is in her possession. Plaintiff is no longer seeking the overall ratings of the pedagogical staff, so the need for a confidentiality order is moot. As to union grievance activities that Plaintiff may have participated in, Defendants would be in possession of these same documents as they would have been the very recipient of these grievances filed by the union. In addition, to the extent Plaintiff would have kept any such documents, as noted above, they would be in her classroom from which she was expelled by defendants themselves, who have been in involuntary custody of her documents and possessions for nine months. Finally, Plaintiff has not "selectively" provided personal emails to defense counsel but provided what was in her possession in good faith in her response to Defendants' second and third document responses.

We also would like to inform the Court that Plaintiff has served a second set of discovery responses on defense counsel that has not yet been responded to. The parties exchanged deposition transcripts earlier this week, and Plaintiff intends to serve an additional supplemental set of discovery requests in the next day or so based on a thorough review of the transcripts of defendants Ureña and Rosales. In their depositions, both defendants were repeatedly evasive and often pretended "not to recall" in Plaintiff's opinion. Based on the responses from Defendants when defense counsel eventually responds to outstanding discovery requests, Plaintiff may need to recall these defendants on a limited basis before the close of discovery.

Thank you very much for Your Honor's consideration regarding the above.

Respectfully submitted,
/s: Bryan D. Glass
Bryan D. Glass, Esq.
Attorney for Plaintiff

Enclosures (A-C)

C: Samantha Turetsky, Assistant Corporation Counsel (via email)

# EXHIBIT A

METRO

# Hispanic principal trying to rid school of Jewish teachers: suit

By Ruthie Weissmann and Selim Algar                                    September 10, 2018 | 4:56am | Updated



Manuel Ureña
Natan Dvir

A Hispanic principal is systematically booting white, Jewish and older teachers from his Midtown high school, current and former staffers allege in lawsuits.

"I think he hates us," Peter Cohn, a former teacher at the High School of Art and Design, said of the school's principal, Manuel Ureña.

A Manhattan federal suit filed by teacher Todd Young claims Ureña, who is of Dominican heritage, initiated a mass faculty replacement at the school after being appointed principal in 2016.

Young's suit accuses Ureña of trumping up disciplinary and performance complaints against teachers to clear them out.

"Since Principal Ureña has arrived at the school, he has targeted several Jewish teachers," the suit says, naming Young and another teacher, Maya Zabar, as targets.

Ureña also "targeted many Caucasian teachers at the school and overwhelmingly hired Hispanic teachers to replace Caucasian teachers."

In a separate federal case against Ureña, Zabar says the principal failed to provide Jewish teachers time off for Yom Kippur and gave them unjustifiably poor ratings.

Cohn, now retired, said Ureña created an atmosphere of fear.

"Morale is just incredibly low there," he said, adding that complaints to the teachers union went nowhere.

"You walked around with a target on your back."

In another federal suit, Gregory Agosto, a former teachers union chapter leader at the school, accuses Ureña of trampling teachers' rights and tarring him with poor ratings.

But a school source said that staffers are happy with Ureña and that he's an effective leader. A PTA source said he is a popular principal and dismissed the suits as meritless claims by disgruntled staffers.

Department of Education spokesman Douglas Cohen said the agency was taking the allegations seriously. City Law Department rep Nick Paolucci said it was "actively litigating" the cases.

Ureña declined to comment, as did the United Federation of Teachers union.

FILED UNDER     **ANTI-SEMITISM**, **HIGH SCHOOLS**, **PRINCIPALS**, **TEACHERS**

Recommended by

# EXHIBIT B



Bryan Glass <bglass@ghnylaw.com>

## RE: Zabar v. DOE-discovery status

**Turetsky, Samantha (Law)** <sturetsk@law.nyc.gov>
To: Bryan Glass <bglass@ghnylaw.com>

Wed, Jun 26, 2019 at 4:35 PM

Good Afternoon,

Please see the attached document for a response to your email.

Thank you,

Samantha P. Turetsky

Assistant Corporation Counsel

Labor and Employment Division

New York City Law Department

100 Church Street, Room 2-316

New York, NY, 10007

(212) 356-2451

sturetsk@law.nyc.gov

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Bryan Glass [mailto:bglass@ghnylaw.com]
**Sent:** Tuesday, June 25, 2019 10:39 PM
**To:** Turetsky, Samantha (Law)
**Subject:** Re: Zabar v. DOE-discovery status

We received Plaintiff's deposition transcripts today. We delivered the deposition transcripts of Ms. Rosales and Mr. Urena earlier today, which we received yesterday from the court reporter.

We intend to serve a third set of discovery requests by the end of the week after reviewing defendants' transcripts, based on your clients' evasive answers at their depositions. We may seek to recall them as well in July based on your discovery responses to our outstanding discovery requests. By what date do you plan to respond to our second set of discovery requests? And what dates are Mr. Urena and Ms. Rosales available to be recalled for depositions in July if necessary?

We believe the letter you filed last Friday evening with the court was in complete bad faith based on my suggestion that we visit all our discovery issues in one unified letter. This is especially so given your admission yesterday that the school was in possession of Ms. Zabar's documents in her classroom since September 2018, and only yesterday did your clients offer to return her possessions to her now almost 9 months later at the end of June 2019. You were made aware on several occasions during Ms. Zabar's deposition that she informed you that your client was in possession of documents you were seeking from her. Only yesterday did you offer to return those documents to her, 9 months later.

Please advise Judge Gardephe and Magistrate Judge Netburn immediately that you discovered that your client has been withholding documents that you claim in your discovery deficiency letter should have been in Ms. Zabar's possession, that she could not access because she was involuntarily expelled from the school in September 2018. Please also write to the Court withdrawing your suggestion of sanctions to the Court, or we will have no choice but to move for counter-sanctions against you and your clients.

Please provide a detailed catalog exactly what was boxed up in Ms. Zabar's classroom, and how many boxes are available for pickup. Please let us know exactly who took possession and had access to these documents at the school, and on what dates these documents and possessions were seized. Have defendants Urena and Rosales personally reviewed the documents that were in Ms. Zabar's classroom? We know from other cases that your clients engaged in similar tactics with other teachers at the school that may constitute an unwarranted invasion of their personal privacy.

Please let us know if any copies of these documents were made, and which ones in particular, were copied from Ms. Zabar's classroom. Please return copies of those documents immediately and destroy any copies not lawfully in your client's possession, with a certification that this has been done.

Please let me know if the documents ready for pickup by Ms. Zabar can be shipped to my office address. If that is not possible, please let us know dates in July that Ms. Zabar and I can come to personally collect the documents and inspect her classroom to see if any documents or possessions were left behind. My client intends to seek monetary compensation for any of her personal possessions that were lost, damaged or destroyed by your clients.

Please respond by 5 pm tomorrow to the above as I need to inform the Court of my position on your application by Thursday of this week. This email and your response will be included to be part of my response to the Court. If you prefer to withdraw your discovery deficiency application, feel free to do so by advising the Court immediately. If you fail to respond by 5 pm tomorrow, I will report to the Court accordingly your lack of a response.

We look forward to hearing a response from you shortly.

Thank you,

On Mon, Jun 24, 2019 at 6:14 PM Turetsky, Samantha (Law) <sturetsk@law.nyc.gov> wrote:

Hello,

Plaintiff's deposition transcript was placed in the mail on Friday afternoon.

The High School of Art and Design has informed me that there are a number of boxes containing personal items belonging to Ms. Zabar and some documents that she left behind when she cleaned out her classroom prior to her reassignment. They are being kept at the school until she retrieves them. Please inform Ms. Zabar she may contact Sari Perez at 212 752-4340 Ext 60701 to set up a date and time to retrieve the items.

Samantha P. Turetsky

Assistant Corporation Counsel

Labor and Employment Division

New York City Law Department

100 Church Street, Room 2-316

New York, NY, 10007

(212) 356-2451

sturetsk@law.nyc.gov

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

--

*Bryan D. Glass, Esq.*
*Partner*

85 Broad Street (at WeWork)
18th Floor
New York, NY 10004

**NOTE NEW ADDRESS AS OF 10/1/18**

Tel: 212-537-6859
(This number receives text messages)
Fax: 845-510-2219

www.ghnylaw.com
bglass@ghnylaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at bglass@ghnylaw.com or by telephone at (212)

537-6859, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

📄 **Zabar-Response re-discovery 6-26-19.pdf**
2286K

# EXHIBIT C



**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SAMANTHA P. TURETSKY**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-2451
FAX (212) 356-2439
sturetsk@law.nyc.gov

June 26, 2019

**BY EMAIL** (bglass@ghnylaw.com)
Bryan D. Glass, Esq.
Glass & Hogrogian LLP
85 Broad Street, 18th Fl. @ WeWork
New York, NY 10004

Re: Maya Zabar v. New York City Department of Education, et al.
Docket No. 18-CV-06657 (PGG)

Dear Mr. Glass:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for the Defendants in the above-referenced action. I write in reply to your June 25, 2019 e-mail, which requested a response by Defendants by June 26, 2019 at 5 PM.

First, thank you for finally providing copies of the transcripts for the depositions of Ms. Rosales and Mr. Ureña.

As I previously stated, I have 30 days from the receipt of Plaintiff's document requests to submit Defendants' objections and responses response. I cannot provide an exact date as to my response however they will be served within the allotted timeframe. After my review of the transcripts of the testimony of Defendant Ureña and Defendant Rosales, I do not find any basis for Plaintiff's suggestion that their responses to counsel's questions were "evasive" and do not provide Plaintiff a basis to recall them for additional deposition testimony.

Your accusation that Defendants letter was filed in bad faith is meritless and unwarranted and is nothing more than a mere deflection from your unwillingness to provide Plaintiff's position for a joint letter. The outstanding issues in my discovery letter were originally raised in March 2019. To date, they have gone unanswered and you did not seem inclined to engage in any meaningful discussions over the discovery dispute as I have been trying to resolve these issues since March 2019, with little to no response from you after our exchange of discovery deficiency letters. On April 16, 2019, you wrote in response to my reply deficiency letter "[i]f you believe you need to write to the judge about alleged deficiencies that cannot be addressed during depositions, we will respond accordingly." Following the deposition of Plaintiff, several deficiencies remained, which I addressed with you by requesting Plaintiff's

position for a joint discovery dispute letter. On June 11, 2019, I sent Defendants' position for the discovery dispute letter. On June 18, 2019, I received, by mail, copies of Plaintiff's responses and objections to Defendants' second and third requests for documents along with executed medical authorizations, paper documents, and an audio CD. I also received Plaintiff's second request for the production of documents to which Defendants will respond within the timeframe set forth in the Federal Rules of Civil Procedure. On June 19, 2019 at 8:30 AM you wrote "[t]he additional discovery responses we provided moot out many issues in your letter. Please pare down your letter to the specific documents you believe are missing at this point from Plaintiff that are still in dispute so I can discuss them with Ms. Zabar." You also stated, "If you intend to seek sanctions, we will be cross-moving for sanctions for your client's destruction of evidence after involuntarily removing Ms. Zabar from her possessions at the school." Additionally, you wrote, "I suggest we table this letter until Defendants fully provide responses to Plaintiff's requests, and we will raise any remaining alleged deficiencies on both sides once we have exchanged all documents and exhausted all amicable avenues to resolve any outstanding discovery issues."

In response to this email, I called your office and left a voicemail to discuss the discovery I received, the unfounded accusation that my clients were destroying evidence and the outstanding joint discovery letter. You never returned my call. On June 19, 2019 at 4:33 PM, after reviewing the newly provided discovery, I e-mailed you an updated discovery deficiency letter and requested Plaintiff's position by Friday, June 21 at Noon so I could file the letter by close of business on Friday. In my e-mail I stated, "Defendants believe it is best to submit this discovery letter to address the disputes regarding the initial requests and the requested protective order. I initially raised these discovery concerns in March through a deficiency letter and also requested a telephone call after our exchange of letters, which went unanswered. Another dispute letter can be filed at a later date for the supplemental discovery, if necessary." I further stated, "I am unfamiliar with your unfounded claim that my clients have destroyed any evidence. [Contrary to your current email assertion that she "was involuntarily expelled from the school in September 2018,"] Ms. Zabar was reassigned from the school after she requested to be reassigned." Please see the annexed excerpts from Ms. Zabar's deposition testimony wherein she states she made a request to be removed from the school after §3020-a charges were served upon her. See Zabar Tr. at pp. 32-34, annexed hereto as Exhibit "A."

On Thursday, June 20th at 10:10 PM you responded in pertinent part stating, "I don't think it makes sense to bother the judge with multiple discovery letters, and I have other more pressing matters this week in any event. I would like to defer the letter until we have the opportunity to review all deposition transcripts so we can make one unified request to the judge addressing all outstanding issues." As it was clear by your e-mail that I was not going to receive Plaintiff's position as to the joint letter, I filed the letter with the Court, by close of business on Friday, June 21 as I previously informed you I was going to do.

As my letter states, fact discovery is set to close on July 29, 2019 and waiting until the final exchange of all supplemental discovery and the exchange and review of depositions will push the submission of the discovery letter too close to the close of discovery. It was, and remains, in the best interest of my clients to raise these long standing discovery disputes at this time and not wait any longer. These issues were originally brought to your attention in

March 2019 and have been unresolved since then. I have put ample time and resources into attempting to resolve these issues with you in an amicable way and without Court intervention but I must act in the best interest of my clients and resolving these discovery deficiencies, at this time, is in their best interests. As stated, another dispute letter can be filed at a later date for the supplemental discovery, if necessary.

Your accusation that Ms. Zabar "could not access" her items and that she was "involuntarily expelled from the school" are without merit. Please see the attached supplemental disclosures that were previously provided to you which show that Ms. Zabar requested to be reassigned and that the Superintendent of the District and a named Defendant in this case, Marisol Rosales, honored her request, annexed hereto as Exhibit "B.". Further, Ms. Zabar testified at her deposition that she requested a reassignment from the High School of Art and Design following her 3020-a charges. See Exhibit "A." Ms. Zabar was given time to clean out her classroom and left the premises. At any time, she could have called to retrieve any items she believed she left behind. As I previously informed you, please have Ms. Zabar contact Assistant Principal Sari Perez at (212) 752-4340 Ext 60701 to set up a date and time to retrieve the items. Contrary to your meritless claims, my clients have been securely keeping Ms. Zabar's property for the last nine months and are happy to return the items if she coordinates a time to pick them up from the school.

As stated in my deficiency letter, "[a] party may be required to produce a document that it has the legal right to obtain even though it presently may not have a copy of the document in its possession. See, e.g., Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co., No. 14-CV- 04394 (AJN) (BCM), 2016 U.S. Dist. LEXIS 133564, at *18 (S.D.N.Y. Sep. 27, 2016)." Ms. Zabar has had a continuing obligation to preserve documents in her possession or control relevant to her claims in this action and has the obligation to provide the documents that are responsive to Defendants' requests and evidence that she believes prove her case. At any time she could have requested to retrieve documents if she believed she left behind materials relevant to this litigation. You cannot accuse my clients, without any basis for your belief, of going through Ms. Zabar's personal items, copying it, destroying it, etc. but also want them to review it to determine responsiveness and fault them for not turning the items over in discovery. As my clients still have a school to run, they boxed up the remaining items left behind by Ms. Zabar so the classroom could be used by the next occupying teacher and have been securely storing the items ever since. Any accusations of any wrongdoing are unfounded. To that end, the issues raised in Defendants' discovery dispute letter are all raised in good faith and I will not be writing to the Court to withdraw my letter.

Very truly yours,
/s/ Samantha P. Turetsky
Samantha P. Turetsky
Assistant Corporation Counsel


Attachments

**EXHIBIT "A"**

M. ZABAR

```
1      A.      I have been removed.

2      Q.      Where are you currently working?

3      A.      I am not technically working.   I have a 3020.   I

4    have been positioned at Jacqueline Kennedy Onassis High

5    School.

6      Q.      What is your title at Jacqueline Kennedy?

7      A.      I guess I am still an English teacher.

8      Q.      Do you have responsibilities?

9      A.      I don't have any technically.   They give me

10   administrative work and clerical work on an as needed

11   basis.

12     Q.      Do you have a supervisor at Jacqueline Kennedy?

13     A.      Dan Vincent, he is the APO there.

14     Q.      How long have you been at Jacqueline Kennedy?

15     A.      Since September.

16     Q.      Of 2019.

17     A.      We aren't at September 2019.

18     Q.      Excuse me, sorry.

19     A.      2018, same problem I have.

20     Q.      What dates did you leave Art and Design High

21   School?

22     A.      I was given my 3020a the second Friday of

23   September.

24     Q.      Did you report to Art and Design that following

25   Monday or somewhere else?
```

1     A.      When I received the 3020a, at the same time

2   weekend, the New York Post came out with an article about

3   the school and these federal cases.

4           I had no idea it was going to happen and I

5   realized with Mr. Urena's temper it could potentially be a

6   difficult place for me to be so I asked to be removed

7   entirely from the school.

8     Q.      Who did you make that request to?

9     A.      I sent an e-mail to Alice O'Neil.  I know that

10  carbon copied Mr. Urena and I believe I also sent that to

11  my lawyer.

12          MS. TURETSKY:  Defendants will call for

13              production of the e-mail the witness just

14              testified to.

15          MR. GLASS:  Follow up in writing.  I would

16              just state the it may have been, should have been

17              provided to Defense Counsel as well it was carbon

18              copied to Urena which is part of your discovery

19              response but you can follow up in writing.

20    Q.      What happened after you sent that e-mail to Alice

21  O'Neil?

22    A.      I had to take three sick days.  I was overwhelmed

23  with anxiety.  Also because they hadn't transferred me.  I

24  was legitimately scared to go back to that building.

25    Q.      Do you know if it is common practice to remove a

1      teacher when there are 3020a charges?

2          A.      I have no idea what the common practices are.

3                  MR. GLASS:    I would just object to the form.

4          Q.      Did you have reason to believe you would be

5      removed from Art and Design after the 3020a charges?

6          A.      I don't know what happens after a 3020a.    I only

7      know how scared I was of going back to that building.

8          Q.      After your e-mail to Alice O'Neil and you took

9      the sick days, what happened next?

10         A.      I received e-mail notification that I was going

11     to Jacqueline Kennedy Onassis.    I had to show up briefly to

12     find something and then I left and went directly to

13     Jacqueline Kennedy Onassis High School.

14                 That morning going in, Mr. Urena, Mr. McCaler

15     were in the lobby waiting for me.    They were both grinning

16     at me.    I went to talk to a couple of people in the

17     attendance office to sign off and say good-bye and when I

18     left, it looked like they had called Miss Rosales down so

19     she can grin at me.

20         Q.      I am a little confused on what date you're

21     speaking about.    Can you just clarify for the record?

22         A.      I believe it was the third Monday of September.

23     No, maybe the fourth Monday.    I would need to see the

24     calendar and then I would have a better idea when it was,

25     but that Monday I had to come in to sign the papers.

**EXHIBIT "B"**



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

Samantha P. Turetsky
Labor and Employment Law Division
Phone: (212) 356-2451
Fax: (212) 356-2439
sturetsk@law.nyc.gov

May 17, 2019

**BY EMAIL AND FIRST CLASS MAIL** (bglass@ghnylaw.com)
Bryan D. Glass, Esq.
Glass & Hogrogian LLP
85 Broad Street, 18th Fl. @ WeWork
New York, NY 10004

Re: Maya Zabar v. New York City Department of Education, et al.
    Docket No. 18-CV-06657 (PGG)

Dear Mr. Glass:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for the Defendants in the above-referenced action.

Consistent with and without waiving or in any way limiting its previously asserted objections, and pursuant to FRCP 26(e), Defendants supplement their previous responses to Plaintiff's Document Request No. 28 with the following documents:

- Text Messages from Defendant Marisol Rosales' cell phone, bearing Bates Stamp Numbers DEF1917-DEF1918.

- Email from Marisol Rosales following up on Plaintiff's request to be reassigned, bearing Bates Stamp Number DEF1920.

Consistent with and without waiving or in any way limiting its previously asserted objections, and pursuant to FRCP 26(e), Defendants supplement their previous responses to Plaintiff's Document Request No. 27 with the following document:

- Email from Plaintiff requesting reassignment after 3020-a charges, bearing Bates Stamp Number DEF1919.

Sincerely,

/s/ Samantha P. Turetsky
Samantha P. Turetsky
Assistant Corporation Counsel

Encls

 

## Alice Oneal (Work) 



Hi Marisol - could Maya Zabar please be located outside of the school for her reassignment?

She received her 3020a today

It would be better to have her located elsewhere

She sent this request

I can forward her request
Sep 7 9:01 PM

Send me the request- we will do our

 < Enter a message   

DEF1917

 
# Alice Oneal (Work)



Send me the request- we will do our best

Even when she's suing me
Sep 7 9:10 PM



Forwarding it to you now

The new Chapter Leader is calm and professional

He is working with the principal
Sep 8 7:27 AM

 Enter a message     

DEF1918

# Re: 3020 assignment

Rosales Marisol

Sat 9/8/2018 8:05 AM

Sent Items

To:Alice O'Neil <AOneil@uft.org>;

We will do our best Alice

Sincerely.
Marisol C. Rosales
Superintendent, Manhattan High Schools D1,2

**From:** Alice O'Neil
**Sent:** Saturday, September 8, 2018 7:29 AM
**To:** Rosales Marisol
**Subject:** FW: 3020 assignment

Fyi Marisol - request from Maya Zabar to be assigned outside of the school.

Sent with BlackBerry Work
(www.blackberry.com)

> From: Zabar Maya (02M620) <MZabar@schools.nyc.gov>
> Date: Friday, Sep 07, 2018, 1:18 PM
> To: Urena Manuel (02M630) <MUrena4@schools.nyc.gov>
> Cc: Robinson Robert <RRobinson13@schools.nyc.gov>, Alice O'Neil <AOneil@uft.org>, bglass@ghnylaw.com <bglass@ghnylaw.com>
> Subject: 3020 assignment
>
> I was informed by Ms. Perez to report to her Wednesday.  I am requesting to be assigned off-site for the duration of this procedure.
>
> Thank you.
>
> Get Outlook for Android



Stand with us »

The views, opinions, and judgments expressed in this message are solely those of the author. The message contents have not been reviewed or approved by the UFT.

# Fw: 3020 assignment

Rosales Marisol

Sat 9/8/2018 8:09 AM

Sent Items

To:Caldwell Colin <CCaldwell@schools.nyc.gov>;

Sincerely.
Marisol C. Rosales
Superintendent, Manhattan High Schools D1,2

**From:** Alice O'Neil <AOneil@uft.org>
**Sent:** Saturday, September 8, 2018 7:29 AM
**To:** Rosales Marisol
**Subject:** FW: 3020 assignment

Fyi Marisol - request from Maya Zabar to be assigned outside of the school.

Sent with BlackBerry Work
(www.blackberry.com)

> **From:** Zabar Maya (02M620) <MZabar@schools.nyc.gov>
> **Date:** Friday, Sep 07, 2018, 1:18 PM
> **To:** Urena Manuel (02M630) <MUrena4@schools.nyc.gov>
> **Cc:** Robinson Robert <RRobinson13@schools.nyc.gov>, Alice O'Neil <AOneil@uft.org>, bglass@ghnylaw.com <bglass@ghnylaw.com>
> **Subject:** 3020 assignment
>
> I was informed by Ms. Perez to report to her Wednesday. I am requesting to be assigned off-site for the duration of this procedure.
>
> Thank you.
>
> Get Outlook for Android



Stand with us »

The views, opinions, and judgments expressed in this message are solely those of the author. The message contents have not been reviewed or approved by the UFT.

DEF1920