UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAYA ZABAR,

                                            Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MARISOL ROSALES, SUPERINTENDENT OF HIGH SCHOOLS OF DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; SARI PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN,

                                           Defendants.
------------------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT**

18 Civ. 6657 (PGG)

Defendants Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education") and the individually named defendants, Manuel Ureña, Lynn Rosales, and Sari Perez, by and through their attorney, JAMES E. JOHNSON, Corporation Counsel for the City of New York, as and for their answer to the Amended Complaint ("Complaint"), filed on October 4, 2018 herein, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint except admit that plaintiff purports to proceed as set forth therein.[1]

---

[1] On May 12, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. The Court dismissed: 1) plaintiff's ADA/SHRL/CHRL claims for denial of reasonable accommodation and hostile work environment; 2) plaintiff's Section 1983 First Amendment claims against the Defendants; and 3) all claims against Superintendent Rosales. The Court ruled that the following claims survive Defendants' motion to dismiss: 1) the ADA claim of retaliation against the BOE; and 2) the SHRL and CHRL claims of retaliation against defendants Ureña, Perez, and Assistant Principal Rosales. See ECF Dkt. No. 83 at 23-24. The Court also found that any ADA claims accruing before May 19, 2017 are time-barred. Id. at 8. Thus, the only remaining claims in this action are for retaliation under the ADA as against the

2. Plaintiff's 42 U.S.C. § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order on May 12, 2020. To the extent a response is required, deny the allegations set forth in paragraph "2" of the Complaint except admit that Plaintiff purports to proceed as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that Plaintiff purports to proceed and seek the relief as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

6. The allegations in paragraph "6" of the Complaint set forth legal argument for which no response is require. To the extent a response is required, deny the allegations set forth in paragraph "11" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 15, 2018 and a Right to Sue letter, dated April 26, 2018 was issued to Plaintiff and respectfully refer the Court to Exhibit A annexed to the Complaint for a complete and accurate statement of its contents.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

---

BOE for any claim accruing on or after May 19, 2017 and any timely claim for retaliation under the SHRL and the CHRL as against defendants Ureña, Perez, and Assistant Principal Rosales.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff is an English teacher employed by the BOE and was previously assigned to teach at the BOE's High School of Art and Design ("HSAD") located in Manhattan.

10. Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer the Court to Ch. 52A of the New York Education Law for a description of the status of the BOE.

11. The claims against Superintendent Marisol Rosales were dismissed from this case pursuant to this Court's order dated May 12, 2020. Accordingly, no response is required. To the extent a response is required, deny the allegations set forth in paragraph "11" of the Complaint, except admit that Marisol Rosales was the Superintendent of District 2, is currently the Executive Superintendent for Manhattan, Districts 1-6, and that Plaintiff purports to proceed as set forth therein.

12. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Manuel Ureña was previously the Principal of HSAD and that plaintiff purports to proceed as set forth therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Lynn Rosales is the Assistant Principal at HSAD for Supervision, English/Social Studies/ENL/Library/LOTE and that plaintiff purports to proceed as set forth therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Sari Perez is the Assistant Principal at HSAD for Organization and that plaintiff purports to proceed as set forth therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff began teaching for BOE as a regular substitute teacher in 2008 and was appointed as an English teacher in 2009.

16. Plaintiff's disability discrimination claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "16" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported disabilities.

17. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff began employment with BOE in 2008, was a teacher at Stuyvesant High School for the 2010-2011 and 2011-2012 school years and began teaching at HSAD in 2013.

18. Admit the allegation set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff received "satisfactory" overall ratings on her Annual Professional Performance Reviews ("APPR") from 2009-2013 and "effective" overall ratings on her APPRs from 2014-2017 and a "developing" overall rating on her APPR for the 2017-2018 school year.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff received an overall "effective" rating on her APPR for the 2015-2016 school year.

21. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "21" of the Complaint, except admit, upon information and belief, that plaintiff was selected to serve on the HSAD's Union Executive

Board ("UEB") as a representative for the English Department beginning in the 2016-2017 school year.

22. Plaintiff's § 1983 with prejudice retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint except admit that Plaintiff requested a room change before the start of the 2016-2017 school year.

24. Plaintiff's disability discrimination claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "24" of the Complaint.

25. Plaintiff's disability discrimination claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required deny the allegations set forth in paragraph "27" of the Complaint.

28. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff was overhead complaining to Alice O'Neil, United Federation of Teachers ("UFT") District Representative about Lynn Rosales.

29. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff received letters concerning her conduct dated November 5, 2016 and November 17, 2016.

30. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff received a letter dated November 17, 2016 for unprofessional behavior.

31. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "31" of the Complaint.

32. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff grieved the report of her October 13, 2016 informal classroom observation and that it was removed from her file.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff received an observation report for an informal classroom observation conducted on December 12, 2016.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff received an observation report for an informal classroom observation conducted on March 22, 2017.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff received an observation report for an informal classroom observation conducted on March 24, 2017.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff received an observation report for an informal classroom observation conducted on May 30, 2017.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff received a letter dated February 27, 2017 and April 19, 2017 concerning her conduct.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that plaintiff received a "Developing" Rating for the Measures of Teacher Practice ("MOTP") component of her APPR and an "Effective" overall rating for her APPR for the 2016-2017 school year.

41. Plaintiff's § 1983 1st Amendment retaliation claims were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required, deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff remained on the UEB for the 2017-2018 school year.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff received a letter regarding her failure to comply with Chancellor's Regulation C-601, which was discussed at a September 6, 2017 meeting between her, plaintiff's UFT representative, Andrew Savage, and Principal Ureña.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff submitted an APPR Resolution Assistance Request for an observation report for an informal classroom observation conducted on October 2, 2017 which was removed from plaintiff's file because it was provided to her more than 45 school days after the observation exceeding the period set forth in the ADVANCE guide.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that the art show planned by plaintiff had to be rescheduled due to the room not being properly booked by plaintiff and was previously booked for another event.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that plaintiff received an informal observation report for a classroom observation conducted on November 27, 2017.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff received an informal observation report for a classroom observation conducted on December 14, 2017.

49. Plaintiff's disability discrimination claims pursuant to the ADA were dismissed with prejudice by the Court's order dated May 12, 2020. ECF Dkt. No. 83. To the extent a response is required deny the allegations set forth in paragraph "49" of the Complaint,

except admit that plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and affirmatively state that said charge was filed on March 15, 2018.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit plaintiff received a letter from Assistant Principal Sari Perez regarding her non-compliance with Chancellor's Regulation C-601.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except admit that plaintiff received an informal observation report for a classroom observation conducted on May 1, 2018.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit plaintiff received three different letters dated May 2, 2018 from Assistant Principal Lynn Rosales pertaining to three different incidents.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that plaintiff, through her attorney, requested to withdraw her EEOC charge and received a Right to Sue letter, which was issued and dated April 26, 2018.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that plaintiff received a letter dated June 21, 2018 from Assistant Principal Sari Perez regarding her attendance and lateness during the 2017-2018 school year.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff's overall rating for the MOTP component of her APPR for the 2017-2018 school year was "Ineffective."

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that plaintiff's rating for the Measures of Student Learning ("MOSL") component of her APPR for 2017-2018 school year was "Effective," and that her overall rating for her APPR for the 2017-2018 school year was "Developing."

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit plaintiff was served with Education Law § 3020-a charges on September 7, 2018 which are pending.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that plaintiff was reassigned from the High School of Art and Design at her request pending the outcome of her § 3020-a charges and that she performs non-teaching duties.

62. In response to the allegations set forth in paragraph "62" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-61" inclusive of their answer, as if fully set forth herein.

63. Plaintiff's "First" Cause of Action was dismissed with prejudice by this Court's order dated May 12, 2020. Accordingly, no response is required. To the extent a response is required deny the allegations set forth in paragraph "63" of the Complaint.

64. Plaintiff's "First" Cause of Action was dismissed with prejudice by this Court's order dated May 12, 2020. Accordingly, no response is required. To the extent a response is required deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-64" inclusive of their answer, as if fully set forth herein.

66. Plaintiff's hostile work environment claim under the ADA was dismissed with prejudice by this Court's order dated May 12, 2020. To the extent a response is required, deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-67" inclusive of their answer, as if fully set forth herein.

69. Plaintiff's "Third" Cause of Action was dismissed with prejudice by this Court's order dated May 12, 2020. Accordingly, no response is required. To the extent a response is required, deny the allegations set forth in paragraph "69" of the Complaint.

70. Plaintiff's "Third" Cause of Action was dismissed with prejudice by this Court's order dated May 12, 2020. Accordingly, no response is required. To the extent a response is required, deny the allegations set forth in paragraph "70" of the Complaint.

71. In response to the allegations set forth in paragraph "71" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-70" inclusive of their answer, as if fully set forth herein.

72. Plaintiff's hostile work environment and disability discrimination claims under the SHRL were dismissed with prejudice by this Court's order dated May 12, 2020. To the extent a response is required, deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, Defendants repeat and re-allege the responses set forth in paragraphs "1-72" inclusive of their answer, as if fully set forth herein.

74. Plaintiff's hostile work environment and disability discrimination claims under the CHRL were dismissed with prejudice by this Court's order dated May 12, 2020. To the extent a response is required, deny the allegations set forth in paragraph "74" of the Complaint.

75. No response to paragraph "75" of the Complaint is required since it merely states that plaintiff demands a trial by jury. To the extent a response is required deny the allegations set forth in paragraph "75" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE

76. The Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE

77. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

78. Plaintiff has failed to fully comply with applicable notice of claim requirements with respect to her city and state law claims.

### AS AND FOR A FOURTH DEFENSE

79. Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by plaintiff. The actions taken would have been taken regardless of any alleged protected status or activity.

## AS AND FOR A FIFTH DEFENSE

80. Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SIXTH DEFENSE

81. Plaintiff failed to exhaust her administrative remedies with respect to any ADA claims contained in the federal complaint which were not also contained in the plaintiffs' charge of discrimination filed with the EEOC.

## AS AND FOR A SEVENTH DEFENSE

82. Upon information and belief, plaintiff's claim for front and/or back pay are barred by her failure to mitigate damages.

## AS AND FOR AN EIGHTH DEFENSE

83. Defendant BOE established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory conduct by such employee.

## AS AND FOR A NINTH DEFENSE

84. The individually named defendants are not subject to suit under the Americans with Disabilities Act.

## AS AND FOR A TENTH DEFENSE

85. The Complaint is barred, in whole or in part, by prior stipulation, settlement, arbitration and award, accord and satisfaction, release, or any combination of these doctrines.

Dated:  New York, New York
        May 26, 2020

                                           JAMES E, JOHNSON
                                           Corporation Counsel of the
                                             City of New York
                                           Attorney for Defendants
                                           100 Church Street, Room 2-184
                                           New York, New York 10007
                                           (212) 356-2451
                                           sturetsk@law.nyc.gov

                                 By:     */s/ Samantha P. Turetsky*
                                           Samantha P. Turetsky
                                           Assistant Corporation Counsel

TO:  Bryan D. Glass Esq. (via ECF)
       Jordan F. Harlow, Esq. (via ECF)
       GLASS Harlow & HOGROGIAN LLP
       Attorneys for Plaintiff Maya Zabar
       85 Broad Street, 18th Floor- Wework
       New York, NY 10004
       (212) 537-6859
       bglass@ghnylaw.com
       jharlow@ghnylaw.com

| |
|---|
| Docket No. 18 Civ. 6657 (PGG) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MAYA ZABAR,<br><br>                                                            Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; MARISOL ROSALES, SUPERINTENDENT OF HIGH SCHOOLS OF DISTRICT 2; MANUEL UREÑA, PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; SARI PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN,<br>                                                           Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| *JAMES E. JOHNSON*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-184*<br>*New York, New York 10007-2601*<br><br>*Of Counsel: Samantha P. Turetsky*<br>*Tel.: (212) 356-3451*<br>*Matter No.: 2018-057439* |
| *Due and timely service is hereby admitted.*<br><br>*Dated: New York, New York...................................................2020*<br><br>*Signed: ...........................................................................................*<br><br>*Attorney for......................................................................................* |