# GLASS HARLOW & HOGROGIAN LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
1 BLUE HILL PLAZA, SUITE 1509
PEARL RIVER, NY 10956
212-537-6859
FAX NO. 845-510-2219
E-mail: bglass@ghnylaw.com

*Bryan D. Glass*
   Partner

June 9, 2020

*Via ECF*
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Maya Zabar v. New York City Department of Education, et al.*
               Docket No. 18-CV-06657 (PGG)
               Plaintiff's Letter in Opposition to Defendants' Proposed
               Motion for Summary Judgment

Dear Judge Gardephe:

     I am the attorney for Plaintiff Maya Zabar in the above-referenced matter. Pursuant to Your Honor's Order dated May 12, 2020 (ECF Dkt. 83), I write in response to Defendants' letter submission, dated June 2, 2020 (ECF Dkt. 87), stating their intent to file a summary judgment motion on Ms. Zabar's remaining claims of retaliation under the Americans with Disabilities Act of 1990 ("ADA") against the New York City Department of Education (NYCDOE), and the New York State Executive Law §§ 296, *et seq.* ("SHRL") and the New York City Administrative Code §§ 8-101, *et seq.* ("CHRL") against the remaining individual defendants Principal Manuel Ureña, AP Lynn Rosales, and AP Sari Perez.

**A.    Background Pertinent To The Remaining Retaliation Claims**

     Ms. Zabar is a tenured English teacher for the Defendant New York City Department of Education (DOE). During the course of her employment at the High School of Art and Design ("HSAD") from the 2012-13 school year up to and through the 2015-16 school year, Ms. Zabar received ONLY Satisfactory and or Effective ratings for her teaching. In June 2016, Ms. Zabar was selected to represent the High School's English

1

Department on the United Federation of Teachers ("UFT") consultation committee. In Ms. Zabar's capacity as a UFT Representative, she would meet monthly with Principal Urena and other school administrators to resolve issues at the school. Ms. Zabar was noted as being very outspoken at the consultation committee regarding issues at the school.

Following her selection to the UFT school consultation committee, Ms. Zabar requested reasonable accommodations which included (1) a classroom change in the summer of 2016, and that (2) all instructions, reminders, or updates regarding anything school related be in writing via email in September 2016 and throughout the 2016-17 and 2017-18 school years, for her depression and anxiety. Following these reasonable accommodation requests to Defendants, Ms. Zabar was retaliated against by the school administration in the form of lower observation reports, a "developing" Measures of Teacher Performance (MOTP") rating at the end of the 2016-17 school year, and unwarranted disciplinary letters to her file. Amended Complaint ¶¶ 29, 33, 35- 40.

On March 15, 2018, as a result of these unwarranted and retaliatory actions by Defendants, Ms. Zabar filed a charge with the EEOC alleging retaliation. Following filing this charge in March 2018, Ms. Zabar received additional disciplinary letters, poor observations, and an "ineffective" MOTP rating and overall "developing" annual rating. *Id.* ¶¶ 42, 44, 47-51, 54, 56, 58-59. Ultimately, in Defendants' final act of retaliation, on September 7, 2018, Ms. Zabar was served by the NYCDOE with Section § 3020-a disciplinary charges seeking her termination, and reassigned her away from HSAD where she was no longer entitled to do any per session work. *Id.* ¶¶ 60-61. Her Section 3020-a charges remain pending to date.

**B.     Ms. Zabar Can Demonstrate Material Triable Issues Of Fact Regarding Alleged Retaliation by Defendants against her Under the ADA, SHRL And CHRL**

A moving party is entitled to summary judgment only when there is no genuine issue of any material fact. *Feingold v. State of New York*, 366 F.3d 138, 148 (2d Cir. 2004). As to any particular issues in which summary judgment is requested, where "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 67 (2d Cir. 2000).

The Second Circuit has also noted that an extra measure of caution is merited in granting summary judgment in a retaliation action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *McCowan v HSBC Bank USA, N.A.,* 689 F Supp 2d 390, 397-98 (E.D.N.Y. 2010), *citing Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1224 (2d Cir.1994).

Ms. Zabar engaged in protected activity when she (1) requested a reasonable accommodation in the summer of 2016 to change rooms, (2) requested in September 2016 that all instructions, reminders, or updates regarding anything school-related be in writing or via email as a reasonable accommodation for her mental health conditions (Amended Complaint ¶ 24), (3) repeated her request for instructions to be placed in writing throughout the 2016-2017 school year (Amended Complaint ¶ 25); (4) repeated her request for instructions to be placed in writing throughout the 2017-2018 school year (Amended Complaint ¶ 25); (5) filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2018 (ECF Dkt. 83 at p. 4); and (6) commenced and filed this instant federal action on July 24, 2018. (ECF Dkt. 1).

Ms. Zabar stated in her Amended Complaint that when asked by Defendant Principal Ureña for the basis of her reasonable accommodation request, Ms. Zabar explained that she was diagnosed with generalized anxiety disorder, and her assigned room was a trigger to her mental health condition. Amended Complaint ¶ 23. Ms. Zabar also requested that all instructions, reminders, or updates regarding anything school related in writing or via email. *Id.* ¶ 24. Ms. Zabar testified at her deposition that after the disclosure of her disabilities, she began receiving several more disciplinary letters and significantly worse observations. Ms. Zabar's testimony is colored with examples of how Defendants used the poorly rated observations to further exacerbate her anxiety. Ms. Zabar further explained during her deposition that her request for all her instructions, reminders, or updates regarding anything school-related be in writing or via email was to accommodate her anxiety, which would lead to fewer panic attacks and less depression, not avoid blame as Defendants argue. Not having written instructions increased Ms. Zabar's anxiety because she could never be 100 percent certain that she was following the instructions given to her. As a result of these protected requests for reasonable accommodations, Ms. Zabar was subjected to numerous retaliatory adverse employment actions that took place in late 2016, and throughout 2017 and 2018.

Ms. Zabar's Amended Complaint lists numerous disciplinary letters and poor evaluations from March and May 2018 that are close in proximity to her EEOC charge filed on March 15, 2018. "A causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Dudley*, 2017 U.S. Dist. LEXIS 157504, at *49 (citing *Littlejohn v. City of NY*, 795 F.3d 297, 319 (2d Cir. 2015) *quoting Gordon v. N.Y.C. Bd. Of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). Here, Ms. Zabar has sufficiently shown direct evidence of retaliation based on the close timing of events to establish material issues of fact.

As previously mentioned, Ms. Zabar filed her charge with the EEOC on March 15, 2018. ECF Dkt. No. 83 at p. 4. On March 16, 2018 and May 2, 2018, Ms. Zabar received letters to file. On May 7, 2018 and May 31, 2018, Ms. Zabar received ineffective observation reports. on June 22, 2018, Ms. Zabar was issued another disciplinary letter to her file. All of these actions constitute adverse employment actions which took place within close temporal proximity to her filed EEOC charge based on previous retaliatory actions.

Furthermore, Ms. Zabar commenced this Federal action on July 24, 2018. (ECF Dkt. 1). While Defendants assert that the "only" action that occurred after the commencement of this protected activity was Ms. Zabar being served Section 3020-a charges on September 7, 2018, this is the most severe of Defendants' retaliatory actions towards Ms. Zabar. Not only are Section 3020-a charges the most detrimental and career-damaging charges a tenured teacher may face, but such charges preferred against her have resulted in removal from HSAD and made her no longer eligible for per session work, and threatens her livelihood as a tenured teacher.

Taken together, Ms. Zabar's disciplinary letters and less than effective ratings issued to her within close proximity of her protected activity EEOC filing, and Section 3020-a charges served to her within close proximity to her federal filing, constitute retaliatory adverse employment actions in retaliation for protected activities.

As stated above, Ms. Zabar is confident she will be able to meet her burden at trial to establish that Defendants' actions against her are blatantly retaliatory in nature and were the result of actions which constitute protected activity, and there are material issues of fact to be tried in this matter. Accordingly, Ms. Zabar respectfully requests that any proposed motion for summary judgment by Defendants be denied on the remaining claims in this action, and the Court schedule a pretrial or settlement conference at this juncture to move this case forward. Thank you for the Court's consideration.

                                                Respectfully submitted,
                                                */s: Bryan D. Glass*
                                                Bryan D. Glass, Esq.
                                                Attorney for Plaintiff

c:      Samantha P. Turetsky
        Assistant Corporation Counsel
        Attorney for Defendants
        *Via ECF*