UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA ZABAR,

                Plaintiff,

      v.

NEW YORK CITY DEPARTMENT OF
EDUCATION; MANUEL UREÑA,
PRINCIPAL OF HIGH SCHOOL OF ART
AND DESIGN; LYNN ROSALES,
ASSISTANT PRINCIPAL OF HIGH
SCHOOL OF ART AND DESIGN; SARI
PEREZ, ASSISTANT PRINCIPAL OF
HIGH SCHOOL OF ART AND DESIGN,

                Defendants.

**ORDER**

18 Civ. 6657 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is an employment discrimination action alleging claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). On April 8, 2024, Defendants filed a suggestion of death stating that Plaintiff Maya Zabar died on or about September 9, 2022. (Dkt. No. 114) At the time of Plaintiff's death, Defendants' motion for summary judgment was pending before the Court. (Dkt. No. 102)

        In an April 8, 2024 letter, Plaintiff's counsel states that Plaintiff's father has been named as administrator of Plaintiff's estate, and that "he intends to continue to pursue the case and will file a motion for substitution of Party within 90 days." (Dkt. No. 116)

        On April 9, 2024, in a memo endorsement on Plaintiff's counsel's April 8, 2024 letter, this Court stated that, "[i]n light of the suggestion of death filed [by] Defendants on April

8, 2024 (Dkt. No. 114), Plaintiff's motion for summary judgment (Dkt. No. 102) is denied as moot, without prejudice to renewal by the successor of Plaintiff's interests." (Dkt. No. 116)

This Court's reference to "Plaintiff's motion for summary judgment" was an error. Defendants – and not Plaintiff – moved for summary judgment. Accordingly, the April 9, 2024 memo endorsement (Dkt. No. 116) is vacated.

On July 3, 2024, Plaintiff's father, Zivan Zabar, moved for substitution as Plaintiff in his capacity as the Administrator of Maya Zabar's Estate. (Dkt. No. 118) Defendants do not oppose the motion. Defendants also request that this Court reinstate their motion for summary judgment. (Def. July 10, 2024 Ltr. (Dkt. No. 122))

Rule 25(a) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). To substitute a party pursuant to Rule 25(a), "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." Lai Yoong Low v. Tian Yu Inc., No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015).

As to the timeliness requirement, Rule 25 "establishes a ninety-day period for any party to make a motion to substitute a party for the decedent." Go v. Rockefeller Univ., No. 04 CIV. 4008 JSR HBP, 2013 WL 3816700, at *3 (S.D.N.Y. July 19, 2013). Here, Defendants filed a suggestion of death on April 8, 2024, and Zivan Zabar moved for substitution as Plaintiff on July 3, 2024. The motion is therefore timely.

As to the second requirement, "[a] claim survives a party's death when it is remedial, and not penal, in nature." O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV

2

3942 (NGG)(LB), 2021 WL 1394176, at *3 n.3 (E.D.N.Y. Feb. 26, 2021).  Courts have held that claims for compensatory damages arising under the ADA, NYSHRL, and NYCHRL are remedial in nature and survive a party's death.  See, e.g., id. (ADA); Estwick v. U.S.Air Shuttle, 950 F. Supp. 493, 498 (E.D.N.Y. 1996) (NYSHRL); Todd v. A Team Sec., Inc., No. 20CIV1568LDHVMS, 2021 WL 11636881, at *3 (E.D.N.Y. Sept. 9, 2021) (NYCHRL).  However, "courts have found punitive damages claims to be penal in nature even when they were brought pursuant to a generally remedial statute such that they are extinguished by a party's death and subject to dismissal."  Todd, 2021 WL 11636881, at *3.  Zivan Zabar does not contend that the Amended Complaint's claims for punitive damages (see Am. Cmplt. (Dkt. No. 37) at 13) survive Plaintiff's death.  Accordingly, this Court finds that Plaintiff's claims pursuant to the ADA, NYSHRL, and NYCHRL for compensatory damages survive her death, and that her claims for punitive damages do not.

As to the third requirement, "[a] 'proper party' for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate."  Roe v. City of New York, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (citations and quotation marks omitted).  Zivan Zabar has submitted a letter dated April 5, 2024 from Surrogate's Court of the State of New York, Queens County appointing him as the Administrator of Maya Zabar's Estate.  (Apr. 5, 2024 Cert. of Appointment, Glass Decl. Ex. 1 (Dkt. No. 119-1) at 1)  Zivan Zabar is therefore a proper party for substitution pursuant to Rule 25(a).

      Because Zivan Zabar has satisfied the requirements of Rule 25(a), his motion for substitution is granted. The Clerk of Court is directed to substitute Zivan Zabar, in his capacity as the Administrator of the Estate of Maya Zabar, for Maya Zabar as Plaintiff in this action.

      The Clerk of Court is further directed to terminate the motion at Dkt. No. 118 and reinstate Defendants' summary judgment motion at Dkt. No. 102.

Dated: New York, New York
July 22, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge